IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA ISNER, Executrix of the ESTATE OF JEFFREY ISNER, M.D., <br><br> Plaintiff, <br><br> v. <br><br> MERCK & CO., INC. and KIMBERLY HENDRICKS, <br><br> Defendants. | CIVIL ACTION No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, defendant Merck & Co., Inc. ("Merck") files this Notice of Removal and states:

1. This action involves allegations regarding the prescription drug VIOXX®. On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring 148 VIOXX® products liability cases to the United States District Court of the Eastern District of Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. Merck intends to seek the transfer of this action to that Multidistrict Litigation, *In re VIOXX Products Liability Litigation*, MDL No. 1657, and will shortly provide the MDL Panel with notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2. Merck is a defendant in an action commenced against it by the plaintiff, Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D., pending in Middlesex County Superior Court in the Commonwealth of Massachusetts, captioned <u>Linda Isner v. Merck & Co, Inc.</u>, et. al Civil Action No. 04-4304 (the "Superior Court action"). True copies of all process, pleadings and orders served on Merck in the Superior Court action are attached hereto as Exhibit A and

specifically incorporated herein. The complaint names a second defendant, Kimberly Hendricks, who formerly was employed by Merck as a professional representative in Massachusetts.

3. In her Complaint, Plaintiff Linda Isner alleges that she is a resident of Massachusetts. Defendant Merck is a corporation organized under the laws of the State of New Jersey with a principal place of business at One Merck Drive, Whitehouse Station, New Jersey. There is, therefore, complete diversity of citizenship between Plaintiff and Merck.

4. Kimberly Hendricks's citizenship must be ignored for the purposes of this removal because Ms. Hendricks was fraudulently joined as a defendant. See, e.g., Carey v. Bd. of Governors of Kenwood Country Club, 337 F. Supp. 2d 339, 341-43 (D. Mass. 2004); Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4-5 (D. Mass. 2001). Joinder of a non-diverse defendant is "fraudulent" when the claims against the defendant do not have a "reasonable basis in law and fact." Mills, 178 F. Supp. 2d at 4. "A mere theoretical possibility of recovery under state law does not suffice to preclude removal." Id. at 5.

5. Joinder is fraudulent in this instance because the complaint makes only vague and conclusory allegations against her. The Plaintiff does nothing "to tie [Ms. Hendricks] to the underlying allegations of the complaint." Tillman v. RJR Nabisco, Inc., 253 F.3d 1302, 1305 (11th Cir. 2001); see also Banger ex rel. Freeman v. Magnolia Nursing Home, L.P., 234 F. Supp. 2d 633, 637-38 (S.D. Miss. 2002) (finding the plaintiff's conclusory and generic allegations of wrongdoing against nondiverse defendants insufficient grounds for remand to state court). The only specific factual allegation that the Plaintiff makes as to Ms. Hendricks is that she "is an individual residing in Massachusetts and was, at all times relevant to this case, an employee, agent, servant, and/or marketing representative for the Defendant, Merck." Complaint ¶ 3.

6. In the Tillman case, another products liability action, the plaintiff brought suit against five individual employees of the principal defendant manufacturer who had a role in product promotion and sales. The district court found these defendants fraudulently joined, because the complaint lacked any factual basis to support claims against them:

> There is no claim that the plaintiff ever dealt with any of them, or that they made any representations on which plaintiff relied to start or continue smoking. None of the individual defendants had any involvement in the design, manufacture, or labeling of Reynolds' cigarettes.

Tillman, 253 F.3d at 1305. The Court of Appeals affirmed the trial court's determination. Id. The Plaintiff here means to break diversity by the same stratagem: naming a nondiverse sales representative as a defendant. Here, too, the complaint is deficient, because it does not connect any conduct of Ms. Hendricks, to the decedent's consumption of VIOXX®, or to the preparation of the warnings or any other product information regarding the drug.

7. Finally, joinder is fraudulent in this case because Ms. Hendricks owed no individualized legal duty to the Plaintiff.

8. Other VIOXX® plaintiffs have tried to defeat federal jurisdiction by naming a nondiverse Merck employee. Federal district courts have nonetheless accepted jurisdiction over these cases, on the ground that the individual employees were fraudulently joined. See, e.g., Mallet v. Merck, No. 02-2304 (W.D. La., Aug. 29, 2003). Complete diversity is preserved in this action, notwithstanding the presence of Ms. Hendricks's name in the caption.

9. The Plaintiff claims compensatory damages for herself, and on behalf of her three minor children, for her husband's allegedly wrongful death. The Plaintiff also seeks punitive

damages. Accordingly, Merck asserts that the amount in controversy in the state action will exceed the sum or value of $75,000, exclusive of interest and costs.

10.    Merck was served with a summons and a copy of plaintiff's Complaint and Demand for Jury Trial on January 31, 2005. Upon information and belief, Kimberly Hendricks has not yet been served with the Complaint and Demand for Jury Trial. Consequently, this notice is timely under 28 U.S.C. § 1446(b).

11.    This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and that may be removed to this Court by Merck.

MERCK & CO., INC.
By its attorneys:

_____
James J. Dillon (BBO# 124660)
Bradley E. Abruzzi (BBO# 651516)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110-2600
(617) 832-1000

Dated: February 18, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing NOTICE OF REMOVAL was served on February 18, 2005 by hand, upon:

Joseph L. Doherty, Jr.
Joseph L. Doherty, Jr. & Associates
225 Franklin Street
Boston, MA 02110
**Counsel for Plaintiff Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D.**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 04-4304

LINDA ISNER, Executrix of )
ESTATE OF JEFFREY ISNER, M.D. )
Plaintiff )
)
v. )
)
MERCK & CO., INC. and KIMBERLY )
HENDRICKS, )
Defendants )
)



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE...
OCT 29 2004
CLERK

## COMPLAINT AND JURY CLAIM

### THE PARTIES

1. The Plaintiff, Linda Isner, is the duly appointed Executrix of the Estate of Jeffrey Isner, and resides in Weston, Middlesex County, Massachusetts.

2. The Defendant, Merck & Co. Inc. ("Merck"), is a New Jersey corporation having a principal place of business in the state of New Jersey, and regularly conducts business in the Commonwealth of Massachusetts.

3. The Defendant, Kimberly Hendricks, is an individual residing in Massachusetts and was, at all times relevant to this case, an employee, agent, servant, and/or marketing representative for the Defendant, Merck.

### FACTS

4. The Plaintiffs' causes of action against the Defendant Merck, arise from Merck's: (a) transacting business in the Commonwealth of Massachusetts; (b) contracting to supply and/or sell goods in the Commonwealth of Massachusetts; (c) doing or causing a tortious act to be done

within the Commonwealth of Massachusetts; and/or (d) causing the consequence of a tortious act to occur within the Commonwealth of Massachusetts.

5. The Defendant, Merck, carelessly and negligently developed, tested, produced, manufactured, marketed, distributed, advertised, and sold the drug Vioxx, the trade name of the generic drug Rofecoxib, an anti-inflammatory pain medication (hereinafter "Vioxx"), prior to October 31, 2001.

6. The Defendant, Kimberly Hendricks, (hereinafter "Hendricks") carelessly and negligently marketed, promoted and distributed Vioxx, prior to October 31, 2001.

7. Vioxx is, and has been, since its introduction to the market in 1997, unsafe, unreasonably dangerous and defective.

8. The Defendant, Merck, prior to October 31, 2001, intentionally and/or negligently misrepresented to physicians, and to the general public, that Vioxx was safe and did not pose any cardiovascular risks, when it knew, or should have known, that Vioxx was unreasonably dangerous and defective and did pose cardiovascular risks.

9. The Defendant Hendricks, as an employee, agent, servant, and/or marketing representative of Merck, prior to October 31, 2001, intentionally and/or negligently misrepresented to physicians and other members of the public, that Vioxx was safe, and did not pose any cardiovascular risks, when she knew, or should have known, that Vioxx was unreasonably dangerous and/or defective, and did pose cardiovascular risks.

10. Prior to September 17, 2001, the Defendants marketed, promoted, advertised and/or distributed Vioxx in violation of FDA requirements, standards, regulations, restrictions, and/or recommendations.

11. On or about September 17, 2001, the Defendant, Merck, received a warning letter from the FDA informing Merck of its violations of FDA regulations, standards, requirements, restrictions, and/or recommendations concerning Merck's marketing, promoting, advertising, and distribution of Vioxx.

2

12. The Defendant, Merck, ignored and/or failed to comply with the requirements of the FDA warning letter of September 17, 2001, and did not begin to provide any warnings or advice concerning the cardiovascular risks of Vioxx until 2002.

13. Prior to October 31, 2001, and by at least August, 2001 the Defendants were aware that Vioxx was linked to an increase in the risk of blood clots, heart attacks and strokes. Despite this knowledge by the Defendants, continued to manufacture, promote, market, advertise, distribute and sell Vioxx without providing adequate warnings as to the risks associated with using the drug.

14. Plaintiff's decedent, Jeffrey Isner, on a regular/daily basis, took Vioxx that was provided to him by Merck, through its representative Kimberly Hendricks, for approximately two years prior to his death on October 31, 2001.

15. During this time period, the defendants knew, or should have known, of the unreasonably dangerous and defective nature of Vioxx but continued to manufacture, market, advertise, distribute, promote and sell Vioxx a failed to provide appropriate warnings as to the risks of Vioxx.

16. On September 30, 2004 Merck withdrew Vioxx from the market thereby acknowledging the unreasonably dangerous and a defective nature of Vioxx.

17. During the year 2003, Vioxx sales resulted in more than $2.5 billion dollars in gross revenues to Merck.

18. At all times pertinent hereto, Vioxx was produced, manufactured, fabricated, supplied and/or sold by the Defendants and reached the Plaintiff's decedent without any substantial change in the condition of the product from the time that it was produced.

## CLAIMS FOR RELIEF

### COUNT I
### NEGLIGENCE/WRONGFUL DEATH AGAINST MERCK

19. Plaintiff realleges the allegations of Paragraphs 1 through 18 of the Complaint, and incorporates then by reference herein.

3

20. Merck had a legal duty to exercise reasonable care in the manufacture, fabricating, testing, inspection, production, marketing, packaging, promotion, distribution, advertising, and sale of Vioxx.

21. The Defendant, Merck, failed to exercise reasonable care in the manufacture, fabricating, testing, inspection, production, marketing, packaging, promotion, distribution, advertising and sale of Vioxx and was thereby negligent.

22. Jeffrey Isner died on October 31, 2001, as a result of taking the drug Vioxx and as a direct and proximate result of the negligence and lack of reasonable care by the Defendant, Merck.

23. As a direct and proximate result of the negligence and lack of reasonable care of the Defendant, Merck, causing the death of Jeffrey Isner, on October 31, 2001, the Plaintiff, Linda Isner, and her three minor children, suffered the loss of Jeffrey Isner's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice and reasonably expected net income.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Merck, for the full and fair value of compensatory damages suffered by Linda Isner, and her three minor children, plus interest and costs of this action.

## COUNT II
## NEGLIGENCE/WRONGFUL DEATH AGAINST KIMBERLY HENDRICKS

24. Plaintiff realleges the allegations of Paragraphs 1 through 23 of the Complaint, and incorporates then by reference herein.

25. Kimberly Hendricks had a legal duty to exercise reasonable care in the marketing, promotion and distribution of Vioxx.

26. The Defendant, Kimberly Hendricks, failed to exercise reasonable care in the marketing, promotion and distribution of Vioxx, and was thereby negligent.

27. Jeffrey Isner died on October 31, 2001, as a result of taking the drug Vioxx and as a direct and proximate result of the negligence and lack of reasonable care by the Defendant, Hendrick.

28. As a direct and proximate result of the negligence and lack of reasonable care of the Defendant, Kimberly Hendricks, causing the death of Jeffrey Isner, on October 31, 2001, the Plaintiff, Linda Isner, and her three minor children, suffered the loss of Jeffrey Isner's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice and reasonably expected net income.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendant, Kimberly Hendricks, for the full and fair value of compensatory damages suffered by Linda Isner, and her three minor children, plus interest and costs of this action.

## COUNT III
## BREACH OF WARRANTY-STRICT LIABILITY/WRONGFUL DEATH AGAINST THE DEFENDANTS, MERCK AND KIMBERLY HENDRICKS

29. Plaintiff realleges the allegations of Paragraphs 1 through 28 of the Complaint, and incorporates then by reference herein.

30. The Defendants expressly and impliedly warranted that the drug Vioxx was safe and appropriate for use by Jeffrey Isner.

31. The Defendants breached their express and implied warranties of merchantability and of fitness for a particular use by virtue of the fact that Vioxx was unsafe, unreasonably dangerous and defective, and because it was provided to Jeffrey Isner without appropriate warnings as to the risks of using the drug.

32. Jeffrey Isner died on October 31, 2001, as a result of taking the drug Vioxx and as a direct and proximate result of the breaches of warranties by the Defendants.

5

33. As a direct and proximate result of the breaches of warranties by the Defendants, causing the death of Jeffrey Isner, on October 31, 2001, the Plaintiff, Linda Isner, and her three minor children, suffered the loss of Jeffrey Isner's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice and reasonably expected net income.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendants, Merck and Kimberly Hendricks, for the full and fair value of compensatory damages suffered by Linda Isner, and her three minor children, plus interest and costs of this action.

## COUNT III
## WILLFUL, WANTON, RECKLESS CONDUCT AND GROSS NEGLIGENCE AGAINST THE DEFENDANTS MERCK AND KIMBERLY HENDRICKS

34. Plaintiff realleges the allegations of Paragraphs 1 through 33 of the Complaint, and incorporates then by reference herein.

35. The above described conduct of the defendants constitutes willful, wanton, reckless conduct and gross negligence

**WHEREFORE**, the Plaintiff demands Judgment against the Defendants, Merck and Kimberly Hendricks, for the full and fair value of appropriate punitive damages, to be determined by the jury, plus interest and costs of this action.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES AND CAUSES OF ACTION PRESENTED IN THIS COMPLAINT

Joseph L. Doherty, Jr., BBO# 127280
Eileen Quill Riley, BBO# 567745
Joseph Doherty, Jr. & Associates
225 Franklin Street
Boston, MA 02110
(617) 217-2837

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

........MIDDLESEX........, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-4304

Linda Isner, Executrix
........................, Plaintiff(s)

v.

Merck & Co., Inc., et al
........................, Defendant(s)

## SUMMONS

To the above-named Defendant: Merck & Co., Inc.

You are hereby summoned and required to serve upon ..Joseph..L...Doherty,..Jr..............
............................ plaintiff's attorney, whose address is 225 Franklin St.
Boston, MA   02110......................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ....40..Thorndike..St.
Cambridge,..MA..02142........................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at .Cambridge,..MA.........................
the ....twenty-sixth.................... day of ..January.........................
..................., in the year of our Lord two..hundred..and..five

*Edward J Sullivan*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................................
19.........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................

Dated: ..................................................................................................

**N.B. TO PROCESS SERVER:**
  **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ........................................, .......... )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX........ ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-4304

......Linda..Isner,..Executrix..., Plff.

v.

......Merck..&..Co.,..Inc.,..et..al.,Deft.

SUMMONS
(Mass. R. Civ. P. 4)

≋JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LINDA ISNER, Executrix of the ESTATE OF JEFFREY ISNER, M.D.

**(b)** County of Residence of First Listed Plaintiff  **Middlesex, NJ**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joseph L. Doherty, Jr., Esq., JOSEPH L. DOHERTY & ASSOCIATES, 225 Franklin Street, Boston, Massachusetts 02110. (617)217-2837

## DEFENDANTS
MERCK & CO., INC., and KIMBERLY HENDRICKS

County of Residence of First Listed Defendant  **Hunterdon, NJ**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
James A. Dillon, Esq., FOLEY HOAG LLP, 155 Seaport Boulevard, Boston, Massachusetts 02210. (617)832-1000

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Action for compensatory damages for ingestion of VIOXX

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  in excess of 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  2/18/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #____  AMOUNT____  APPLYING IFP____  JUDGE____  MAG. JUDGE____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Linda Isner, Executrix of Estate of Jeffrey Isner, M.D. v. Merck & Co., Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   05-10328 DPW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME James A. Dillon, Esq., FOLEY HOAG LLP
ADDRESS 155 Seaport Boulevard, Boston, Massachusetts 02210
TELEPHONE NO. (617)832-1000

(Coversheetlocal.wpd - 10/17/02)