IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LINDA ISNER, Executrix of ESTATE OF
JEFFREY ISNER, M.D.,

    Plaintiff,

v.

MERCK & CO., INC. and KIMBERLY
HENDRICKS,

    Defendants.

CIVIL ACTION No. 05-10328-DPW

## ANSWER TO COMPLAINT AND JURY CLAIM

Defendant Merck & Co., Inc. ("Merck") states the following, in answer to the numbered allegations set forth in the Complaint of Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D.:

1.    Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint.

2.    Defendant Merck denies each and every allegation in Paragraph 2 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in the State of New Jersey.

3.    Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint, except admits that Kimberly Hendricks formerly was employed as a professional representative by Merck, but denies that she ever promoted the prescription medicine VIOXX®.

### FACTS

4.    Defendant Merck denies each and every allegation contained in Paragraph 4 of the Complaint.

5.  Defendant Merck denies each and every allegation contained in Paragraph 5 of the Complaint and avers that Merck sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary withdrawal of VIOXX® on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information, and respectfully refers to the relevant prescribing information for its actual language and full text.

6.  The allegations contained in Paragraph 6 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained therein, except admits that Kimberly Hendricks formerly was employed as a professional representative by Merck, but denies that she ever promoted the prescription medicine VIOXX®.

7.  Defendant Merck denies each and every allegation contained in Paragraph 7 of the Complaint.

8.  Defendant Merck denies each and every allegation directed toward Merck in Paragraph 8 of the Complaint except admits that, until Merck announced the voluntary withdrawal of VIOXX® on September 30, 2004, it marketed the prescription medicine VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information, and respectfully refers to the relevant prescribing information for its actual language and full text.

9.  The allegations contained in Paragraph 9 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained therein, except admits that Kimberly

Hendricks formerly was employed as a professional representative by Merck, but denies that she ever promoted the prescription medicine VIOXX®.

10. Defendant Merck denies each and every allegation directed toward Merck in Paragraph 10 of the Complaint and avers that Merck sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary withdrawal of VIOXX® on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information, and respectfully refers to the relevant prescribing information for its actual language and full text.

11. Defendant Merck denies each and every allegation in Paragraph 11 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers to that letter for its actual language and full text.

12. Defendant Merck denies each and every allegation in Paragraph 12 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers to that letter for its actual language and full text, and further admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers to the prescribing information for VIOXX® for its actual language and full text.

13. Defendant Merck denies each and every allegation directed toward Merck in Paragraph 13 of the Complaint except admits that, until Merck announced the voluntary withdrawal of VIOXX® on September 30, 2004, it marketed the prescription medicine VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information, and respectfully refers to the relevant prescribing information for its actual language and full text.

14.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in Paragraph 14 of the Complaint and denies each and every allegation directed toward Merck in Paragraph 14 of the Complaint, except admits that Kimberly Hendricks formerly was employed by Merck as a professional representative, but denies that she ever promoted the prescription medicine VIOXX®.

15.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in Paragraph 15 of the Complaint and denies each and every allegation directed toward Merck contained in Paragraph 15 of the Complaint. Merck further avers that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers to the relevant prescribing information for its actual language and full text.

16.     Defendant Merck denies each and every allegation contained in Paragraph 16 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers to the referenced announcement for its actual language and full text. Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

17.     Defendant Merck denies each and every allegation in Paragraph 17 of the Complaint except admits that sales figures for VIOXX® exceeded $2 billion in 2003.

18.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

## COUNT I: NEGLIGENCE/ WRONGFUL DEATH AGAINST MERCK

19.     Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 18 of the Complaint.

20.     The allegations of Paragraph 20 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendant Merck denies each and every allegation contained in Paragraph 20 of the Complaint.

21.     Defendant Merck denies each and every allegation contained in Paragraph 21 of the Complaint.

22.     The allegations of Paragraph 22 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendant Merck denies each and every allegation contained in Paragraph 22 of the Complaint.

23.     The allegations of Paragraph 23 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendant Merck denies each and every allegation contained in Paragraph 23 of the Complaint.

## COUNT II: NEGLIGENCE/ WRONGFUL DEATH AGAINST KIMBERLY HENDRICKS

24-28.  Count II and each of Paragraphs 25 through 28 make no allegations against Merck, and Merck therefore need make no response. To the extent that Defendant Merck may be deemed to be required to respond to these allegations, Merck denies each and every allegation

in Paragraphs 25 through 28, except admits that Kimberly Hendricks formerly was employed as a professional representative by Merck, but denies that she ever promoted the prescription medicine VIOXX®.

## COUNT III: BREACH OF WARRANTY-STRICT LIABILITY/WRONGFUL DEATH AGAINST THE DEFENDANTS, MERCK AND KIMBERLY HENDRICKS

29. Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 28 of the Complaint.

30. The allegations of Paragraph 30 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendant Merck denies each and every allegation directed toward Merck in Paragraph 30 of the Complaint.

31. Defendant Merck denies each and every allegation directed toward Merck in Paragraph 31 of the Complaint.

32. The allegations of Paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendant Merck denies each and every allegation directed toward Merck in Paragraph 32 of the Complaint.

33. The allegations of Paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendant Merck denies each and every allegation directed toward Merck in Paragraph 33 of the Complaint.

## COUNT III: WILLFUL, WANTON, RECKLESS CONDUCT AND GROSS NEGLIGENCE AGAINST THE DEFENDANTS MERCK AND KIMBERLY HENDRICKS

34.  Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 33 of the Complaint.

35.  The allegations of Paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendant Merck denies each and every allegation directed toward Merck in Paragraph 35 of the Complaint.

## JURY DEMAND

Merck hereby requests a trial by jury.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND DEFENSE

Any product for which Defendant Merck was responsible at the time of the occurrence or injuries alleged by the Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use. The warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by the Plaintiff were legally adequate warnings and instructions.

### THIRD DEFENSE

The occurrence and injuries alleged by the Plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of the Decedent and/or third parties over whom Merck had no control and for whom Merck is not responsible.

## FOURTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons having no real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## FIFTH DEFENSE

The occurrence and injuries alleged by the Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by the Plaintiff. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by the Plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to the Plaintiff or any other parties.

## SIXTH DEFENSE

If the Decedent sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God.

## SEVENTH DEFENSE

If the Decedent sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

## EIGHTH DEFENSE

The injuries and damages alleged in the Plaintiff's Complaint were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

## NINTH DEFENSE

Any and all damages alleged by the Plaintiff were caused by misuse of the product or products at issue in this case, failure to use the product or products properly, and/or alteration or negligent use of the product or products.

## TENTH DEFENSE

The Plaintiff cannot recover under the Complaint because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## ELEVENTH DEFENSE

The Plaintiff' claims are barred by the Decedent's contributory negligence and the contributory negligence of others.

## TWELFTH DEFENSE

The Plaintiff's claims are barred by the Decedent's express and/or implied assumption of the risks, if any, inherent in the alleged use of the product or products at issue.

## THIRTEENTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine of laches.

## FOURTEENTH DEFENSE

The benefits of the product or products at issue outweigh the risks, if any, which may be attendant to their use.

## FIFTEENTH DEFENSE

The damages and injuries alleged, if any, were caused or enhanced by a preexisting medical condition of the Decedent that was not related to any product manufactured by Merck.

## SIXTEENTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine set forth in Comment k of the Restatement (Second) of Torts § 402A as to the product or products at issue.

## SEVENTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part pursuant to comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## EIGHTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part pursuant to comment j to Section 402A of the Restatement (Second) of Torts.

## NINETEENTH DEFENSE

The Plaintiff's claims are barred under Section 4 et seq. of the Restatement (Third), of Torts: Product Liability.

## TWENTIETH DEFENSE

Any warnings that Merck gave were transmitted to the prescribing physicians and/or health care providers, and under Massachusetts law Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

## TWENTY-FIRST DEFENSE

Merck has complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services, and the product or products at issue

were approved pursuant to the applicable statutes and regulations. Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber. The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration. Therefore, the Plaintiff's claims are preempted.

### TWENTY-SECOND DEFENSE

The Plaintiff's claims are barred by the applicable statute(s) of limitations.

### TWENTY-THIRD DEFENSE

If the Decedent sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the negligence or fault of the Decedent and/or third parties, not from any negligence or breach of duty by Merck. Judgment may not enter for the Plaintiff if it is found that the Decedent was more negligent than Merck. If judgment is rendered in the Plaintiff's favor, the amount of such judgment must be reduced under the doctrine of comparative negligence.

### TWENTY-FOURTH DEFENSE

Merck is unaware at this time of any settlement by any alleged joint tortfeasor. However, in the event any settlement is or has been made by any alleged joint tortfeasor, Merck is entitled to a credit/offset for such settlement.

### TWENTY-FIFTH DEFENSE

The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

### TWENTY-SIXTH DEFENSE

At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the product.

### TWENTY-SEVENTH DEFENSE

Merck made no express or implied representations or warranties of any kind to the Decedent, nor did the Decedent rely on any representations or warranties made by Merck. To the extent the Decedent relied on any representations or warranties, such reliance was unjustified.

### TWENTY-EIGHTH DEFENSE

Merck did not breach any duty of care to the Decedent.

### TWENTY-NINTH DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

### THIRTIETH DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

### THIRTY-FIRST DEFENSE

The Plaintiff has failed to join all necessary and indispensable parties.

### THIRTY-SECOND DEFENSE

The Plaintiff's claims are barred because the Plaintiff has failed and refused to mitigate her alleged damages.

### THIRTY-THIRD DEFENSE

Merck did not violate any state or federal statute, regulation or ordinance to cause the Decedent's alleged injuries.

## THIRTY-FOURTH DEFENSE

The Plaintiff's claims are barred in whole or in part due to a lack of notice.

## THIRTY-FIFTH DEFENSE

To the extent that the Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## THIRTY-SIXTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff lacks capacity and/or standing to bring such claims.

## THIRTY-SEVENTH DEFENSE

To the extent the Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## THIRTY-EIGHTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages. To recover exemplary or punitive damages, the Plaintiff must establish an actual or constructive intent to harm based upon conscious indifference to the creation of a high probability of harm. Any intent to injure, actual or constructive, is completely absent in the instant suit. The Plaintiff's accusations are belied by the substantial care and efforts in the design, study, and investigation of the product.

## THIRTY-NINTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under applicable law do

not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

### FORTIETH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution as set forth in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003).

### FORTY-FIRST DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FORTY-SECOND DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FORTY-THIRD DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Massachusetts

Constitution.

### FORTY-FOURTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Massachusetts Constitution, because there are not realistic standards or limits imposed on the amount of punitive damages that may be awarded, and there is no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

### FORTY-FIFTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Massachusetts Constitution, because the vague standards employed in punitive damage cases result in extremely disparate results among similar defendants accused of similar conduct.

### FORTY-SIXTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Massachusetts Constitution, because the purpose of punitive damages is punishment and deterrence, and there are not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to

be free from unreasonable searches and seizures in this case.

### FORTY-SEVENTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FORTY-EIGHTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FORTY-NINTH DEFENSE

Merck avers that any award of punitive damages to the plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States, in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

### FIFTIETH DEFENSE

The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence. Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Massachusetts Constitution.

### FIFTY-FIRST DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's

wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FIFTY-SECOND DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages under the Massachusetts wrongful death statute, Mass. Gen. Laws c. 229 § 2, because Merck did not act maliciously, willfully, wantonly, or recklessly, or with gross negligence.

### FIFTY-THIRD DEFENSE

The Plaintiff's state-law claims are barred, in whole or in part, because VIOXX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### FIFTY-FOURTH DEFENSE

The Complaint and the causes of action contained therein are barred in whole or in part by the United States and Massachusetts Constitutions, which prohibit the extraterritorial application of Massachusetts law.

### FIFTY-FIFTH DEFENSE

The Complaint and the causes of action contained therein are barred in whole or in part by the U.S. Constitution, article I, section VIII, clause 3 to the extent they seek to regulate Merck's practices outside of Massachusetts. That constitutional provision prohibits a State from regulating conduct that occurs wholly outside of its borders.

### FIFTY-SIXTH DEFENSE

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case and hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, Defendant Merck & Co. respectfully requests that the Plaintiff take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

MERCK & CO., INC.
By its attorneys:

_____
James J. Dillon (BBO# 124660)
Bradley E. Abruzzi (BBO# 651516)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: February 25, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Answer was served on was served on February 25, 2005 by U.S. mail, upon:

Joseph L. Doherty, Jr.
Joseph L. Doherty, Jr. & Associates
225 Franklin Street
Boston, MA 02110
**Counsel for Plaintiff Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D.**