IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LINDA ISNER, Executrix of ESTATE OF
JEFFREY ISNER, M.D.,

                        Plaintiff,

            v.                                    Civ. No. 05-10328-DPW

MERCK & CO., INC. and KIMBERLY
HENDRICKS,

                        Defendants.

## NOTICE OF FILING CERTIFIED COPIES OF STATE COURT PAPERS

Pursuant to 28 U.S.C. § 1446, defendant hereby files certified copies of all records and

proceedings in the superior court action (Middlesex County Superior Court Civil Action No. 04-

4304).

                              MERCK & CO., INC.
                              By its attorneys:

                              James J. Dillon (BBO# 124660)
                              Bradley E. Abruzzi (BBO# 651516)
                              FOLEY HOAG LLP
                              155 Seaport Boulevard
                              Boston, MA  02110-2600
                              (617) 832-1000

Dated: March 3, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing NOTICE OF FILING CERTIFIED COPIES OF STATE COURT PAPERS was served on March 3, 2005 by hand, upon:

Joseph L. Doherty, Jr.
Joseph L. Doherty, Jr. & Associates
225 Franklin Street
Boston, MA 02110
**Counsel for Plaintiff Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 - 10328 DPW

LINDA ISNER, Executrix of ESTATE OF
JEFFREY ISNER, M.D.,

        Plaintiff,

        v.

MERCK & CO., INC. and KIMBERLY
HENDRICKS,

        Defendants.

CIVIL ACTION No. _____

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446, defendant Merck & Co, Inc. ("Merck") files this Notice of

Removal and states:

    1.     This action involves allegations regarding the prescription drug VIOXX®.  On

February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring 148

VIOXX® products liability cases to the United States District Court of the Eastern District of

Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407.  Merck

intends to seek the transfer of this action to that Multidistrict Litigation, *In re VIOXX Products

Liability Litigation*, MDL No. 1657, and will shortly provide the MDL Panel with notice of this

action pursuant to the "tag-along" procedure contained in the MDL Rules.

    2.     Merck is a defendant in an action commenced against it by the plaintiff, Linda

Isner, Executrix of the Estate of Jeffrey Isner, M.D., pending in Middlesex County Superior

Court in the Commonwealth of Massachusetts, captioned <u>Linda Isner v. Merck & Co, Inc.</u>, et. al

Civil Action No. 04-4304 (the "Superior Court action").  True copies of all process, pleadings

and orders served on Merck in the Superior Court action are attached hereto as Exhibit A and

specifically incorporated herein. The complaint names a second defendant, Kimberly Hendricks, who formerly was employed by Merck as a professional representative in Massachusetts.

3.     In her Complaint, Plaintiff Linda Isner alleges that she is a resident of Massachusetts. Defendant Merck is a corporation organized under the laws of the State of New Jersey with a principal place of business at One Merck Drive, Whitehouse Station, New Jersey. There is, therefore, complete diversity of citizenship between Plaintiff and Merck.

4.     Kimberly Hendricks's citizenship must be ignored for the purposes of this removal because Ms. Hendricks was fraudulently joined as a defendant. See, e.g., Carey v. Bd. of Governors of Kenwood Country Club, 337 F. Supp. 2d 339, 341-43 (D. Mass. 2004); Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4-5 (D. Mass. 2001). Joinder of a non-diverse defendant is "fraudulent" when the claims against the defendant do not have a "reasonable basis in law and fact." Mills, 178 F. Supp. 2d at 4. "A mere theoretical possibility of recovery under state law does not suffice to preclude removal." Id. at 5.

5.     Joinder is fraudulent in this instance because the complaint makes only vague and conclusory allegations against her. The Plaintiff does nothing "to tie [Ms. Hendricks] to the underlying allegations of the complaint." Tillman v. RJR Nabisco, Inc., 253 F.3d 1302, 1305 (11th Cir. 2001); see also Banger ex rel. Freeman v. Magnolia Nursing Home, L.P., 234 F. Supp. 2d 633, 637-38 (S.D. Miss. 2002) (finding the plaintiff's conclusory and generic allegations of wrongdoing against nondiverse defendants insufficient grounds for remand to state court). The only specific factual allegation that the Plaintiff makes as to Ms. Hendricks is that she "is an individual residing in Massachusetts and was, at all times relevant to this case, an employee, agent, servant, and/or marketing representative for the Defendant, Merck." Complaint ¶ 3.

6.    In the Tillman case, another products liability action, the plaintiff brought suit against five individual employees of the principal defendant manufacturer who had a role in product promotion and sales. The district court found these defendants fraudulently joined, because the complaint lacked any factual basis to support claims against them:

> There is no claim that the plaintiff ever dealt with any of them, or that they made any representations on which plaintiff relied to start or continue smoking. None of the individual defendants had any involvement in the design, manufacture, or labeling of Reynolds' cigarettes.

Tillman, 253 F.3d at 1305. The Court of Appeals affirmed the trial court's determination. Id. The Plaintiff here means to break diversity by the same stratagem: naming a nondiverse sales representative as a defendant. Here, too, the complaint is deficient, because it does not connect any conduct of Ms. Hendricks, to the decedent's consumption of VIOXX®, or to the preparation of the warnings or any other product information regarding the drug.

7.    Finally, joinder is fraudulent in this case because Ms. Hendricks owed no individualized legal duty to the Plaintiff.

8.    Other VIOXX® plaintiffs have tried to defeat federal jurisdiction by naming a nondiverse Merck employee. Federal district courts have nonetheless accepted jurisdiction over these cases, on the ground that the individual employees were fraudulently joined. See, e.g., Mallet v. Merck, No. 02-2304 (W.D. La., Aug. 29, 2003). Complete diversity is preserved in this action, notwithstanding the presence of Ms. Hendricks's name in the caption.

9.    The Plaintiff claims compensatory damages for herself, and on behalf of her three minor children, for her husband's allegedly wrongful death. The Plaintiff also seeks punitive

damages. Accordingly, Merck asserts that the amount in controversy in the state action will exceed the sum or value of $75,000, exclusive of interest and costs.

10.    Merck was served with a summons and a copy of plaintiff's Complaint and Demand for Jury Trial on January 31, 2005. Upon information and belief, Kimberly Hendricks has not yet been served with the Complaint and Demand for Jury Trial. Consequently, this notice is timely under 28 U.S.C. § 1446(b).

11.    This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and that may be removed to this Court by Merck.

MERCK & CO., INC.
By its attorneys:

James J. Dillon (BBO# 124660)
Bradley E. Abruzzi (BBO# 651516)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: February 18, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing NOTICE OF REMOVAL was served on February 18, 2005 by hand, upon:

Joseph L. Doherty, Jr.
Joseph L. Doherty, Jr. & Associates
225 Franklin Street
Boston, MA  02110
**Counsel for Plaintiff Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D.**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO.  04-4304



LINDA ISNER, Executrix of
**ESTATE OF JEFFREY ISNER, M.D.**
Plaintiff

v.

**MERCK & CO., INC. and KIMBERLY
HENDRICKS,**
Defendants

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE . . . . .
OCT 29 2004
CLERK

## COMPLAINT AND JURY CLAIM

### THE PARTIES

1.    The Plaintiff, Linda Isner, is the duly appointed Executrix of the Estate of Jeffrey Isner, and resides in Weston, Middlesex County, Massachusetts.

2.    The Defendant, Merck & Co. Inc. ("Merck"), is a New Jersey corporation having a principal place of business in the state of New Jersey, and regularly conducts business in the Commonwealth of Massachusetts.

3.    The Defendant, Kimberly Hendricks, is an individual residing in Massachusetts and was, at all times relevant to this case, an employee, agent, servant, and/or marketing representative for the Defendant, Merck.

### FACTS

4.    The Plaintiffs' causes of action against the Defendant Merck, arise from Merck's:
(a) transacting business in the Commonwealth of Massachusetts; (b) contracting to supply and/or sell goods in the Commonwealth of Massachusetts; (c) doing or causing a tortious act to be done

within the Commonwealth of Massachusetts; and/or (d) causing the consequence of a tortious act to occur within the Commonwealth of Massachusetts.

5.    The Defendant, Merck, carelessly and negligently developed, tested, produced, manufactured, marketed, distributed, advertised, and sold the drug Vioxx, the trade name of the generic drug Rofecoxib, an anti-inflammatory pain medication (hereinafter "Vioxx"), prior to October 31, 2001.

6.    The Defendant, Kimberly Hendricks, (hereinafter "Hendricks") carelessly and negligently marketed, promoted and distributed Vioxx, prior to October 31, 2001.

7.    Vioxx is, and has been, since its introduction to the market in 1997, unsafe, unreasonably dangerous and defective.

8.    The Defendant, Merck, prior to October 31, 2001, intentionally and/or negligently misrepresented to physicians, and to the general public, that Vioxx was safe and did not pose any cardiovascular risks, when it knew, or should have known, that Vioxx was unreasonably dangerous and defective and did pose cardiovascular risks.

9.    The Defendant Hendricks, as an employee, agent, servant, and/or marketing representative of Merck, prior to October 31, 2001, intentionally and/or negligently misrepresented to physicians and other members of the public, that Vioxx was safe, and did not pose any cardiovascular risks, when she knew, or should have known, that Vioxx was unreasonably dangerous and/or defective, and did pose cardiovascular risks.

10.    Prior to September 17, 2001, the Defendants marketed, promoted, advertised and/or distributed Vioxx in violation of FDA requirements, standards, regulations, restrictions, and/or recommendations.

11.    On or about September 17, 2001, the Defendant, Merck, received a warning letter from the FDA informing Merck of its violations of FDA regulations, standards, requirements, restrictions, and/or recommendations concerning Merck's marketing, promoting, advertising, and distribution of Vioxx.

2

12.    The Defendant, Merck, ignored and/or failed to comply with the requirements of the FDA warning letter of September 17, 2001, and did not begin to provide any warnings or advice concerning the cardiovascular risks of Vioxx until 2002.

13.    Prior to October 31, 2001, and by at least August, 2001 the Defendants were aware that Vioxx was linked to an increase in the risk of blood clots, heart attacks and strokes. Despite this knowledge by the Defendants, continued to manufacture, promote, market, advertise, distribute and sell Vioxx without providing adequate warnings as to the risks associated with using the drug.

14.    Plaintiff's decedent, Jeffrey Isner, on a regular/daily basis, took Vioxx that was provided to him by Merck, through its representative Kimberly Hendricks, for approximately two years prior to his death on October 31, 2001.

15.    During this time period, the defendants knew, or should have known, of the unreasonably dangerous and defective nature of Vioxx but continued to manufacture, market, advertise, distribute, promote and sell Vioxx a failed to provide appropriate warnings as to the risks of Vioxx.

16.    On September 30, 2004 Merck withdrew Vioxx from the market thereby acknowledging the unreasonably dangerous and a defective nature of Vioxx.

17.    During the year 2003, Vioxx sales resulted in more than $2.5 billion dollars in gross revenues to Merck.

18.    At all times pertinent hereto, Vioxx was produced, manufactured, fabricated, supplied and/or sold by the Defendants and reached the Plaintiff's decedent without any substantial change in the condition of the product from the time that it was produced.

### CLAIMS FOR RELIEF

### COUNT I
### NEGLIGENCE/WRONGFUL DEATH AGAINST MERCK

19.    Plaintiff realleges the allegations of Paragraphs 1 through 18 of the Complaint, and incorporates then by reference herein.

3

20.    Merck had a legal duty to exercise reasonable care in the manufacture, fabricating, testing, inspection, production, marketing, packaging, promotion, distribution, advertising, and sale of Vioxx.

21.    The Defendant, Merck, failed to exercise reasonable care in the manufacture, fabricating, testing, inspection, production, marketing, packaging, promotion, distribution, advertising and sale of Vioxx and was thereby negligent.

22.    Jeffrey Isner died on October 31, 2001, as a result of taking the drug Vioxx and as a direct and proximate result of the negligence and lack of reasonable care by the Defendant, Merck.

23.    As a direct and proximate result of the negligence and lack of reasonable care of the Defendant, Merck, causing the death of Jeffrey Isner, on October 31, 2001, the Plaintiff, Linda Isner, and her three minor children, suffered the loss of Jeffrey Isner's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice and reasonably expected net income.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Merck, for the full and fair value of compensatory damages suffered by Linda Isner, and her three minor children, plus interest and costs of this action.

## COUNT II
## NEGLIGENCE/WRONGFUL DEATH AGAINST KIMBERLY HENDRICKS

24.    Plaintiff realleges the allegations of Paragraphs 1 through 23 of the Complaint, and incorporates then by reference herein.

25.    Kimberly Hendricks had a legal duty to exercise reasonable care in the marketing, promotion and distribution of Vioxx.

26.    The Defendant, Kimberly Hendricks, failed to exercise reasonable care in the marketing, promotion and distribution of Vioxx, and was thereby negligent.

4

27.    Jeffrey Isner died on October 31, 2001, as a result of taking the drug Vioxx and as a direct and proximate result of the negligence and lack of reasonable care by the Defendant, Hendrick.

28.    As a direct and proximate result of the negligence and lack of reasonable care of the Defendant, Kimberly Hendricks, causing the death of Jeffrey Isner, on October 31, 2001, the Plaintiff, Linda Isner, and her three minor children, suffered the loss of Jeffrey Isner's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice and reasonably expected net income.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant, Kimberly Hendricks, for the full and fair value of compensatory damages suffered by Linda Isner, and her three minor children, plus interest and costs of this action.

## COUNT III
## BREACH OF WARRANTY-STRICT LIABILITY/WRONGFUL DEATH AGAINST THE DEFENDANTS, MERCK AND KIMBERLY HENDRICKS

29.    Plaintiff realleges the allegations of Paragraphs 1 through 28 of the Complaint, and incorporates then by reference herein.

30.    The Defendants expressly and impliedly warranted that the drug Vioxx was safe and appropriate for use by Jeffrey Isner.

31.    The Defendants breached their express and implied warranties of merchantability and of fitness for a particular use by virtue of the fact that Vioxx was unsafe, unreasonably dangerous and defective, and because it was provided to Jeffrey Isner without appropriate warnings as to the risks of using the drug.

32.    Jeffrey Isner died on October 31, 2001, as a result of taking the drug Vioxx and as a direct and proximate result of the breaches of warranties by the Defendants.

33.     As a direct and proximate result of the breaches of warranties by the Defendants, causing the death of Jeffrey Isner, on October 31, 2001, the Plaintiff, Linda Isner, and her three minor children, suffered the loss of Jeffrey Isner's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice and reasonably expected net income.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendants, Merck and Kimberly Hendricks, for the full and fair value of compensatory damages suffered by Linda Isner, and her three minor children, plus interest and costs of this action.

### <u>COUNT III</u>
### <u>WILLFUL, WANTON, RECKLESS CONDUCT AND GROSS NEGLIGENCE AGAINST THE DEFENDANTS MERCK AND KIMBERLY HENDRICKS</u>

34.     Plaintiff realleges the allegations of Paragraphs 1 through 33 of the Complaint, and incorporates then by reference herein.

35.     The above described conduct of the defendants constitutes willful, wanton, reckless conduct and gross negligence

**WHEREFORE,** the Plaintiff demands Judgment against the Defendants, Merck and Kimberly Hendricks, for the full and fair value of appropriate punitive damages, to be determined by the jury, plus interest and costs of this action.

### <u>PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES AND CAUSES OF ACTION PRESENTED IN THIS COMPLAINT</u>

Joseph L. Doherty, Jr., BBO# 127280
Eileen Quill Riley, BBO# 567745
Joseph Doherty, Jr. & Associates
225 Franklin Street
Boston, MA 02110
(617) 217-2837

6

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

...... MIDDLESEX ............. , ss
[seal]

No. 04-4304

Linda Isner, Executrix
.................................. , Plaintiff(s)

v.

Merck & Co., Inc., et al
.................................. , Defendant(s)

### SUMMONS

To the above-named Defendant: Merck & Co., Inc.

You are hereby summoned and required to serve upon ..Joseph..L...Doherty,..Jr............
.................................... plaintiff's attorney, whose address is 225 Franklin St.
Boston, MA  02110 ......................................, an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at ...40..Thorndike..St.
Cambridge,..MA..02142........................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at .Cambridge,..MA..................................................
the ...twenty-sixth........................... day of .January...............................................
...................., in the year of our Lord .two..hundred..and..five

_Edward J Sullivan_
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

NO. SUP. — 001

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...........................................................................................
19........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.............................................................................................................................................
.............................................................................................................................................
.............................................................................................................................................
                    ...................................................................................

Dated: ...........................................................................................................

**N.B.  TO PROCESS SERVER:**
    **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS**
    **BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

(  ...................................................., ........... )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ........, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-4304

Linda Isner, Executrix.., Plf.

v.

Merck & Co., Inc., et. al Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO.



**04-4304**

|  |  |  |
|---|---|---|
| **LINDA ISNER,** Executrix of | ) | |
| **ESTATE OF JEFFREY ISNER, M.D.** | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MERCK & CO., INC. and KIMBERLY** | ) | |
| **HENDRICKS,** | ) | |
| Defendants | ) | |

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

OCT 29 2004

| | |
|---|---|
| 1674A000010/29/04CIVIL | 240.00 |
| 1674A000010/29/04SUR CHARGE | 15.00 |
| 1674A000010/29/04SECC | 20.00 |
| 1674A000010/29/04SUMMONS | 10.00 |

## COMPLAINT AND JURY CLAIM

### THE PARTIES

1.    The Plaintiff, Linda Isner, is the duly appointed Executrix of the Estate of Jeffrey Isner, and resides in Weston, Middlesex County, Massachusetts.

2.    The Defendant, Merck & Co. Inc. ("Merck"), is a New Jersey corporation having a principal place of business in the state of New Jersey, and regularly conducts business in the Commonwealth of Massachusetts.

3.    The Defendant, Kimberly Hendricks, is an individual residing in Massachusetts and was, at all times relevant to this case, an employee, agent, servant, and/or marketing representative for the Defendant, Merck.

### FACTS

4.    The Plaintiffs' causes of action against the Defendant Merck, arise from Merck's: (a) transacting business in the Commonwealth of Massachusetts; (b) contracting to supply and/or sell goods in the Commonwealth of Massachusetts; (c) doing or causing a tortious act to be done

within the Commonwealth of Massachusetts; and/or (d) causing the consequence of a tortious act to occur within the Commonwealth of Massachusetts.

5.     The Defendant, Merck, carelessly and negligently developed, tested, produced, manufactured, marketed, distributed, advertised, and sold the drug Vioxx, the trade name of the generic drug Rofecoxib, an anti-inflammatory pain medication (hereinafter "Vioxx"), prior to October 31, 2001.

6.     The Defendant, Kimberly Hendricks, (hereinafter "Hendricks") carelessly and negligently marketed, promoted and distributed Vioxx, prior to October 31, 2001.

7.     Vioxx is, and has been, since its introduction to the market in 1997, unsafe, unreasonably dangerous and defective.

8.     The Defendant, Merck, prior to October 31, 2001, intentionally and/or negligently misrepresented to physicians, and to the general public, that Vioxx was safe and did not pose any cardiovascular risks, when it knew, or should have known, that Vioxx was unreasonably dangerous and defective and did pose cardiovascular risks.

9.     The Defendant Hendricks, as an employee, agent, servant, and/or marketing representative of Merck, prior to October 31, 2001, intentionally and/or negligently misrepresented to physicians and other members of the public, that Vioxx was safe, and did not pose any cardiovascular risks, when she knew, or should have known, that Vioxx was unreasonably dangerous and/or defective, and did pose cardiovascular risks.

10.     Prior to September 17, 2001, the Defendants marketed, promoted, advertised and/or distributed Vioxx in violation of FDA requirements, standards, regulations, restrictions, and/or recommendations.

11.     On or about September 17, 2001, the Defendant, Merck, received a warning letter from the FDA informing Merck of its violations of FDA regulations, standards, requirements, restrictions, and/or recommendations concerning Merck's marketing, promoting, advertising, and distribution of Vioxx.

27.    Jeffrey Isner died on October 31, 2001, as a result of taking the drug Vioxx and as a direct and proximate result of the negligence and lack of reasonable care by the Defendant, Hendrick.

28.    As a direct and proximate result of the negligence and lack of reasonable care of the Defendant, Kimberly Hendricks, causing the death of Jeffrey Isner, on October 31, 2001, the Plaintiff, Linda Isner, and her three minor children, suffered the loss of Jeffrey Isner's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice and reasonably expected net income.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant, Kimberly Hendricks, for the full and fair value of compensatory damages suffered by Linda Isner, and her three minor children, plus interest and costs of this action.

**COUNT III**
**BREACH OF WARRANTY-STRICT LIABILITY/WRONGFUL DEATH AGAINST**
**THE DEFENDANTS, MERCK AND KIMBERLY HENDRICKS**

29.    Plaintiff realleges the allegations of Paragraphs 1 through 28 of the Complaint, and incorporates then by reference herein.

30.    The Defendants expressly and impliedly warranted that the drug Vioxx was safe and appropriate for use by Jeffrey Isner.

31.    The Defendants breached their express and implied warranties of merchantability and of fitness for a particular use by virtue of the fact that Vioxx was unsafe, unreasonably dangerous and defective, and because it was provided to Jeffrey Isner without appropriate warnings as to the risks of using the drug.

32.    Jeffrey Isner died on October 31, 2001, as a result of taking the drug Vioxx and as a direct and proximate result of the breaches of warranties by the Defendants.

5

33.    As a direct and proximate result of the breaches of warranties by the Defendants, causing the death of Jeffrey Isner, on October 31, 2001, the Plaintiff, Linda Isner, and her three minor children, suffered the loss of Jeffrey Isner's services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice and reasonably expected net income.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendants, Merck and Kimberly Hendricks, for the full and fair value of compensatory damages suffered by Linda Isner, and her three minor children, plus interest and costs of this action.

**COUNT III**

**WILLFUL, WANTON, RECKLESS CONDUCT AND GROSS NEGLIGENCE AGAINST THE DEFENDANTS MERCK AND KIMBERLY HENDRICKS**

34.    Plaintiff realleges the allegations of Paragraphs 1 through 33 of the Complaint, and incorporates then by reference herein.

35.    The above described conduct of the defendants constitutes willful, wanton, reckless conduct and gross negligence

**WHEREFORE,** the Plaintiff demands Judgment against the Defendants, Merck and Kimberly Hendricks, for the full and fair value of appropriate punitive damages, to be determined by the jury, plus interest and costs of this action.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES AND CAUSES OF ACTION PRESENTED IN THIS COMPLAINT**

Joseph L. Doherty, Jr., BBO# 129280
Eileen Quill Riley, BBO# 567745
Joseph Doherty, Jr. & Associates
225 Franklin Street
Boston, MA 02110
(617) 217-2837

6

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: _____ | Docket Number<br>04-4304 J |
|---|---|---|

**PLAINTIFF(S)** Linda Isner, as Exec.

**DEFENDANT(S)**

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Joseph L. Doherty, Jr, 225 Franklin St
26th Floor, Boston MA 02110
Board of Bar Overseers number:

**ATTORNEY** (if known)

## Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104
    (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/
    Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B08 | Wrongful Death | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . $............
    2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . $............
    3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . $............
    4. Total physical therapy expenses . . . . . . . . . . . . . . $............
    5. Total other expenses (describe) . . . . . . . . . . . . . . . $............
                                      Subtotal $............

*(Stamp: CLERK OF THE COURTS   OCT 29 2004   Edward J. Sullivan   CLERK)*

B. Documented lost wages and compensation to date . . . . . MORE THAN . . . . . $ 12,000,000.
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . $............
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . $............
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $............
F. Other documented items of damages (describe)
                                                $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
    The plaintiff's decedent, Jeffrey Isner, M.D. died as a result
of taking the drug Vioxx, manufactured and $............
provided by the defendants, respectively TOTAL $............

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                              TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record *Joseph L. Doherty, Jr.* DATE: 10/29/04

A.O.S.C. 2003

# MICV2004-04304
## Isner, Executrix Of The Estate Of Jeffrey Isner, M.D. v Merck & Company, Inc. et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 10/29/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 02/18/2005 | **Session** | J - Cv J (9B Cambridge) | | |
| **Origin** | 1 | **Case Type** | B08 - Wrongful death (229.002A) | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 04/27/2005 | **Answer** | 06/28/2005 | **Rule12/19/20** | 06/28/2005 |
| **Rule 15** | 01/22/2006 | **Discovery** | 12/18/2006 | **Rule 56** | 02/16/2007 |
| **Final PTC** | 06/16/2007 | **Disposition** | 10/29/2007 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Linda  Isner, Executrix Of The Estate Of Jeffrey
Isner, M.D.
Active 10/29/2004

**Private Counsel 127280**
Joseph L Doherty Jr
225 Franklin Street
Boston, MA 02110
Phone: 617-217-2837
Fax: 617-217-2001
Active 10/29/2004 Notify

**Private Counsel 567745**
Eileen Quill Riley
Joseph Doherty, Jr. & Associates
225 Franklin Street
Boston, MA 02110
Phone: 617-217-2837
Active 10/29/2004 Notify

**Defendant**
Merck & Company, Inc.
Service pending 10/29/2004

**Private Counsel 124660**
James J Dillon
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02110-2600
Phone: 617-832-1000
Fax: 617-832-7000
Active 02/18/2005 Notify

**Private Counsel 651516**
Bradley E Abruzzi
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02110-2600
Phone: 617-832-1291
Fax: 617-832-7000
Active 02/18/2005 Notify

MAS-20041213        **Commonwealth of Massachusetts**        03/02/2005
gilmanr        **MIDDLESEX SUPERIOR COURT**        09:41 AM
**Case Summary**
**Civil Docket**

### MICV2004-04304
### Isner, Executrix Of The Estate Of Jeffrey Isner, M.D. v Merck & Company, Inc. et al

**Defendant**
Kimberly Hendrick
Service pending 10/29/2004

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/29/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 10/29/2004 | | Origin 1, Type B08, Track A. |
| 01/26/2005 | 2.0 | Plff's Ex-Parte MOTION to extend time for service of process upon the defts by 90 days until 4/27/05 |
| 01/31/2005 | | Motion (P#2) ALLOWED (Gaziano, J.) notices mailed February 9, 2005 |
| 02/18/2005 | 3.0 | Case REMOVED this date to US District Court of Massachusetts by deft Merck & Co, Inc |
| 02/18/2005 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |