UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LINDA ISNER,** as Executrix of the **ESTATE OF JEFFREY ISNER**, **M.D.,**<br>    Plaintiff,<br><br>v.<br><br>**MERCK & CO., INC.**<br>and **KIMBERLY HENDRICKS**,<br>    Defendants. | CIVIL ACTION NO. 05-10328-DPW |

### MOTION OF THE PLAINTIFF, LINDA ISNER, TO REMAND THIS ACTION TO THE MIDDLESEX COUNTY SUPERIOR COURT OF MASSACHUSETTS

Now comes the plaintiff, Linda Isner, as Executrix of the Estate of Jeffrey Isner, M.D., (hereinafter, "Isner"), and hereby moves, pursuant to 28 USC § 1447(c), that this Court remand the present action to the Middlesex County Superior Court of Massachusetts, because the plaintiff and a co-defendant, Kimberly Hendricks, (hereinafter "Hendricks"), are both residents of Massachusetts. Consequently, there is incomplete diversity and this Court lacks subject matter jurisdiction pursuant to 28 USC § 1332.

As grounds for this Motion, the plaintiff respectfully submits that the defendant, Merck & Co., Inc., (hereinafter "Merck"), has not met, and cannot meet, its burden of establishing complete diversity of citizenship under 28 USC § 1332. Removal was, therefore, improper, under 28 USC § 1441(b) and § 1446. The Notice of Removal, filed by Merck on February 18, 2005, contends that complete diversity of citizenship exists

1

among and between the parties.[1]   However, that contention is based entirely upon Merck's inaccurate and unsupported assertion that the non-diverse defendant, Hendricks, was fraudulently joined as a party to this action.

Merck's Notice of Removal incorrectly states the extent of the specific allegations and claims set forth in the Complaint against Kimberly Hendricks, it mischaracterizes the nature of those allegations and claims, (suggesting that they are limited merely to her status as a former employee of Merck), and it fails to reference or acknowledge numerous additional factual allegations within the Complaint demonstrating the legitimate basis for the plaintiff's claims against the non-diverse defendant, Hendricks.[2]

In view of the fact that the burden of proving fraudulent joinder "is a heavy one", the fact that all factual allegations in the plaintiff's Complaint must be accepted by this Court "in the light most favorable to the plaintiff" and the fact that "any contested issues

---

[1] The original Complaint, as filed on October 29, 2004, in the Massachusetts Superior Court for the County of Middlesex, asserts only state law claims, including allegations of negligence, intentional misrepresentation, negligent misrepresentation, wrongful death, product liability/breach of warranty and failure to warn, under Massachusetts law.  Merck does not suggest in its Petition for Removal that the plaintiff's action involves any federal question, arising under the Constitution, treaties or laws of the United States, nor does it claim any basis for jurisdiction other than its incorrect assertion of complete diversity of citizenship.

[2] For example, in paragraph 5 of the Notice of Removal, Merck states that paragraph 3 of the plaintiff's Complaint contains "(t)he ***only*** specific factual allegation" against the defendant, Hendricks. (Emphasis supplied).  That statement is entirely inaccurate and would be unwarranted even upon a cursory reading of the language of the Complaint by counsel for Merck.  The Complaint clearly presents specific factual allegations exclusively against Ms. Hendricks in paragraphs 3, 7, 9, 14, 25, 26, 27 and 28.  Paragraphs 10, 13, 15, 18, 30, 31, 32, 33 and 35 of the Complaint present allegations pertaining to **both** Merck and Hendricks.  Count II of the Complaint is directed entirely to the plaintiff's claims of negligence and wrongful death against the defendant Hendricks alone; it does not contain any claims or allegations pertaining directly to Merck.  Counts III and IV of the Complaint present claims specifically pertaining to both Hendricks and Merck.

2

of fact and any ambiguities of state law must be resolved" in favor of the plaintiff, *see, Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003), the plaintiff, Linda Isner, submits that the defendant, Merck, cannot meet its burden of establishing fraudulent joinder. Consequently, she maintains that this Court lacks subject matter jurisdiction, due to incomplete diversity.

As further grounds for this Motion, the plaintiff submits the enclosed Memorandum of Reasons for Granting the Motion, pursuant to Local Rule 7.1 (b) (1).

WHEREFORE, the plaintiff, Linda Isner, as Executrix of the Estate of Jeffrey Isner, respectfully requests that this Court allow the plaintiff's Motion to Remand, and enter an Order remanding this action to the Middlesex County Superior Court of Massachusetts.

Respectfully submitted,

**PLAINTIFF, LINDA ISNER, AS EXECUTRIX OF THE ESTATE OF JEFFREY ISNER, M.D.**

By her attorney,

**/S/ Joseph L. Doherty, Jr.**
Joseph L. Doherty, Jr.
BB0 No. 127280
JOSEPH L. DOHERTY, JR. AND ASSOCIATES
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110
(617) 217-2837

DATED: March 21st, 2005

3

**CERTIFICATE OF SERVICE**

I, Joseph L. Doherty, Jr. counsel for the Plaintiff, Linda Isner, as Executrix of the Estate of Jeffrey Isner, M.D., do hereby certify that on the 21st day of March, 2005, I served a copy of the within Motion of the Plaintiff, Linda Isner, to Remand This Action to the Middlesex Superior Court of Massachusetts and a copy of Memorandum in Support of Motion to Remand by first-class mail to the following counsel of record:

James J. Dillon, Esq.
Bradley E. Abruzzi, Esq.
Foley Hoag
155 Seaport Blvd.
Boston, MA  02210

                **/S/ Joseph L. Doherty, Jr.**
                Joseph L. Doherty, Jr.
                BBO No. 127280
                Joseph L. Doherty, Jr.
                 and Associates
                225 Franklin Street, 26th Floor
                Boston, Massachusetts, 02110
                (617) 217-2837

DATED: March 21st, 2005