IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LINDA ISNER, Executrix of ESTATE OF
JEFFREY ISNER, M.D.,

               Plaintiff,

       v.

MERCK & CO., INC. and KIMBERLY
HENDRICKS,

               Defendants.

CIVIL ACTION No. 05-10328-DPW

**DECLARATION OF BRADLEY E. ABRUZZI**

Bradley E. Abruzzi hereby deposes and says:

      1.      I am an attorney at the law firm Foley Hoag LLP and represent defendant Merck

& Co., Inc. in this action.  I am admitted to practice in the Commonwealth of Massachusetts and

the United States District Court for the District of Massachusetts.  I have personal knowledge of

the matters set forth in this Declaration and could and would competently testify to them if called

as a witness.

      2.      The document attached as Exhibit A is a true and accurate copy of a slip opinion

issued on December 6, 2004 in *Denny v. Merck & Co., Inc.*, No. 3:04-CV-526 (S.D. Tex.).

      3.      The document attached as Exhibit B is a true and accurate copy of a minute entry

issued on January 5, 2005 in *Davis v. Merck & Co., Inc.*, No. 04-CV-2937 (E.D. La.).

      4.      The document attached as Exhibit C is a true and accurate copy of a slip opinion

issued on January 28, 2005 in *Wright v. Merck & Co., Inc.*, No. 2:04-CV-3037-PHX-SRB (D.

Ariz.).

5.      The document attached as Exhibit D is a true and accurate copy of a slip opinion issued on December 14, 2004 in *Fontanilles v. Merck & Co., Inc.*, No. 04-CV-22799-HUCK (S.D. Fla.).

6.      The document attached as Exhibit E is a true and accurate copy of a slip opinion issued on November 16, 2004 in *Price v. Merck & Co., Inc.*, No. 3:04-CV-866-TSL-AGN (S.D. Miss.).

7.      The document attached as Exhibit F is a true and accurate copy of a slip opinion issued on January 22, 2003 in *Stern v. Wyeth*, No. 02-CV-80620-MARRA (S.D. Fla.).

8.      The document attached as Exhibit G is a true and accurate copy of a slip opinion issued on September 9, 2003 in *Goins v. Merck & Co., Inc.*, No. 4:03-CV-00070-CDL (M.D. Ga.).

9.      The document attached as Exhibit H is a true and accurate copy of a slip opinion issued on November 17, 2003 in *Zellmer v. Merck & Co., Inc.*, No. 1:03-CV-2530-RWS (N.D. Ga.).

I declare under the penalty of perjury that the foregoing statement is true and correct.

Dated:  April 4, 2004                                 */s/ Bradley E. Abruzzi*

                                                        Bradley E. Abruzzi

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

DEC 0 6 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JEFFREY L. DENNY, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. G-04-526 |
| MERCH & CO., INC., et al., | § § | |
| Defendants. | § § § | |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

This VIOXX claim has already generated a considerable amount of pretrial wrangling and procedural posturing. Plaintiffs Jeffrey and Molly Denny (collectively, "Plaintiffs") allege that Jeffrey Denny suffered personal injuries as a result of ingesting VIOXX. They filed suit in the 239th Judicial District Court in Brazoria County on May 29, 2003. Merck & Co., Inc. ("Merck") removed the case to this Court on September 11, 2003. This Court *sua sponte* transferred the case to the Tyler Division of the Eastern District of Texas on November 14, 2003. The Honorable Leonard Davis of the Eastern District of Texas remanded the case back to the Brazoria County state court. Merck removed the case back to this Court on August 31, 2004. Now before the Court is Merck's Motion to Stay All Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation. For the following reasons, the Motion is **GRANTED**.

VIOXX is a painkiller often prescribed for arthritis patients. On September 30, 2004, Merck voluntarily withdrew VIOXX from the market because of evidence indicating it created a higher risk

of heart attack and stroke. Since Merck announced the withdrawal, a veritable avalanche of VIOXX claims have been filed in federal district courts all over the country. Indeed, one cannot watch daytime television or read a newspaper without seeing lawyers advertising for VIOXX patients. Given the explosion in VIOXX litigation over the past couple of months, it is inevitable to this Court that the Judicial Panel on Multidistrict Litigation ("MDL") will eventually consolidate these claims.

Plaintiffs argue that a stay is inappropriate because 28 U.S.C. § 1407, the statute authorizing transfer to the MDL for consolidation, does not expressly grant federal district courts the power to stay proceedings prior to transfer. Plaintiffs may be correct, but that avails them nothing. The power to stay is well established and particularly apt here. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). It would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL. Moreover, both sides will benefit by having a court familiar with the complex issues that arise in pharmaceutical claims.

Accordingly, Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation is hereby **GRANTED**. This case is administratively closed until the MDL issues its ruling.

**IT IS SO ORDERED.**

DONE this 3rd day of December 2004, at Galveston, Texas.

_____
SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

-2-

# EXHIBIT B

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JAN -5  AM II: 40

LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**FALLON, J.**
**January 4, 2005**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEONCE DAVIS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 04-2937** |
| **MERCK & CO., INC.** | * | **SECTION "L"(2)** |

Before the Court is the Motion of the Defendant to Stay all proceedings in this action pending resolution of Merck's motion before the Judicial Panel on Multidistrict Litigation for transfer of this case, and numerous other cases with overlapping factual issues regarding the VIOXX® product liability cases, to a single court for coordinated pretrial management pursuant to 28 U.S.C. § 1407. The Judicial Panel on Multidistrict Litigation is scheduled to hear Merck's motion on January 27, 2005. Given the great likelihood that an MDL will be established and this and other related cases transferred, the Court hereby GRANTS the Motion of Defendant to Stay all proceedings in the matter.

Accordingly, IT IS ORDERED that this case be STAYED pending further action by the Judicial Panel on Multidistrict Litigation.

DATE OF ENTRY

JAN - 6 2005

Fee _____
Process _____
X Dktd _____
_ CtRmDep _____
_ Doc. No _____

# EXHIBIT C

1

NOT FOR PUBLICATION

```
┌─────────────────────────────┐
│ ✗ FILED    ──── LODGED      │
│ ── RECEIVED ──── COPY       │
│                             │
│        JAN 2 8 2005         │
│                             │
│   CLERK U S DISTRICT COURT  │
│    DISTRICT OF ARIZONA      │
│   BY          DEPUTY        │
└─────────────────────────────┘
```

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE DISTRICT OF ARIZONA

8

9   Edward W. Wright, individually and as a)     No. CV04-3037-PHX-SRB
    representative of a class of all others)
10  similarly situated,                          **ORDER**

11              Plaintiff,

12  vs.

13
    Merck & Co., Inc.,
14
                Defendant.
15

16

17

18        Plaintiff on his behalf and as a representative of a class of all other similarly situated

19  individuals filed suit in Arizona state court on December 10, 2004, asserting claims for

20  violations of the Arizona Consumer Fraud Act and unjust enrichment based on allegations

21  that Plaintiff and a class of similarly situated individuals purchased VIOXX as a result of

22  Defendant's advertising claims and at a premium price over the cost of other similar

23  medication.  Defendant filed a Notice of Removal on December 30, 2004, asserting this

24  Court's jurisdiction based on diversity. Plaintiff filed a Motion to Remand asserting that

25  Merck's Notice of Removal was frivolous because the value of Plaintiff's claims fall far short

26  of the $75,000.00 jurisdictional threshold and because his claims cannot be aggregated with

27  the claims of the other class members. Defendant's response to the Motion to Remand is not

28  yet due.



1        On December 30, 2004, coincident with its Notice of Removal, Merck filed a Motion

2  to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict

3  Litigation. Plaintiff has opposed the stay and asks that this Court rule on the Motion to

4  Remand.

5        Defendant's motion papers list 158 cases which will be considered for transfer by the

6  Judicial Panel on Multidistrict Litigation at its January 27, 2005 hearing. This case, which

7  was filed after that group of cases were noticed for transfer, has been noticed to the Judicial

8  Panel on Multidistrict Litigation as one of 121 tag-along actions. Plaintiff does not dispute

9  that many of the cases being considered for inclusion for transfer are similar to this class

10  action. The Court deduces that Plaintiff's counsel has more than one of these cases pending

11  since Plaintiff's form of opposition to Merck's Motion to Stay appears to have been used on

12  another occasion as it references "millions of citizens in the State of California" who

13  purchased VIOXX.

14        It is apparent that the question of whether this case satisfies the amount in controversy

15  requirement for jurisdictional purposes and whether class member claims can be aggregated

16  are issues common to many of the cases which will be considered for consolidation by the

17  Judicial Panel on Multidistrict Litigation. While this Court is not required to stay

18  consideration of the Motion to Remand, it concludes that it would be in the best interests of

19  judicial economy and consistency to stay this case until the determination of its transfer by

20  the Judicial Panel on Multidistrict Litigation.

21        IT IS ORDERED granting Defendant's Motion to Stay All Proceedings Pending

22  Transfer Decision by the Judicial Panel on Multidistrict Litigation. Defendant need not

23  respond to Plaintiff's Motion to Remand until further order of the Court (Doc. 3-1).

24

25        DATED this 27 day of January, 2005.

26

27                    Susan R. Bolton
                        United States District Judge

28

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 04-22799-CIV-HUCK**

FILED by _____ ⊮⊮⊔ _____ D.C.

DEC 1 4 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

CLARA FONTANILLES, an individual, on
behalf of himself and all others similarly
situated,

Plaintiffs,

vs.

MERCK & CO., INC., a New Jersey Corp.,

Defendant.

_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO STAY

THIS CAUSE is before the Court upon Plaintiffs' Motion to Remand [DE#5], filed November 10, 2004 and upon Defendant's Motion to Stay All Proceedings [DE#3-1], filed November 8, 2004. Under different circumstances, the Court would resolve Plaintiffs' Motion to Remand first. However, the Court finds that several other cases in this district have been filed regarding claims similar to those alleged by the plaintiffs in the above-referenced case. *See Abraham v. Merck & Co., Inc.*, Case No. 04-22631-CIV-MARTINEZ/KLEIN; *Schneider v. Merck & Co., Inc.*, Case No. 04-22632-CIV-MORENO/GARBER; *Gerher v. Merck & Co., Inc.*, Case No. 04-61429-CIV-DIMITROULEAS/TORRES. In addition, numerous similar VIOXX cases have been stayed in other districts. In most, if not all, of these similar cases, the district court has granted Defendant's Motion to Stay All Proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML"). The Court believes that these cases should, as a general proposition, be treated consistently so that no one plaintiff or plaintiff group has an advantage over the others with regard to the ability to prosecute claims in a timely manner.

In the present case, the Court concludes that judicial economy and uniformity dictate that the Court defer ruling on Plaintiffs' Motion to Remand in order to give an opportunity to all similarly

situated VIOXX cases for transfer to the MDL Judge and to allow the MDL judge to resolve the issues presented by similar remand motions. This Court acknowledges that it has jurisdiction to resolve the Plaintiffs' motion to remand prior to a transfer to an MDL order becoming final. However, this Court also has discretion to decline to decide the motion to remand while awaiting the MDL Panel's decision on transfer. *Med. Soc'y of the State of New York v. Connecticut Gen. Corp.*, 187 F. Supp.2d 89, 91 (S.D.N.Y. 2001); *In re Asbestos Products Liab. Litig.*, 170 F. Supp.2d 1348, 1349 n.1 (J.P.M.L. 2001); *Rudy v. Wyeth*, No. 03-80716 (S.D. Fla. December 11, 2003). Judicial consistency, economy and uniformity among similar VIOXX cases would be served by deferring resolution of the remand issues at this time. In the event that the JPML determines that transfer of this case is not warranted, Plaintiffs may then file a notice with this Court stating that they renew their motion to remand. Therefore, Plaintiffs will not suffer prejudice by a stay pending the JPML decision. Accordingly, it is

ORDERED AND ADJUDGED that:

1. Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation [DE#3-1] is GRANTED. This cause remains stayed pending transfer to the MDL Court.

2. Plaintiffs' Motion to Remand [DE#5] is DENIED without prejudice to renew in the event that the cause is not transferred to the MDL Court. If transfer is denied, the Plaintiffs shall file their notice of renewal of the motion for remand within ten (10) days.

DONE in Chambers, Miami, Florida, December 14, 2004.

Paul C. Huck
United States District Judge

cc: Counsel of Record

2

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

NOV 16 2004

J.T. NOBLIN, CLERK

BY_____ DEPUTY

BRENDA PRICE and BOBBY PRICE                                      PLAINTIFFS

V.                                               CIVIL ACTION NO. 3:04cv866LN

MERCK & CO., INC., *et al.*                                       DEFENDANTS

## ORDER STAYING ALL PROCEEDINGS

This matter came before the court on the Defendants' Motion for Stay of Proceedings. By this Motion, the Defendants request that the court stay all proceedings, including consideration of the Motion to Remand, pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on their Motion for Transfer and Multidistrict Coordination under 28 U.S.C. § 1407.

It is well settled that the pendency of a motion before the JPML does not affect the jurisdiction of the transferor court. *See* J.P.M.L. R. 1.5.[1] Therefore, although a motion to transfer under 28 U.S.C. § 1407 is pending before the JPML, this court retains jurisdiction over the case and may decide whether to remand it to state court or to stay proceedings pending a decision by the JPML. *See, e.g., State of Rio de Janeiro of the Federated Republic of Brazil v. Philip Morris, Inc.,*

---

[1]Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provides, in relevant part:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

239 F.3d 714, 715 (5th Cir. 2001). It is likewise true that the court to which the JPML transfers an action "certainly has the power to determine the question of remand." *Lee v. Ford Motor Co.*, No. Civ. A. 02-2957, 2002 WL 31760252 (E.D. La. Nov. 8, 2002); *see also, In re WorldCom, Inc. Securities Litigation*, Nos. 02 Civ. 3288(DLC), 02 Civ. 8981(DLC), 2003 WL 716243 (S.D.N.Y. Mar. 3, 2003) (transferee court denying motion to remand). Thus, it is clear that a district court judge may either wait for a transfer order without ruling on a remand motion or rule on the motion prior to the transfer. *Moore v. Wyeth-Ayerst Laboratories*, 236 F. Supp. 2d 509, 511 (D. Md. 2002), citing *In re Asbestos Products Liability Litigation*, 170 F. Supp. 2d 1348, 1349 n. 1 (Jud. Pan. Mult. Lit. 2001). Although some courts have adopted the position that remand motions should be considered prior to the JPML's determination on transfer, the "better reasoned view is that a court may stay proceedings even where subject matter jurisdiction is uncertain." *Board of Trustees v. WorldCom, Inc.*, 244 F. Supp. 2d 900 (N.D. Ill. 2002).

Due to unique circumstances, the court now finds itself inundated with hundreds of motions to remand. A large percentage of these cases are quasi-class actions involving hundreds, even thousands, of plaintiffs and hundreds of millions of dollars in asserted claims. Many diverse, often complicated, factual and legal scenarios are presented. The gravity of the ruling of this court is magnified by the fact that the decision to remand is not subject to appeal. *See* 28 U.S.C. § 1447(d). These motions deserve careful, studied, time-consuming consideration. In this arena, the court has often found itself struggling to craft an approach to remand-related discovery that is fair and reasonable to all. *See, e.g., Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (holding that district court, in considering fraudulent joinder claims, may consider "summary judgment-type" evidence, such as affidavits and deposition testimony); *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir.

2

1994) (same); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S.

317 (1990) (same). Always in this effort, there is the potential that such remand-related discovery

will be duplicative of the discovery that the MDL Panel is designed to simplify.

The power of this court to "stay proceedings is incidental to the power inherent in every court

to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The court

finds that Plaintiff will not be unduly prejudiced if proceedings in this court, including consideration

of the Motion to Remand, are stayed pending a decision by the JPML as to the transferability of this

case. The court additionally finds that staying all proceedings in this case will serve the interests of

judicial economy. Therefore, the court will exercise its discretion and stay all proceedings in this

case pending a decision by the JPML.

IT IS, THEREFORE, ORDERED that the Defendants' Motion for Stay of Proceedings is

hereby granted. All proceedings in this case are hereby stayed until the Judicial Panel on

Multidistrict Litigation makes its final determination as to whether this case will be transferred for

coordinated pretrial proceedings.

IT IS FURTHER ORDERED that the parties are to inform the court of the decision rendered

by the Judicial Panel on Multidistrict Litigation within five days of their receipt of that decision.

IT IS SO ORDERED, this the 16th day of November, 2004.

UNITED STATES MAGISTRATE JUDGE

3

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-80620-CIV-MARRA

BRUCE STERN,

    Plaintiff,

vs.

WYETH and ROBERT G. BLOUNT,

    Defendant.

_____/

FILED by _____ D.C.

JAN 2 2 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER DENYING MOTION FOR REMAND

THIS CAUSE is before the Court upon Plaintiff's Motion for Remand [DE 3]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff filed this lawsuit in state court against Defendant Wyeth, a pharmaceutical manufacturer formerly known as American Home Products Corporation, and Robert G. Blount, a former Chief Financial Officer, Senior Executive Vice President, Director and member of Wyeth's Executive, Finance and Operations Committee. Defendant Blount retired from Wyeth in February, 2000, and became a citizen of the state of Florida. Plaintiff, a Florida citizen as well, brings state law product liability claims for negligence, negligence per se, design and marketing defects, inadequate and improper warnings and misrepresentation against both Defendants in connection with the fen-phen diet drugs manufactured by Wyeth. Defendant removed the case to federal court based

/3

P.03

upon diversity jurisdiction by alleging fraudulent joinder of Defendant Blount.  Plaintiff has moved to remand the case to state court.[1]

## II. DISCUSSION

Plaintiff filed a twenty-three (23) page, seventy-five (75) paragraph complaint asserting four counts sounding in tort.  The complaint, in great detail, asserts a litany of wrongful acts giving rise to the causes of action.   Only one of the seventy-five (75) paragraphs specifically mentions Defendant Blount.  See ¶ 4 of Plaintiff's Original Complaint.  Plaintiff merely claims that Blount was a former Wyeth officer, director and committee member.  As a result, Plaintiff asserts Blount had responsibility for the management of Wyeth's business and operations, that he directly participated in Wyeth's management and was privy to confidential and proprietary information regarding the subject pharmaceutical products, including adverse undisclosed information.  Plaintiff further contends Blount's execution of documents filed with the Securities and Exchange Commission ("SEC"), which contained information regarding the subject pharmaceuticals, was materially misleading.  Plaintiff then asserts in a footnote, in what can only be described as an attempt at artful pleading, that all references to the Defendant Wyeth also constitute references to Defendant Blount.  Thus, every alleged wrongful act of the corporate Defendant is also alleged to

---

[1] Recently, this case was transferred to the Eastern District of Pennsylvania by Order of the Multi-District Litigation Panel.  This Court enters this Order following the general policy that a fully briefed ripe motion at the time of transfer must still be resolved by the transferor court.

2

PAGE 03

be an act of Defendant Blount.[2]  See Plaintiff's Original Complaint, n.2 at 5-6.

Defendants argue that Defendant Blount was fraudulently joined by Plaintiff for the sole

purpose of defeating diversity. In Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir.

1998), the Eleventh Circuit identified three instances in which a joinder of a non-diverse party is

fraudulent, and does thus not defeat diversity jurisdiction: (1) where there is no possibility that the

plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) where there is

outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where a diverse defendant is

joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and

where the claim against the diverse defendant has no real connection to the claim against the

nondiverse defendant.  See also Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997); Pacheco

de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir.1998).  The burden of the removing party

is a "heavy one."  Crowe, 113 F.3d at 1538.  To determine whether the case should be remanded, the

district court must evaluate the factual allegations in the light most favorable to the plaintiff, though

the Court may look beyond the pleadings.  Id., citing B. Inc. v. Miller Brewing Co., 663 F.2d 545,

549 (5th Cir. 1981).

Defendants contend that there is no possibility that Plaintiff can establish a cause of action

against Defendant Blount, and that Blount has no real connection to the claim against Wyeth.  In its

motion to remand, Plaintiff asserts that Blount may be held liable for negligence and

---

[2]Plaintiff's complaint was filed in a Florida state court.  Attorneys filing pleadings in the Florida
courts are required to abide by the Florida Rules of Judicial Administration.  Rule 2.060(c) of the Florida
Rules of Judicial Administration provides that "[t]he signature of an attorney [on a pleading] shall
constitute a certificate by the attorney that . . . to the best of the attorney's knowledge, information, and
belief there is good ground to support it."  The Court questions whether there is good ground to support
Plaintiff's attempt to attribute every act of the corporate Defendant to Defendant Blount by virtue of this
pleading device.

misrepresentation. Plaintiff's Motion to Remand at ¶¶ 7, 12; Brief In Support of Plaintiff's Motion to Remand at 3-11.[3]  In Florida, in order for a corporate officer to be liable for torts committed principally by the corporation, the corporate officer must have personally participated in the tortious conduct. McElveen v. Peeler, 544 So.2d 270, 271-72 (Fla. 1st DCA 1989); Alsup v. Your Graphics Are Showing, Inc., 531 So.2d 222, 224 (Fla. 2nd DCA 1988). See also Florida Specialty, Inc. v. H 2 Ology, Inc., 742 So.2d 523, 527-28 (Fla.1st DCA 1999).  Other factors include whether the corporation owes a duty of care to the plaintiff, whether the duty is delegated to the defendant officer, and whether the defendant officer has "breached this duty through personal – as opposed to technical or vicarious – fault." Personal liability cannot be imposed upon a corporate officer simply because of his or her general administrative responsibility in performance of some functions of the employment.  The officer must have a personal duty towards the injured party.   McElveen, 544 So.2d at 272.

     Both parties agree that in Florida, misrepresentation requires:  (1) a false statement about a material fact; (2) knowledge that the statement is false; (3) intent to induce action on the false statement; and (4) injury by the party acting in reliance on the representation.  Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985).  For the negligence claim, the usually elements of duty, breach, causation and damages are required, as modified by the McElveen factors for personal liability of corporate officers.

     Plaintiff alleges that Blount had access to documents raising safety concerns about the diet-drugs at issue; that Blount breached his affirmative duty to disclose this information; and that Blount

---

[3]Plaintiff does not challenge Defendants' assertion in its Amended Notice of Removal that the amount in controversy in this case exceeds the jurisdictional amount of $75,000.00.

4

made misrepresentations about safety of these drugs when he signed Securities & Exchange Commission filings on behalf of Wyeth. Finally, Plaintiff alleges that Blount, as part of the senior management of Wyeth, ordered or was complicit in orders given to destroy adverse drug reports made to Wyeth.[4]

In opposition to the motion to remand, Defendant has put forth the affidavit of Defendant Blount, in which he states that as Chief Financial Officer of Wyeth and its predecessors, he principally worked on the financial side of the company. Declaration of Robert G. Blount, ¶ 3, Exhibit A to Defendants' Opposition to Remand [DE 4] (hereinafter, "Blount Declaration"). Blount retired from Wyeth in February 2000, at which time he moved his permanent residence to Florida. More importantly, Blount asserts that never had oversight responsibility for the subsidiaries and divisions involved in pharmaceutical manufacturing, design or marketing. Id. at ¶ 4. He denies any knowledge of any adverse drug reports, case studies or other information concerning a possible relationship between Pondimin or Redux and heart valve damages until the Mayo Clinic's public announcement in July, 1997, nor did he have knowledge of any document destruction. Id. at ¶ 6-7.

Defendants also put forth the declaration of Defendants' co-counsel, Richard Rosenbaum, stating that he caused a search to be performed of all SEC filings signed by Defendant Blount from 1994 until the July, 1997 announcement of problems with Wyeth's fen-phen drugs. Mr. Rosenbaum attests that he found no filings which made any representations about the safety of Pondimin and Redux. Plaintiff's theory of liability on the misrepresentation claim could therefore only be based on a material omission, stemming from Blount's alleged knowledge of such problems.

---

[4] Defendants point out that this allegation is not made in the Complaint, but only in the motion to remand.

5

In this case, Plaintiff's Complaint has failed to allege personal involvement by Defendant Blount in the tortious conduct which has allegedly resulted in injury to the Plaintiff. Nor does Plaintiff allege that the duties owed by Defendant Wyeth to Plaintiff were delegated to Defendant Blount. Moreover, Plaintiff has failed to allege the specific statements which he claims Defendant Blount misrepresented or failed to disclose in SEC filings and he has failed to allege that any alleged misrepresentations or omissions were done by Defendant Blount with the intent to defraud or deceive Plaintiff. Additionally, Plaintiff has failed to allege that he has relied to his detriment upon any of the misrepresentations allegedly attributed to Defendant Blount. Lastly, based upon the unrebutted declarations from Defendant Blount and Richard Rosenbaum, Plaintiff would not be able to assert valid claims if given leave to amend.

This Court concludes that under the first prong of the test set forth in Triggs, 154 F.3d at 1287, Plaintiff has not stated a possible claim against Defendant Blount as to the negligence and misrepresentation claims. In addition, the third prong of the Triggs test has been met, in that Blount was clearly added in this case to defeat diversity. Defendant Blount has no connection to Wyeth's alleged torts committed against Plaintiff.[5]

---

[5] The Court notes that the jurisdictional facts as pled are not fraudulent. Triggs, 154 F.3d at 1287 (second alternative prong of fraudulent joinder test).

6

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand [DE 3] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _22_ day of January, 2003.

_____
KENNETH A. MARRA
United States District Judge

copies to:

United States District Judge Harvey Bartle III
United States Courthouse
601 Market Street
Philadelphia, PA 19106

Andres Pereira, Esq.
Fleming & Associates, LLP
1330 Post Oak Boulevard, Suite 3030
Houston, TX 77056
Fax: (713) 621-9638

Michael C. Mattson, Esq.
Cooney, Mattson et al
P.O. Box 14546
Fort Lauderdale, FL 33302
Fax: (954) 568-0085

7

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

EULDINE GOINS, an individual and *
WALLACE GOINS, her husband,

                                    *

        Plaintiffs

                                    *

vs.

                                    *        CASE NO.   4:03-CV-70-1 (CDL)

MERCK & CO., INC., a foreign        *
corporation; VINCE KIRKES, an
individual; et al.,                 *

                                    *

        Defendants                  *

O R D E R

    The Court presently has pending before it Plaintiffs' Motion to
Remand.    Based  upon  the  current  record,  the  Court  finds  that
Plaintiffs  have  failed  to  adequately  set  forth  a  claim  against
Defendant Vince Kirkes ("Kirkes").  Accordingly, Plaintiffs' Complaint
is dismissed without prejudice as to Kirkes.  With Kirkes no longer
a  party,  complete  diversity  of  citizenship  exists  between  the
remaining  parties.    Therefore,  the  Court  has  jurisdiction,  and
Plaintiffs' Motion to Remand is denied.

FACTS

    Plaintiffs Euldine and Wallace Goins filed suit in the State
Court of Muscogee County on April 9, 2003, naming Merck & Co., Inc.
("Merck"), Kirkes, and unnamed, fictional parties as Defendants.[1]  In
their Complaint, Plaintiffs allege that Mrs. Goins suffered unstable
angina and a heart attack on April 10, 2001, after ingesting VIOXX®,

---

[1]Fictitious defendants are disregarded for purposes of determining
whether diversity jurisdiction exists in a given case. 28 U.S.C. § 1441(a).

a nonsteroidal anti-inflammatory drug (NSAID) used to reduce pain and inflammation stemming from various causes, including rheumatoid arthritis.   Specifically, Plaintiffs allege six causes of action: (1) designing, manufacturing, and/or selling a defective product and failure to warn; (2) negligence; (3) breach of express warranty; (4) breach of implied warranty; (5) negligent, reckless, intentional, and fraudulent misrepresentation; and (6) loss of consortium.   Compl. at ¶¶ 14-39.   Each count is asserted against both Defendants Merck and Kirkes, "as an agent for each of the other Defendants."   Compl. at ¶ 9.

On May 8, 2003, Defendant Merck removed the case to this Court, asserting diversity jurisdiction.[2]   *See* 28 U.S.C. §§ 1332, 1441. Plaintiffs are citizens of Georgia for diversity purposes.   Defendant Merck is incorporated and has its principal place of business in New Jersey.   Therefore, complete diversity exists between Plaintiffs and Merck.   Defendant Kirkes, a citizen of Georgia, however, defeats complete diversity.   Defendant Merck maintains that no valid claim exists against Kirkes, that he has been fraudulently joined, and that he should be disregarded in determining whether complete diversity exists.

## DISCUSSION

For a case to be properly removable under 28 U.S.C. § 1441, the case must be one over which a district court would have had original jurisdiction if the plaintiff initially filed the case in federal

---

[2]Defendant Kirkes did not consent to Defendant Merck's Notice of Removal.   However, the Court finds that consent of a fraudulently joined defendant should not be considered necessary to support removal.

court.  § 1441(a).  In cases other than those based upon a federal question, the defendant may seek removal of a case "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b). Therefore, in the case *sub judice*, if Defendant Kirkes is a proper party-defendant, this Court does not have subject matter jurisdiction, and the case must be remanded.

In response to a motion to remand, the removing defendant bears the burden of proving that either:

(1)  there is no possibility the plaintiff can establish a cause of action against the resident defendant; or

(2)  the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)).  The defendant's burden is a "heavy one."  *Id.* (citation omitted).  The district court must evaluate the factual allegations and legal standards in the light most favorable to the plaintiff.  *Id.* In making its determination, a court may rely not only on the pleadings but also upon consideration of any affidavits or deposition transcripts submitted by the parties.  *Id.*  However, a review of a motion to remand, though similar to the review of a motion for summary judgment, should not include a weighing of the legal merits of the plaintiff's claim "beyond determining whether it is an arguable one under state law."  *Id.; see also id.* at 1541 (noting that a plaintiff's burden in support of motion to remand is much lighter than that faced by the nonmoving party in the summary judgment context). "If there is even a possibility that a state court would find that the

3

complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* at 1538. (citation omitted). The Eleventh Circuit has emphasized that a district court must "stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent." *Id.* at 1542.

Applying these standards, the Court finds that Defendant Kirkes was fraudulently joined. Plaintiff Mrs. Goins suffered a heart attack in early 2001. Defendants have produced an uncontroverted affidavit showing that, while employed at Merck since 1995, Defendant Kirkes did not work in Georgia, nor did he have any contacts with doctors, pharmacists, or patients in Georgia until 2002. Therefore, there is "no possibility" that Plaintiffs can establish a colorable claim against Defendant Kirkes under Georgia law, regardless of the theory pursued. Based upon the current record, there is not even a "possibility" that Defendant Kirkes caused Plaintiffs' alleged injuries, as he had no contact with the State of Georgia or any person residing in the State prior to 2002. Kirkes Aff. at ¶¶ 2-3.

Although the presence of a defendant who is a citizen of the forum State normally causes a court to lack diversity jurisdiction, "it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d

4

1302, 1305 (11th Cir. 2001) (per curiam) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). Since the Court finds that Plaintiffs cannot make out a claim against Kirkes, the Court dismisses Kirkes as a party to this case without prejudice.[3]

The parties that remain before the Court are diverse in citizenship. The Court therefore has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs' Motion to Remand is accordingly denied.

IT IS SO ORDERED, this 9th day of September, 2003.

CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[3]The Court notes that this dismissal is without prejudice. Therefore, if Plaintiffs develop evidence during discovery in support of their claim against Kirkes, they will be permitted to amend their Complaint and renew their Motion to Remand.

# EXHIBIT H



FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

NOV 1 7 2003

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

RICHARD ZELLMER, an     :
individual,     :
    :
      Plaintiff,     :
    :
    :     CIVIL ACTION NO.
     v.     :     1:03-CV-2530-RWS
    :
MERCK & CO., INC., et al.,     :
    :
      Defendants.     :

## ORDER

This case is before the Court for consideration of Plaintiff's Motion for

Remand [8-1]. After reviewing the record, the Court enters the following

Order.

Plaintiff originally brought this action in the State Court of Fulton

County. On August 25, 2003, Defendant Merck & Co., Inc. ("Merck")

removed the action to this Court. In the action, Plaintiff seeks damages for

injuries he allegedly received as a result of taking the prescription drug

VIOXX. In addition to Merck, the manufacturer of VIOXX, Plaintiff named as

Defendants several individuals who are residents of the state of Georgia and

who are sales representatives for Merck. Plaintiff alleges causes of action for

products liability, negligence, breaches of expressed warranties, breaches of an

31

implied warranty of merchantability, and fraud and misrepresentation. Since

originally filing the Complaint, Plaintiff has voluntarily dismissed several of

the individual Defendants. However, Vince Kirkes, Susie Light, and Thomas

Griffith (the "individual Defendants"), who are Georgia residents, remain as

parties to the action.

Plaintiff brings the present motion seeking remand of the case to the

State Court of Fulton County and contending that this Court lacks jurisdiction

because there is not complete diversity. The Notice of Removal alleges that

this Court has jurisdiction pursuant to 28 U.S.C. § 1332, which provides for

jurisdiction in the federal courts for an action between citizens of different

states. The United States Code allows a civil action to be removed to federal

court if the district court would have original jurisdiction. 28 U.S.C. § 1441(a).

When jurisdiction is based on diversity of citizenship, the case may be removed

"only if none of the parties in interest properly joined and served as defendants

is a citizen of the State in which such action is brought." Id. at 1441(b). In the

present case, complete diversity of citizenship appears not to exist because the

Plaintiff is a resident of Georgia and the individual Defendants are residents of

Georgia. Therefore, pursuant to § 1441(b), removal is not available unless

2

Defendants can show that the individual Defendants are not "properly joined." Id. Merck argues that the individual Defendants are fraudulently joined.

A plaintiff may not join a party as a defendant simply to avoid the federal courts. However, the party seeking removal bears the burden of proving that a defendant was joined fraudulently. Since it appears from the face of the Complaint that this Court does not have jurisdiction, this action is subject to remand unless Defendants can prove that Plaintiff cannot possibly establish a cause of action against any Georgia resident Defendants or that Plaintiff has no real intention of securing a judgment against any of the Georgia resident Defendants. Chicago, Rock Island & Pacific Ry Co. v. Shchwyhart, 227 U.S. 184, (1913); Triggs v. John Crump Toyota, 154 F.3d 1284 (11th Cir. 1998); Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). This burden of proof is a heavy one. Pacheco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998) A claim of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 3, 37 (1921); Parks v. New York Times Co., 308 F.2d 474, 478 (11th Cir. 1962). The Eleventh Circuit favors remand when jurisdiction in the federal courts is unclear. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th

3

Cir. 1994). In addressing fraudulent joinder, all factual allegations must be considered as of the date of the removal and in the light most favorable to the plaintiff. Crowe, 113 F.3d at 1538. Moreover, any uncertainties about state substantive law must be construed in favor of the plaintiff. Id.

Merck first argues that Plaintiff has fraudulently joined the individual Defendants because there is no reasonable legal possibility that Plaintiff could prevail on his claims against them. Count I of the Complaint alleges a cause of action for strict product liability. Plaintiff cannot prevail on a strict product liability claim against the individual Defendants because Georgia's strict liability statute, O.C.G.A. § 51-1-11.1(b), imposes liability only on manufacturers. Crooke v. R.J. Reynolds Tobacco Co., 978 F.Supp. 1482, 1485 (N.D. Ga. 1997).

In Count II, Plaintiff alleges "Defendants" were negligent in the design, manufacture, marketing, sale, testing, and/or distribution of VIOXX. The specific acts of negligence of the individual Defendants are not set out. Plaintiff charges all of the Defendants with all of the acts of negligence without distinguishing among them. In James v. Parke-Davis, Civil Action No. 1:00-CV-1203-JEC (N.D. Ga., Nov. 30, 2000), Judge Carnes addressed similar

4

claims in an action against a pharmaceutical company and its employees. The court found that "some degree of personal participation is required for an employee to be held liable for a corporation's wrongdoing." Id. slip op. at 18. Plaintiff has failed to allege what specific connection any of the individual Defendants had to the events which caused his alleged injury. Thus, Plaintiff has failed to allege a negligence claim against the individual Defendants.

In Counts III and IV, Plaintiff asserts breach of warranty claims. Because the individual Defendants are not "sellers," they cannot be liable for breach of warranties. See O.C.G.A. § § 11-2-313 and 11-2-314 (both express and implied warranty claims refer to warranties created by the "seller"); James slip op. at 20 (no breach of implied warranty claim against individual defendants because they were neither sellers nor in privity with the plaintiff).

Finally, in Count V, Plaintiff alleges a claim for fraud and misrepresentation. Rule 9 of the Federal Rules of Civil Procedure requires that averments of fraud be stated with particularity. The allegations in Count V are essentially that Defendants made misrepresentations that VIOXX was safe and effective when they knew the representations were false. There are no allegations of the person or persons who made these representations. Plaintiff

5

simply uses the collective term "Defendants." There are no allegations of time or place of the representations. The allegations in the Complaint do not satisfy the requirements of Rule 9(b). See In re: Rezulin Products Liability Litigation, 133 F.Supp.2d 272, 283-84 (S.D. N.Y. 2001).

The failing of the allegations in Count V recur throughout the Complaint. Plaintiff has failed to allege specific facts supporting claims against the individual Defendants. By using the collective "Defendants" for all his allegations, Plaintiff has made it difficult to identify any liability on the part of the individual Defendants. Plaintiff has not addressed this shortcoming in spite of being put on notice of it in the Notice of Removal and Defendants' Response Brief to the Motion for Remand. Notice of Remand at ¶ 14; Response Brief at 13-16.[1] Plaintiff's failure to allege claims attributable to the specific individual Defendants causes the Court to conclude that Plaintiff has no viable claims against these Defendants. See In re: Rezulin Products Liability Litigation, 168 F.Supp.2d 136, 140 (S.D. N.Y. 2001); In re: Rezulin Products Liability Litigation, 133 F.Supp.2d at 291.

Plaintiff also sought remand based on the failure of the individual

---

[1]Plaintiff did not file a Reply to the Response Brief.

6

AO 72A
(Rev.8/82)

Defendants to join in or consent to the removal.  Generally, "[a]ll named defendants must consent to or join the petition for removal."  <u>Kuhn v. Brunswick Corp.</u>, 871 F.Supp. 1444, 1446 (N.D. Ga. 1994).  "Despite this general rule, the consent of all defendants is not required when some defendants have been fraudulently joined."  <u>James</u>, slip op. at 5.  Having found that the individual Defendants were fraudulently joined, their joinder in the Removal Petition was not required.

Based on the foregoing, Plaintiff's Motion for Remand [8-1] is hereby **DENIED**.

**SO ORDERED** this _12th_ day of November , 2003.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

7