UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LINDA ISNER,** as Executrix of the<br>**ESTATE OF JEFFREY ISNER**, M.D.,<br>    Plaintiff,<br><br>v.<br><br>**MERCK & CO., INC.**<br>and **KIMBERLY HENDRICKS**,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 05-10328-DPW<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY**

**I.    Introduction**

Now comes the Plaintiff, Linda Isner, as Executrix of the Estate of Jeffrey Isner, M.D., (hereinafter, "Isner"), and hereby Opposes the Motion to Stay, filed by the Defendant, Merck & Co., Inc., (hereinafter, "Merck"), on April 4, 2005.  As grounds for this Opposition, the Plaintiff states that staying this action, at this juncture, (thereby deferring the resolution of the pending Motion to Remand to the transferee Court in the Vioxx MDL), would be an inefficient use of judicial resources and would cause unnecessary delay in resolving the threshold jurisdictional question raised by the Plaintiff's Motion to Remand.  Moreover, staying this action would be unduly prejudicial, unfair and unnecessarily costly to the Plaintiff.  She would be required to await Panel's decision as to transfer and then present her Motion to Remand before the transferee Court, in the Eastern District of Louisiana, in order to obtain a resolution of a straight-forward jurisdictional question that this Court is obviously capable of resolving.

1

The pending Motion to Remand presents distinct factual issues, unique to this case. It does not involve general questions of law and/or fact common to other cases before the transferee Court in *In re VIOXX Products Liability Litig.*, MDL-1657.[1] The sole basis for Merck's removal of this action from state court was its contention that Kimberly Hendricks was fraudulently joined as a defendant. Consequently, the Court's inquiry upon the Plaintiff's Motion to Remand will be limited to the question of whether, (taking all allegations set forth by the Plaintiff as true and resolving all uncertainties in favor of the Plaintiff), Merck can meet the heavy burden of establishing that there is absolutely no reasonable basis for any of the Plaintiff's claims against Ms. Hendricks. That inquiry simply involves an analysis of the factual allegations in this particular case, with reference to Massachusetts law.

The Motion to Remand, Plaintiff's Memorandum in support of the Motion and Merck's Opposition to the Motion have already been filed. In accordance with this Court's Order of April 7, 2005, the Motion to Remand will be fully briefed, and ready for hearing and resolution, upon the filing of the Plaintiff's Reply Brief and Supporting Affidavits, on April 18, 2005, and the filing of Merck's sur-Reply Brief, on April 25, 2005. It is entirely appropriate and reasonable for this Court to decide the pending Motion to Remand, as it relates to case-specific, factual issues pertaining to the validity, under Massachusetts state law, of the Plaintiff's claims against the non-diverse co-Defendant, Kimberly Hendricks. Staying the action at this point would create substantial hardship, unnecessary expense and delay for the Plaintiff. Whereas, denying the Motion

---

[1] Examples of situations that might raise questions common to other cases within the Vioxx MDL would be assertions of federal law preemption, removal based upon claimed federal question jurisdiction or the analysis of multiple claims brought by putative class action plaintiffs. None of those issues exists in the present action.

to Stay, and then deciding the Motion to Remand, would not create any appreciable hardship or prejudice to the Defendant, Merck.

Additionally, a stay of the proceedings at this point would needlessly complicate and delay, (or potentially prevent), the Plaintiff from serving the Complaint upon the non-diverse co-Defendant, Kimberly Hendricks, after receiving answers to Plaintiff's initial interrogatories, (served upon Merck with the Complaint almost three months ago, on January 26, 2005).  On April 7, 2005, this Court allowed the Plaintiff's Motion to Compel answers to those interrogatories, (to provide the full name and current, or last known, address and telephone number, for Kimberly Hendricks).[2]  The Motion to Compel, as allowed by the Court on April 7, 2005, requested that Merck provide answers to the interrogatories within ten days after allowance of the Motion, (on or before April 17, 2005), and also requested that the time for service upon the co-Defendant, Kimberly Hendricks, be extended for thirty days, from April 27, 2005 to May 27, 2005. Even if this action were to be transferred, eventually, to the MDL in Louisiana, it would be reasonable and necessary to permit the Plaintiff to serve the co-Defendant prior to any such transfer.

Consequently, the Plaintiff respectfully submits that this Court, in accordance with the proper exercise of its discretion, should deny the Defendant's Motion to Stay in

---

[2] Despite diligent efforts, the Plaintiff had been unable to locate Ms. Hendricks. In an affidavit filed by Merck on April 4, 2005, the Plaintiff learned for the first time that Ms Hendricks had apparently married and had changed her name, as the affidavit of Kimberly Bahry, a current Merck employee, identified Ms. Hendricks as "Kimberly Hendricks *Needoba*".  Based upon the recent receipt of the name "Needoba", Plaintiff's counsel obtained an address and telephone number in Melrose, Massachusetts, for a Kimberly Needoba.  However, as a matter of caution, counsel for the Plaintiff will await receipt of Merck's Answers to Interrogatories, due on or before April 17, 2005, in order to confirm the accuracy of that address, before serving Ms. Hendricks.

3

order to hear and decide the Plaintiff's Motion to Remand and to permit the Plaintiff to complete service upon the co-Defendant, on or before May 27, 2005.

**II.     Procedural History**

The plaintiff filed the Complaint in this matter on October 29, 2004, in Middlesex County Superior Court, in Massachusetts, and served the Complaint upon Merck on January 26, 2005. On January 27, 2005, the Middlesex County Superior Court allowed a Motion to Extend the time for service, as to both defendants, until April 27, 2005. The defendant, Merck, removed this action to the United States District Court for the District of Massachusetts on February 18, 2005. The sole ground raised by Merck in support of its claim that federal jurisdiction exists in this matter, was its unsupported contention that the non-diverse, co-Defendant, Kimberly Hendricks, had been fraudulently joined as a party.

On March 21, 2005, the Plaintiff filed a timely Motion to Remand this action to state court, based upon lack of jurisdiction, due to incomplete diversity. On March 25, 2005, the Plaintiff filed a timely Opposition with the MDL Panel to the Conditional Transfer Order, and thereafter, on April 11, 2005, filed a timely Motion and Brief in further support of that Opposition, in accordance with the Rules of the MDL Panel. Under the timetable established by the MDL Rules, Merck's Reply Brief must be filed with the Panel on or before May 1, 2005. The Plaintiff's sur-Reply Brief will not be due until May 6, 2005, (regardless of whether Merck files an Opposition prior to May 1, 2005. Thereafter, the Panel will schedule the Opposition for hearing and resolution, on a date yet to be established by the Panel.

At a status conference in the present matter, on April 7, 2005, this Court allowed Plaintiff's Motion for Leave to File a Reply Brief, with supporting affidavits, in response to the Defendant's Opposition to the Motion to Remand. The Court also allowed the Plaintiff's Motion to Compel the Defendant, Merck, to answer Plaintiff's interrogatories, which request the current or last known address for Kimberly Hendricks. During the April 7, 2005, conference, the Court indicated to counsel a willingness and/or intention to hear and decide Plaintiff's Motion to Remand, after receipt of the Plaintiff's Reply Brief and Affidavits and receipt of the Defendant's sur-Reply, due on or before April 25, 2005.

**III.    Argument**

In a recent decision by the United States District Court for the Eastern District of Michigan, Southern Division, the Court recognized the well established principle that the entry of a Conditional Transfer Order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court". *Johnson v. Micron Technology, Inc.,* 354 F. Supp. 2nd 736, 739 (ED Mich. 2005).[3] Based upon a detailed review of decisions from other jurisdictions addressing the issue of whether, and under what circumstances, matters such as the present action should be stayed, the Court in *Johnson* emphasized that:

---

[3] The Court in *Johnson* also observed that:

> . . . the public interest lies in the most efficient use of judicial resources, ***ensuring*** that litigation is conducted in the ***appropriate forum***, and in federal courts ***determining jurisdiction issues promptly***.

*Id.,* at 741. (Emphasis supplied).

5

> The statute and rules have been interpreted as discouraging district courts from staying pending motions in some instances:
>
>> [The court should not] automatically postpone rulings on pending motions, or generally suspend further proceedings. When notified of the filing of a motion for transfer, therefore, matters such as motions to dismiss or to ***remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer.*** The Panel has sometimes delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions.
>
> Manual for Complex Litigation, § 20.132, at 220-221 (4th Ed.) (emphasis added).

*Id.,* at 739.

Because the Court in *Johnson* determined that the "issue presented in the remand motion is ***unique*** to this particular instance and ***does not pose a potential for inconsistent rulings***", it denied the Defendant's Motion to Stay, pending transfer to the MDL, and allowed the Plaintiff's Motion to Remand. *Id.,* at 740. (Emphasis supplied).

Similarly, in *State of Sao Paolo v. American Tobacco Company, Inc.,* 2000 U.S. Dist. LEXIS 9617 (E.D. Louisiana, May 26, 2000), (unpublished), the Court noted that there is:

> . . . a ***preference*** that transferor courts ***consider, not stay, pending motions to remand,*** to avoid the judicial inefficiency and delay incurred when cases which will ultimately be remanded to state court are centralized for a period before the transferee judge. Such reasoning is consistent with the jurisprudence which requires district courts to consider jurisdiction as a threshold issue. See *Copling v. The Container Store, Inc., 174 F.3d 590, 595 (5th Cir. 1999).*

*Id.,* at pages 5-6. (Emphasis supplied).

In the present action, the Plaintiff submits that there is a reasonable likelihood that she will prevail upon her Motion to Remand. The single factual issue presented in

the Motion to Remand, (whether the non-diverse co-Defendant, Kimberely Hendricks, was properly joined as a party, based upon well recognized causes of action under Massachusetts law), is unique to this case. It can be decided by this Court without any ramifications to other cases pending in the MDL, *In re VIOXX Products Liability Litig.*, MDL-1657, in the Eastern District of Louisiana.

The Complaint alleges specifically that the defendant, Hendricks, had direct contact with Dr. Isner, made specific misrepresentations concerning the cardiovascular risks associated with Vioxx, "negligently marketed, promoted and distributed Vioxx, prior to October 31, 2001," and actually provided Dr. Isner with the Vioxx that he took "on a regular/daily basis" for approximately "two years prior to his death on October 31, 2001". (Complaint – Paragraphs 6, 9 and14).

The affidavits of Eunice-Anne Neeley and Linda Isner, (attached as exhibits "A" and "B" to the Plaintiff's Reply Brief, to be filed in conjunction with this Opposition), clearly support the allegations presented in the Complaint and further establish the legitimate factual and legal basis for the Plaintiff's claims against the non-diverse co-Defendant, Kimberly Hendricks. The Plaintiff's request, that this Court consider and decide her Motion to Remand, which will simply require a determination as to the validity or non-validity of the Plaintiff's claims against Ms. Hendricks, will not infringe upon, or otherwise involve, any issues that might be common to other parties in the Vioxx MDL, In *re VIOXX Products Liability Litig.*, MDL-1657.

Indeed, Merck has not identified any other action pending in the Vioxx MDL, in which the MDL Court intends or expects to rule upon factually specific claims involving the purported fraudulent joinder of a sales/marketing representative, where a deceased

physician took Vioxx samples provided to him directly by a Merck sales/marketing representative, such as Ms. Hendricks in the present matter.

In *Hanan v. Ford Motor Company*, 2003 U.S. Dist. LEXIS (N.D. Cal. August 4, 2003) (unpublished), the court noted, succinctly, that, "It is best to resolve ***promptly*** the question of federal subject-matter jurisdiction so that this case may proceed in the appropriate forum without delay". *Id*., at page 12.  Moreover, in *Nicholas v. Prudential,* 1997 U.S. Dist. LEXIS (S.D. Ala. April 28, 1997), (unpublished), the court ruled that transfer to an MDL proceeding "unnecessarily burdens the plaintiffs' right to proceed in the forum of their choosing".[4]  The Court went on to note that:

> the plaintiffs would nevertheless be forced to pursue their claim in a forum not of their choosing one thousand miles from home. In light of the clearly improper removal of this case, such circumstances are simply intolerable. See Cole, No. CV-96-7171-MRP ("As a matter of simple fairness, [plaintiff] should not be required to go to New Jersey to object to this Court's exercise of jurisdiction over his lawsuit.").

*Id*. At page 15.

In *Anthem v. Bristol Meyers*, 2003 U.S. Dist. LEXIS 15762 (D. New Jersey, March 17, 2003), (unpublished), the Court recognized that:

> In exercising its discretion, however, the Court finds that the ***better option*** is to ***decline*** to stay proceedings and to consider the jurisdictional issue now. The issue is fully briefed by the parties and is ripe for determination. All relevant facts that could be presented to the MDL court are before this Court. Deciding the jurisdictional question now ***promotes judicial economy***: if jurisdiction does not exist, then the case need not be transferred to the MDL court at all, and if it does exist then both the parties and the MDL court will be faced with one less contested issue if and when the case eventually is transferred.

---

[4] See also, *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, et al.,* 54 F. Supp. 2d 1042, 1047-48 (D.Kan. 1999) ("for purposes of judicial economy, the jurisdictional issue should be resolved immediately")

The numerous examples of courts granting stays pending MDL transfer, as cited by Merck in its Memorandum in Support of the Motion to Stay, are not controlling upon this Court's determination as to whether it should hear the Plaintiff's pending Motion to Remand. Each case obviously involves the independent exercise of the court's discretion, based upon the circumstances presented in that case. The fact that many courts have deemed it appropriate to stay the proceedings in certain actions is not surprising. The unique facts presented in each of those actions clearly may have warranted such stays. For example, in the case of *Denny v. Merck & Co., Inc.*, No. G-04-526 (S.D. Tex. Dec. 6, 2004), relied upon by Merck in the present action, an examination of the docket entries, (through the *Pacer* system), demonstrates that the case had initially been remanded to state court by the federal court, *sua sponte*. After Merck removed the matter to federal court for a second time, the Plaintiff filed a Motion to Remand, which was then denied. It was only *after* the denial of the Motion to Remand that the court allowed Merck's Motion to Stay.

IV.    **Conclusion**

The Plaintiff respectfully suggests that Merck's attempt to remove this action from Middlesex Superior Court, in Massachusetts, and to claim federal jurisdiction, (in the face of the specific allegations in the Plaintiff's Complaint stating that Kimberly Hendricks provided the Vioxx in question to the Plaintiff's decedent for two years prior to his death), is in accordance with Merck's similar efforts to ignore the concept of diversity jurisdiction in another Vioxx action, *Smith v. Condell,* 2005 U.S. Dist. LEXIS (N.D. Ill. January 21, 2005), (unpublished). In *Smith*, the Court remanded the action to state court, *sua sponte*, observing that:

In sum, Merck's assertion of fraudulent joinder can only be viewed as *frivolous*. Its counsel's myopic view that it is therefore the only target of this lawsuit is flatly belied by the Complaint. It is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (*28 U.S.C. § 1447(c)*). As called for by that statute, this action is remanded to the Circuit Court of Cook County.

*Id.,* at page 4. (Emphasis supplied).

The Plaintiff submits that Merck's endeavors to remove the present matter to federal court, to ignore the clear allegations against Kimberly, to have the action transferred to the MDL proceedings in Louisiana and to stay proceeding in this Court pending transfer to the MDL, in an effort to prevent this Court from deciding the threshold jurisdictional issue, are equally frivolous and are consistent with its unsuccessful efforts to remove and transfer the *Smith* action, as cited above.

For the reasons set forth above, the Plaintiff requests that this Court deny the Defendant's Motion to Stay, in order to: 1) hear and decide the Plaintiff's pending Motion to Remand; and 2) permit the Plaintiff to serve the co-Defendant, Kimberly Hendricks, on or before May 27, 2005.

        Respectfully submitted,
        LINDA ISNER, Executrix of the ESTATE OF JEFFREY ISNER, M.D.
        By her attorney,

        **/s/ Joseph L. Doherty, Jr.**
        Joseph L. Doherty, Jr. (BBO# 127280)
        JOSEPH L. DOHERTY, JR. & ASSOCIATES
        225 Franklin Street
        Boston, Massachusetts  02210
        (617) 217-2837

**CERTIFICATE OF SERVICE**

      I, Joseph L. Doherty, Jr., counsel for the Plaintiff, Linda Isner, as Executrix of the Estate of Jeffrey Isner, M.D., do hereby certify that on the 18th day of April, 2005, I served a copy of the within Opposition of the Plaintiff to the Defendant's Motion to Stay by first-class mail to counsel of record for the Defendant Merck & Co., Inc.:

James J. Dillon
Bradley E. Abruzzi
Foley Hoag, LLP.
155 Seaport Boulevard
Boston, MA  02210

                              **/s/ Joseph L. Doherty, Jr.**
                              Joseph L. Doherty, Jr.
                              BBO No. 127280
                              Joseph L. Doherty, Jr. and Associates
                              225 Franklin Street, 26th Floor
                              Boston, Massachusetts, 02110
                              (617) 217-2837