UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LINDA ISNER,** as Executrix of the **ESTATE OF JEFFREY ISNER**, **M.D.,** Plaintiff, <br><br> v. <br><br> **MERCK & CO., INC.** and **KIMBERLY HENDRICKS**, Defendants. | CIVIL ACTION NO. 05-10328-DPW |

**PLAINTIFF'S REPLY BRIEF, WITH SUPPORTING AFFIDAVITS, IN RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**I.   Introduction**

In accordance with this Court's allowance, on April 7, 2005, of the Plaintiff's Motion for Leave to File a Reply Brief, with supporting affidavits, in response to the Defendant's Opposition to the Motion to Remand, the Plaintiff submits the following Reply Brief, with the attached affidavits of Eunice-Anne Neely, Dr. Isner's Administrative Assistant for seventeen years prior to his death, and of the Plaintiff, Linda Isner, Dr. Isner's wife.

The Plaintiff submits that the allegations set forth in paragraphs 3, 7, 9, 14, 25, 26, 27 and 28 of the Plaintiff's Complaint, relating specifically and exclusively to the Plaintiff's claims against the non-diverse co-Defendant, Kimberly Hendricks, (as well as Paragraphs 10, 13, 15, 18, 30, 31, 32, 33 and 35 of the Complaint, presenting allegations against both Merck and Hendricks, Count II of the Complaint, presenting claims of negligence and wrongful death exclusively against the defendant Hendricks and Counts

III and IV of the Complaint, which present claims against both Hendricks and Merck), are sufficient to establish valid and cognizable claims against Ms. Hendricks, under Massachusetts law, in accordance with the requirements of "notice pleading", pursuant to both the Massachusetts and Federal Rules of Civil Procedure. The Plaintiff respectfully suggests that paragraph 14 of the Complaint alone, which states that Dr. Isner took Vioxx on a regular/daily basis and that the Vioxx was provided to him "by Merck, through its representative, Kimberly Hendricks, for approximately two years prior to his death on October 31, 2001", would constitute sufficient "notice pleading" establishing a factual basis for the Plaintiff's claims against Ms. Hendricks, (namely that she was the person, acting in her capacity as an employee of Merck, who supplied Dr. Isner with the Vioxx that he took over a two year period, resulting in his death).

Nevertheless, in view of the fact that Merck has challenged the sufficiency of the allegations against Ms. Hendricks,[1] the Plaintiff submits the attached affidavits to clarify the factual grounds for the claims against Ms. Hendricks and to demonstrate that the

---

[1] Merck's original Notice of Removal completely ignored the allegations against Ms. Hendricks in paragraphs 7, 9, 14, 25, 26, 27 and 28 of the Complaint, (and against Hendricks and Merck jointly, in paragraphs 10, 13, 15, 18, 30, 31, 32, 33 and 35), claiming that only paragraph 3 of the Complaint presented allegations against Ms. Hendricks. In paragraph 5 of the Notice of Removal, counsel for Merck stated, incorrectly, that:

> The ***only*** specific factual allegation that the Plaintiff makes as to Ms. Hendricks is that she 'is an individual residing in Massachusetts and was, at all times relevant to this case, an employee, agent, servant, and/or marketing representative for the defendant, Merck.' Complaint ¶ 3.

(Emphasis supplied). In its Opposition to the Motion to Remand, Merck has expanded, slightly, its narrow and inaccurate reading of the Complaint, suggesting, (at pages 3-4 of its Opposition), that "(t)he ***only*** claims specific to Ms. Hendricks" appear in paragraphs 6, 9 and 14 of the Complaint". (Emphasis supplied). Merck still refuses to acknowledge, and/or simply chooses to ignore, the specific allegations in paragraphs 7, 25, 26, 27 and 28 and in paragraphs 10, 13, 15, 18, 30, 31, 32, 33 and 35 of the Complaint, pertaining to Ms. Hendricks.

Plaintiff has, and had at the time she filed her Complaint, a good faith basis for asserting her claims against Ms. Hendricks.  As District Judge Saris of this Court noted, in *Mills v. Allegiance Healthcare Corporation*, 178 F. Supp. 2d 1 (D. Mass. 2001), when "analyzing a claim of fraudulent joinder, a court is not held captive by the allegations in the complaint", *Id*., at 5.  The Court may consider affidavits presented by the parties, even though "an examination of evidence extrinsic to the allegations of the complaint . . . can be problematic in fact-laden disputes, particularly where the opportunity for discovery has been lopsided". *Id*., at 6.  In the present action, there has been no opportunity for discovery by the Plaintiff to date, other than the Plaintiff's initial interrogatories, to which Merck's answers are due contemporaneously with the filing of this Reply Brief.

**II.     Argument**

The affidavit of Kimberly Bahry, presented by Merck with its Opposition to the Motion to Remand, is deficient on its face because it fails to comply with the procedural standards established by Fed. R. Civ. P. 56(e) and/or *28 USC § 1746*[2].  *Nowhere in the affidavit does it state that it is based upon the personal knowledge of the affiant. Moreover, it does not contain any language to establish that it was signed under pains and penalties of perjury.*  *Although the standard of review applicable to the Plaintiff's Motion to Remand requires this Court to resolve* "all disputed questions of fact . . . in plaintiff's favor", [Fields v. Pool Offshore, Inc., 182 F.3d 353, 357 (5th Cir. 1999)](#), and is more analogous to the standard of review of a Rule 12(b)(6) Motion to Dismiss than a Rule 56 Motion for Summary Judgment, the procedural and technical requirements of Rule 56(e), for assessing the sufficiency of affidavits, should apply to any affidavit submitted by a party

---

[2] *28 USC § 1746 provides the following proposed language for sworn statement executed within the United States:* "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct".

attempting to establish any factual matter for consideration by the Court. Rule 56(e) provides, in part, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Ms. Bahry's affidavit offers no language to establish that it is based upon her personal knowledge. In fact, the language chosen in paragraph 3 of the affidavit suggests just the opposite. Paragraph 3 states, "I *understand* that it *is* the standard practice of Merck Professional Representatives to record the calls they make on Health Care Professionals". Ms. Bahry does not state what the standard practice may have been in the past, during the two years prior to October 31, 2001, at issue in this action, nor does she state any facts upon which her *understanding* may be based. If Merck had a "standard practice" for recording calls upon Health Care Professionals, prior to October 31, 2001, someone within the Defendant's corporation should be able to state more than what he or she may "understand" the practice to have been.

Moreover, the term "standard practice" connotes something distinctly different from a rule or an absolute requirement imposed by Merck upon its Professional Representatives. Even though a procedure "is", at the present time, "standard practice", Ms Bahry's affidavit provides no information to establish whether that practice is, or was, generally followed by Merck Professional Representatives, whether it may have been regularly ignored by such Representatives without consequence, how carefully, and in what form, records are kept of such calls and for how long those records are retained. In this regard, Ms. Bahry specifically refers to the named Defendant, Kimberly

Hendricks, as "Kimberly Hendricks Needoba", without any information as to when or why Ms. Hendricks changed her name and without any explanation as to whether Ms. Bahry may have also reviewed, or had available, records kept simply under the name Kimberly Hendricks, prior to the time that Ms. Hendricks changed her name to Hendricks Needoba.

Paragraph 4 of Ms. Bahry's affidavit states generally that she "reviewed Merck's records of calls by Professional Representatives on Health Care Professionals". She does not provide any information as to the dates of the records reviewed or whether they related to the time period in question, (the two years prior to October 31, 2001). More importantly, the affidavit does not attach or enclose any of these "records of calls", from which this Court could determine the accuracy or inaccuracy of Ms. Bahry's conclusions. Rule 56(e) provides specifically that: "Sworn or certified copies of *all papers* or parts thereof *referred to* in an affidavit *shall be attached* thereto or served therewith". No such requisite documentation has been provided in conjunction with Ms. Bahry's affidavit. As this Court ruled, in *Federal Deposit Insurance Corp. v. Key financial Services, Inc.*, 1999 U.S. Dist. LEXIS 23006 (D. Mass., December 23, 1999), (unpublished):

> . . . the FDIC correctly points out that *Fed. R. Civ. P. 56(e)* requires that "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Fed. R. Civ. Pro. 56(e)*. Because the referenced documents are not attached, these paragraphs must be stricken.

Consequently, the Plaintiff submits that paragraph 4 of Ms. Bahry's affidavit

should be stricken or disregarded by the Court.[3]

The Plaintiff also takes issue with the fact that paragraph 4 of Ms Bahry's affidavit speaks in such general terms, suggesting that "Kimberly Hendricks Needoba never recorded a call on a Health Care Professional" with regard to Vioxx, rather than addressing the specific issue presented in this case, namely the nature and extent of Kimberly Hendricks', (or Kimberly Hendricks Nedoba's) interaction with Dr. Jeffrey Isner. If Merck could establish, based upon the records reviewed by Ms. Bahry, that Ms. Hendricks never recorded any calls upon Dr. Isner for any reason, it is highly unlikely that Merck would have omitted such an important finding in Ms. Bahry's affidavit. If the records reviewed by Ms. Bahry contained no references whatsoever to any interactions between Ms. Hendricks and Dr. Isner, Ms. Bahry's affidavit clearly would have stated that fact definitively, and would not have reverted to using the vague and undefined term "Health Care Professional". The Plaintiff respectfully suggests that this Court can reasonably infer from Ms. Bahry's use of the generalized term "Health Care Professional", that Ms. Bahry's review of whatever records she may have seen,

---

[3] The Plaintiff asserts that Ms. Bahry's affidavit could reasonably be stricken in its entirety by the Court, based upon the fact that it fails to state that it is based upon Ms. Bahry's personal knowledge and the fact that it is not signed under penalties of perjury. However, as this Court noted in *Teragram Corp. v. Marketwatch.com, Inc.,* 2004 U.S. Dist. LEXIS 26410 (D. Mass., December 29, 2004), (unpublished):

> The First Circuit cautions that employing *Rule 56(e)* "requires a scalpel, not a butcher knife," and, accordingly, commends "a selective approach to [assessing the witness'] affidavit . . . disregarding those parts of it that are inadmissible and crediting the remaining portions." *Perez v. Volvo Car Corp., 247 F.3d 303, 315 (1st Cir. 2001)*.

Consequently, rather than moving to strike Ms. Bahry's affidavit in its entirety, the Plaintiff requests that the Court simply disregard those portions of the affidavit, (in particular, paragraphs 3 and 4), to the extent that the Court finds them inadmissible, when ruling upon the Motion to Remand.

documented the fact that Kimberly Hendricks *did* meet with Dr. Isner, in her capacity as a sales/marketing representative for Merck, as alleged by the Plaintiff in her Complaint.

At best, Ms. Bahry's affidavit can be read as establishes nothing more than the fact that Ms. Bahry did not locate or identify any records of calls made by "Kimberly Hendricks Needoba" upon a "Health Care Professional" specifically relating to the drug Vioxx. It does not establish that Kimberly Hendricks did *not* supply Vioxx to Dr. Isner on a regular basis during the two years prior to his death, as alleged in the Complaint, nor does it establish what records Ms. Bahry reviewed, the accuracy and/or completeness of those records, the periods of time to which such records may have related or any other relevant fact necessary for Merck to meet its heavy burden of demonstrating that there is no reasonable possibility that the Plaintiff could prevail upon any one, or all, of her claims against Kimberly Hendricks in this action. *See*, [Fields v. Pool Offshore, Inc., 182 F.3d 353, 357 (5th Cir. 1999)](#) (the removing defendant has the burden of demonstrating that there is "no reasonable basis for predicting that the plaintiff might establish liability" against that defendant). As Judge Saris noted, in *Mills v. Allegiance Healthcare Corporation*, 178 F. Supp. 2d 1, 5 (D. Mass. 2001), a defendant can only meet that burden by presenting "clear and convincing evidence". The Plaintiff submits, due to the technical, procedural and factual deficiencies of Ms. Bahry's affidavit, that it could not reasonably be considered as "clear and convincing proof", even if it were unchallenged. However, when contrasted with the factually specific statements presented in the affidavits of Eunice-Anne Neely and Linda Isner, (attached hereto as exhibits "A" and "B"), Ms. Bahry's affidavit clearly cannot be viewed as establishing any relevant facts supportive of Merck's claim of fraudulent joinder, because "all disputed questions of

fact" must be resolved "in favor of the non-removing party". *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003).

The affidavit of Eunice-Anne Neely, based upon her specific personal knowledge and memory, demonstrates unequivocally that Ms. Hendricks came to meet with Dr. Isner at his office on a regular basis over the two year period in question prior to his death, that Ms. Hendricks *raved* about the benefits of Vioxx and that Ms. Hendricks regularly supplied Dr. Isner with samples of Vioxx for his personal use.  The affidavit of Linda Isner, also based upon her personal knowledge and memory, demonstratesthat Dr. Isner brought home the Vioxx samples he received from Ms. Hendricks, that he took the Vioxx on a daily basis and that he did not receive Vioxx from any other source during the two years prior to his death.  The Plaintiff respectfully suggests that the facts set forth in Eunice-Anne Neely's affidavit and Linda Isner's affidavit would be sufficient to establish the legitimacy of the Plaintiff's claims against Ms. Hendricks, even if the burden were upon the Plaintiff to establish such legitimacy.  In view of the fact that Merck bears the burden of demonstrating, by clear and convincing evidence, that there is absolutely no reasonable possibility that the Plaintiff can prevail in her claims against Ms. Hendricks, the fact that any disputed questions of fact must be resolved by this Court in favor of the Plaintiff and the fact that the removal statute must be strictly construed "against jurisdiction and in favor of **remand**"**,** *Boyer v. Snap-on Tools Corp.***, 913 F.2d 108, 111 (3d Cir. 1990), the Plaintiff submits that Merck cannot possibly meet its burden of establishing fraudulent joinder.**

**Kimberly Hendricks is clearly a non-diverse defendant.  The Complaint alleges that she is a Massachusetts resident, as she was at the time of her**

**interactions with Dr. Isner prior to his death.  Merck did not deny Ms. Hendricks'**

**Massachusetts residency in its Answer to the Complaint, nor did it challenge her**

**residency in its Notice of Removal or in its Opposition to the Motion to Remand.**[4]

**The Plaintiff has alleged legitimate claims against Ms. Hendricks in good-faith.  As**

**a result of those claims, complete diversity is lacking and there is no basis for**

**jurisdiction in this Court.**

III.    Conclusion.

For the reasons set forth above, the facts set forth in the two attached affidavits and the reasons set forth in the Plaintiff's Motion to Remand and Memorandum in support of that Motion, the Plaintiff requests that this Court allow the Motion to Remand and order that this action be remanded to Middlesex County Superior Court.

> Respectfully submitted,
> LINDA ISNER, Executrix of the ESTATE OF JEFFREY ISNER, M.D.
> By her attorney,
>
>
> **/s/ Joseph L. Doherty, Jr.**
> Joseph L. Doherty, Jr. (BBO# 127280)
> JOSEPH L. DOHERTY, JR. & ASSOCIATES
> 225 Franklin Street
> Boston, Massachusetts  02210
> (617) 217-2837

---

[4] Although Merck's opposition references the fact that the Plaintiff has not yet served Ms. Hendricks, the Plaintiff's inability to locate Ms. Hendricks has been due to the fact that Merck has refused to answer the Plaintiff's interrogatories, requesting an address for Ms. Hendricks, and the fact that Merck only disclosed, through Ms. Bahry's affidavit, submitted on April 4, 2005, that Ms. Hendricks has apparently changed her name to Kimberly Hendricks Needoba.  Merck has never come forward with any evidence or argument to suggest, affirmatively, that Ms. Hendricks was not a resident of Massachusetts on the date this action was commenced, nor has Merck asserted jurisdiction upon any basis other than its claim of fraudulent joinder.  Consequently, the allegation in the Complaint, that Ms. Hendricks is a resident of Massachusetts, is unchallenged and must be accepted by the Court as true when deciding the Motion to Remand.

## CERTIFICATE OF SERVICE

      I, Joseph L. Doherty, Jr., counsel for the Plaintiff, Linda Isner, as Executrix of the Estate of Jeffrey Isner, M.D., do hereby certify that on the 18th day of April, 2005, I served a copy of the within Reply Brief and Supporting Affidavits by first-class mail to counsel of record for the Defendant Merck & Co., Inc.:

James J. Dillon
Bradley E. Abruzzi
Foley Hoag, LLP.
155 Seaport Boulevard
Boston, MA  02210

                                        **/s/ Joseph L. Doherty, Jr.**
                                        Joseph L. Doherty, Jr.
                                        BBO No. 127280
                                        Joseph L. Doherty, Jr. and Associates
                                        225 Franklin Street, 26th Floor
                                        Boston, Massachusetts, 02110
                                        (617) 217-2837

EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LINDA ISNER,** as Executrix of the **ESTATE OF JEFFREY ISNER**, M.D., Plaintiff, | ) ) ) ) |
| v. | ) CIVIL ACTION NO. 05-10328-DPW |
| **MERCK & CO., INC.** and **KIMBERLY HENDRICKS**, Defendants. | ) ) ) ) ) |

### AFFIDAVIT OF EUNICE-ANNE NEELY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

I, Eunice-Anne Neely, do on oath depose and state that the following facts are true based upon my personal knowledge and memory:

1. I live at 200 Cove Way, #305, Quincy, Massachusetts, and I work at St. Elizabeth's Medical Center, in Brighton, Massachusetts, as an Administrative Assistant in the Cardiology Department. For 17 years prior to the death of Dr. Jeffrey Isner, in October, 2001, I worked as Dr. Isner's Administrative Assistant in his office at St. Elizabeth's Medical Center.

2. During the period of approximately two years or more, prior to Dr. Isner's death, I have a personal memory of speaking with and meeting with a Ms. Kimberly Hendricks, when she came to Dr. Isner's office and met with Dr. Isner on a regular basis, in her capacity as a sales and/or marketing representative for the drug manufacturer, Merck & Co., Inc.

3.      I have a personal memory of Ms. Hendricks speaking to Dr. Isner, to me and to other members of our office staff about the drug Vioxx, and raving about its benefits. I also have a personal memory of Ms. Hendricks supplying Dr. Isner with samples of the drug Vioxx on a regular basis, for his personal use, when she came to meet with Dr. Isner at our office at St. Elizabeth's Medical Center.

Signed under pains and penalties of perjury this 14th day of April, 2005.

**/s/ Eunice-Anne Neely**
Eunice-Anne Neely

I, Joseph L. Doherty, Jr., counsel for the Plaintiff, hereby certify that the affiant has signed an original copy of this electronically filed affidavit. A copy of the signed original will be provided to counsel for the defendant, Merck & Co., Inc.

**/s/ Joseph L. Doherty, Jr.**
Joseph L. Doherty, Jr.

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LINDA ISNER,** as Executrix of the )<br>**ESTATE OF JEFFREY ISNER**, **M.D.,** )<br>    Plaintiff, )<br>  )<br>v. )<br>  )<br>**MERCK & CO., INC.** )<br>and **KIMBERLY HENDRICKS**, )<br>    Defendants. )<br>  ) | CIVIL ACTION NO. 05-10328-DPW |

**AFFIDAVIT OF LINDA ISNER IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND**

I, Linda Isner, do on oath depose and state that the following facts are true based upon my personal knowledge and memory:

1.   I live at 34 Brenton Road, Weston, Massachusetts and I was married to Dr. Jeffrey Isner prior to his death in October, 2001.

2.   For approximately two years prior to his death, my husband took the drug Vioxx on a daily basis. He told me that he received the Vioxx, as promotional samples, from the manufacturer's representative for Merck, who came to his office on a regular basis. I did not know the name of the manufacturer's representative at the time. However, I have since been told by my husband's office staff that her name was Kimberly Hendricks.

3.    When my husband first started taking the Vioxx, he would bring home large brown boxes that had smaller orange boxes inside. The orange boxes were labeled "Vioxx", and stated that they were not for resale but were for promotional purposes. Later he began bringing home plastic bottles of Vioxx, bound together with clear plastic

wrapping in groups of four or six. These bottles had similar language stating that they were not for resale.

4.     To my knowledge, my husband did not obtain Vioxx from any source other than the Merck representative who came to his office during the two years prior to his death, (as he had sufficient amounts provided to him by the manufacturer's representative).

Signed under pains and penalties of perjury this 14th day of April, 2005.


　　　　　　　　　　　　　　　　　　　**/s/ Linda Isner**_____
　　　　　　　　　　　　　　　　　　　Linda Isner

I, Joseph L. Doherty, Jr., counsel for the Plaintiff, hereby certify that the affiant has signed an original copy of this electronically filed affidavit. A copy of the signed original will be provided to counsel for the defendant, Merck & Co., Inc.

　　　　　　　　　　　　　　　　　　　**/s/ Joseph L. Doherty, Jr.**
　　　　　　　　　　　　　　　　　　　Joseph L. Doherty, Jr.