IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LINDA ISNER, Executrix of ESTATE OF
JEFFREY ISNER, M.D.,

                    Plaintiff,

            v.                                      CIVIL ACTION No. 05-10328-DPW

MERCK & CO., INC. and KIMBERLY
HENDRICKS,

                    Defendants.

**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO STAY ALL PROCEEDINGS PENDING A TRANSFER DECISION BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

The Plaintiff urges this Court to expend judicial resources and risk inconsistency by deciding her remand motion immediately rather than await MDL transfer.  In making this request, the Plaintiff cites a handful of cases in which courts ruled on remand motions despite impending transfer.  However, the majority of courts have recognized the appropriateness of deferring consideration of remand motions in order to allow the MDL judge to decide jurisdictional issues in a coordinated manner.  Nor is there anything unique about the Plaintiff's allegations that warrants a departure from that general rule.  To the contrary, the jurisdictional issue raised by the Plaintiff's motion (specifically, whether plaintiffs can defeat diversity by naming Merck sales representatives) arises in numerous other cases already pending before the MDL court.  For these reasons, defendant Merck & Co., Inc. ("Merck") respectfully requests that this Court grant Merck's motion to stay all proceedings until the JPML resolves the Plaintiff's opposition to transfer.

1

# ARGUMENT

As set forth in Merck's stay motion, scores of cases have been filed against Merck involving VIOXX®.   Each of the cases currently in federal court presents certain overlapping questions of fact and alleges similar theories of liability and injury arising from plaintiffs' treatment with VIOXX®.

More than 350 VIOXX®-related cases — including approximately 45 cases with pending remand motions[1] — have been stayed by federal courts around the country over the last several months.  These courts have all recognized that the purpose of the MDL statute would be undermined if dozens of federal courts were forced to waste time considering the same questions, and issue either duplicative or inconsistent remand decisions.

Deferral of the Plaintiff's remand motion is particularly appropriate here because the case is already subject to a conditional transfer order and because the same jurisdictional issues raised in the Plaintiff's remand motion will be considered by Judge Fallon in the context of numerous other cases.  Indeed, the MDL proceeding already includes a number of cases that will require Judge Fallon to address fraudulent joinder questions, including cases in which plaintiffs have

---

[1]       *See, e.g., Flippin v. Merck & Co., Inc.*, No. 05-1068 (W.D. Tenn. Apr. 8, 2005); *Macklin v. Merck & Co., Inc.*, No. 05-1054 (W.D. Tenn. Apr. 7, 2005); *Tharpe v. Merck & Co., Inc.*, No. 05-1067 (W.D. Tenn. Apr. 7, 2005); *Anderson v. Merck & Co., Inc.*, No. 05-0089 (E.D. Mo. March 16, 2005); *McCrerey v. Merck & Co., Inc.*, No. 04-2576 (S.D. Cal. Mar. 3, 2005); *Hankins v. Merck & Co., Inc.*, No. 04-1525 (W.D. Ark. Feb. 28, 2005); *Dixon v. Merck & Co., Inc.*, No. 05-121 (S.D. Tex. Feb. 23, 2005); *Matthews v. Merck & Co., Inc.*, No. 05-35 (E.D. Miss. Feb. 23, 2005); *O'Gorman v. Merck & Co., Inc.*, No. 05-153 (E.D. Mo. Feb. 22, 2005); *Casimere v. Merck & Co., Inc.*, No. 05-142 (E.D. Mo. Feb. 22, 2005); *Bench v. Merck & Co., Inc.*, No. 04-1447 (E.D. Mo. Feb. 22, 2005); *Benoit v. Merck & Co., Inc.*, No. 05-118 (N.D. Ill. Feb. 15, 2005); *Neel v. Merck & Co., Inc.*, No. 05-0019 (E.D. Mo. Feb. 2, 2005); *Wright v. Merck & Co., Inc.*, No. 04-3037 (D. Ariz. Jan. 28, 2005);  McNichols v. Merck & Co., Inc., No. 04-23064 (D.S.C. Jan. 12, 2005); *Pace v. Merck & Co., Inc.*, No. 04-1356 (D.N.M. Jan. 10, 2005); *Houston v. Merck & Co., Inc.*, No. 04-2188 (D.D.C. Jan. 7, 2005); *Nevels v. Merck & Co., Inc.*, No.  04 -952 (W.D. Mo. Dec. 27, 2004); *Pagan v. Merck & Co., Inc.*, No. 04-8959 (S.D.N.Y. Dec. 27, 2004); *Fairchild v. Merck & Co., Inc.*, No. 04-420 (E.D. Ky. Dec. 21, 2004); *Hunter v. Merck & Co., Inc.*, No. 04-2518-CM (D. Kan. Dec. 20, 2004); *Fontanilles v. Merck & Co., Inc.*, No. 04-22799 (S.D. Fla. Dec. 14, 2004); *Perkins v. Merck & Co., Inc.*, 4:04-cv-1446 HEA (E.D. Mo. Dec. 2, 2004); *Lewis v. Merck & Co., Inc.*, No. 1:04-CV-00685 (E.D. Tex. Nov. 23, 2004); *Register v. Merck & Co., Inc.*, No. 3:04-CV-2259-R (N.D. Tex. Nov. 23, 2004); *Painton v. Merck Co., Inc.*, No. 1:04-CV-686 (E.D. Tex. Nov. 22, 2004); *Schneider v. Merck & Co., Inc.*, No. 04-22632-Civ-Moreno (S.D. Fla. Nov. 19, 2004); *Price v. Merck & Co., Inc.*, No. 3:04cv866LN (S.D. Miss. Nov. 16, 2004); *White v. Merck & Co., Inc.*, No. 3:04-cv-2136 (W.D. La. Nov. 8, 2004);  *McFarland v. Merck & Co., Inc.*, No. 03-247 (S.D. Miss. Nov. 5, 2004); *Magee v. Merck & Co., Inc.*, No. 2:03cv249 (S.D. Miss. Nov. 5, 2004).

named in-state Merck sales representatives in an effort to defeat federal jurisdiction.  *See, e.g.,*

*Anderson v. Merck & Co., Inc.,* transferred from E.D. Mo. (C.A. No. 05-0089); *O'Gorman v.*

*Merck & Co., Inc.,* transferred from E.D. Mo. (C.A. No. 05-0153); *Casimere v. Merck & Co.,*

*Inc.,* transferred from E.D. Mo. (C.A. No. 05-0142).  All of these cases were stayed by transferor

courts despite pending remand motions.  (*See* Exhibit A.)  In addition, there are a number of

other cases awaiting transfer that raise the fraudulent joinder issue as well.  Thus, the Plaintiff

errs when she asserts that "[t]he single factual issue presented in the Motion to Remand [whether

defendant Hendricks is fraudulently joined] . . . is unique to this case" (Pl. Opp'n at 6-7).  Other

cases allege that plaintiffs took samples, and the role of Merck sales representatives in the

marketing and distribution of VIOXX® is certainly at issue in other remand motions pending

before the MDL court.  Accordingly, deferring consideration of the Plaintiff's remand motion

will best serve the MDL goals of efficiency and consistent rulings.[2]

The Plaintiff also protests that she will be prejudiced and her case unduly delayed if this

case is stayed while the JPML determines whether it will be transferred.  (*See* Pl. Opp'n at 1.)

However, any delay that plaintiff may experience will be minimal, and the prejudice to Merck

arising from duplicative motion practice and discovery would far outstrip any harm to plaintiff.

*See Arthur-Magna, Inc. v. Del-Val Fin. Corp.,* Civ. A. No. 90-4378, 1991 WL 13725, at *1 (D.

N.J. Feb. 1, 1991) (noting that even if a temporary stay can be characterized as a delay

prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants

that are compelling enough to warrant such a delay); *American Seafood, Inc. v. Magnolia*

---

[2]    The authorities cited by the Plaintiff do not undermine this point.  As noted in *Jackson*, the general rule is for federal courts to issue stays pending transfer, notwithstanding the minority view reflected in the Plaintiff's contrary cases.  And, unlike *Sao Paulo v. Am. Tobacco Co.,* No. 98-0008, 2000 U.S. Dist. LEXIS 9617 (E.D. La. May 26, 2000) (Pl. Mem. at 6) and *Anthem, Inc. v. Bristol-Meyers Squibb Co.,* No. 03-0008, 2003 U.S. Dist. LEXIS 15762 (D.N.J. 2003) (Pl. Mem. at 8), there is a possibility of conflicting rulings in this case, specifically on the issue of fraudulent joinder of sales representatives.

*Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992)

(holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that

judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). In its order

establishing *In re VIOXX Prods. Liab. Litig.*, the JPML explicitly held that the existence of

pending remand motions was not an impediment to consolidation because such motions can be

decided efficiently by the MDL court. The Panel stated:

> The pendency of a motion to remand to state court is not a sufficient basis to
> avoid inclusion in Section 1407 proceedings. We note that motions to remand . . .
> can be presented to and decided by the transferee judge. *See, e.g. In re Ivy,* 901
> F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales
> Practices Litigation*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). . . . Should
> the transferee judge deem remand of any claims or actions appropriate,
> procedures are available whereby this may be accomplished with a minimum of
> delay.

Order at 2 (J.P.M.L. Feb. 16, 2005) (attached at Exhibit B). Far from being prejudicial,

allowing the transferee court to decide remand motions is actually the preferable course. As the

court in *Magee v. Merck & Co., Inc.* explained:

> The gravity of the ruling of this court is magnified by the fact that
> the decision to remand is not subject to appeal. These motions
> deserve careful, studied, time-consuming consideration. In this
> arena, the court has often found itself struggling to craft an
> approach to remand-related discovery that is fair and reasonable to
> all. Always in this effort, there is the potential that such remand-
> related discovery will be duplicative of the discovery that the MDL
> Panel is designed to simplify. . . . Plaintiff will not be unduly
> prejudiced if proceedings in this court, including consideration of
> the Motion to Remand, are stayed pending a decision by the JPML
> as to the transferability of this case. The court additionally finds
> that staying all proceedings will serve the interests of judicial
> economy.

Order at 3-4, No. 2:03cv249 (S.D. Miss., Nov. 4, 2004) (citations omitted) (attached at Exhibit

C). Indeed, all of the parties — including the Plaintiff here — will benefit from coordinated

pretrial case management and, as such, any potential delay is outweighed by the efficiencies

4

available in a coordinated MDL proceeding.  Thus, the Plaintiff's motion for remand merely

confirms that this Court should stay the case.

Finally, the Plaintiff claims that a stay would prevent her from locating and serving

defendant Hendricks.  (Pl. Opp'n at 3.)  This concern, too, is misplaced.  As the Plaintiff notes,

this Court granted her motion to compel responses to interrogatories on April 7, 2005 and

extended the deadline for serving Hendricks to May 27, 2005.  (Pl. Opp'n at 3.)  Granting a stay

of proceedings, however, does not disturb this prior ruling of the Court.  *See, e.g., Reed v.

Rhodes,* 472 F. Supp. 603, 605 (N.D. Ohio 1979) ("A stay does not reverse, annul, undo, or

suspend what has already been done or what is not specifically stayed.").  There is no reason

why this Court cannot fashion a stay that allows the Plaintiff to locate and serve Hendricks,

should it find it appropriate to do so.  *See, e.g., Medical Soc. of the State of N.Y. v. Conn. Gen.

Corp.,* 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001) (staying case likely to be transferred to MDL

proceeding despite pending remand motion because of efficiency and no prejudice to the

plaintiff, but limiting the stay to allow parties to brief the motion, which would then be decided

by the transferee judge if transfer was effected).

In short, staying this case will promote judicial efficiency and uniformity without unduly

prejudicing any party.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, Merck respectfully requests that the Court grant its

Motion to Stay All Proceedings Pending a Transfer Decision by the JPML.

MERCK & CO., INC.
By its attorneys:

/s/ *Bradley E. Abruzzi*
James J. Dillon (BBO# 124660)
Bradley E. Abruzzi (BBO# 651516)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110-2600
(617) 832-1000

Dated: April 25, 2005

## CERTIFICATE OF SERVICE

I certify that on April 25, 2005 I e-filed the foregoing DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING A TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, causing a true digital copy of the same to be served simultaneously upon:

Joseph L. Doherty, Jr.
Joseph L. Doherty, Jr. & Associates
225 Franklin Street
Boston, MA  02110
**Counsel for Plaintiff Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D.**

/s/ *Bradley E. Abruzzi*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARLINE ANDERSON, et al.,           )
                                   )
              Plaintiffs,          )
                                   )
       vs.                         )        No. 4:05-CV-89 (CEJ)
                                   )
MERCK & CO., INC., et al.,         )
                                   )
              Defendants.          )

### ORDER

On March 4, 2005, the Judicial Panel on Multidistrict Litigation entered a conditional transfer order, transferring this action to the Eastern District of Louisiana for pretrial proceedings pursuant to 28 U.S.C. § 1407.  *In re VIOXX Products Liability Litigation*, Docket No. 1657 (Conditional Transfer Order March 4, 2005).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Merck & Co., Inc. to stay all proceedings pending transfer to the Eastern District of Louisiana [#9] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for extension of time to file responses to dismissal motions pending ruling on plaintiffs' motion to remand [#54] is **denied**.  Plaintiffs shall file responses to the dismissal motions of defendant Walgreens Co. within twenty (20) days of the date of this order.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2005.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL O'GORMAN, | ) | |
| THERESIA O'NEAL, | ) | |
| NOLA OVERBY-EISENBERG, | ) | |
| BEN PRIMUS, | ) | |
| LAUREN PARK, | ) | |
| CLIFFORD PHILLIPS, | ) | |
| GARY MARTIN, | ) | |
| DONALD McMULLOUGH, and | ) | |
| LYNETTA McCLYMOND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:05 CV 153 DDN |
| | ) | |
| MERCK & CO., INC., | ) | |
| AMY SEPKO, | ) | |
| SHERRY ALBERTS, | ) | |
| JOHN AND/OR JANE DOES 1-100, | ) | |
| | ) | |
| Defendants.. | ) | |

## MEMORANDUM AND ORDER STAYING ACTION

On February 16, 2005, the Judicial Panel on Multidistrict Litigation in *In re Vioxx Products Liability Litigation*, Docket No. 1657, issued its Transfer Order, upon the motion of Merck & Co., Inc. (Merck), that 148 actions, some of which are pending before this court, be transferred to the Eastern District of Louisiana for pretrial proceedings. In that Transfer Order the Panel acknowledged that there are approximately 300 potentially related actions pending in many districts. The Panel stated that these actions will be treated as potential tag-along actions. A review of the allegations in this action indicates that the above-styled action is a tag-along action, likely to be transferred as part of the *Vioxx Liability Litigation*.

Regarding pending matters, the Panel stated that the pendency of a motion to remand is not a sufficient basis to avoid inclusion in the transfer; such motions "can be presented to and decided by the transferee judge." *See In Re Vioxx Products Liability Litigation,* No. 1657, at 2 (MDL February 16, 2005).

Currently pending in this action are (1) the motion of Merck to sever plaintiffs (Doc. 7); (2) the motion of Merck to stay all

proceedings (Doc. 11); (3) the motion of the plaintiffs to remand (Doc. 14); and (4) the Consent Motion for Extension of Time (Doc. 16).

Although this action was not specifically included in Schedule A of the Transfer Order, this action is a potential tag-along action subject to the authority of the Judicial Panel on Multidistrict Litigation and subject to consolidation and transfer. *See* Rules 7.4 and 7.5, R.P.J.P.M.L. (2001). Therefore, the pending motions to remand and to sever plaintiffs must be deferred to the transferee court for ruling after transfer. The motion to stay will be sustained.

Therefore,

**IT IS HEREBY ORDERED** that the Consent Motion for Extension of Time (Doc. 16) is sustained, in that defendant Merck shall file its Opposition to plaintiffs' motion to remand not later than March 22, 2005;

**IT IS FURTHER ORDERED** that the motion for remand (Doc. 14) and to sever plaintiffs (Doc. 7) are deferred to the transferee court following transfer; and

**IT IS FURTHER ORDERED** that the motion of defendant Merck to stay all other proceedings (Doc. 11), pending transfer to the transferee court, is sustained.

David D. Noce

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed this day, February 22, 2005.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CLARA CASIMERE, et al.,              )
                                     )
              Plaintiffs,            )
                                     )
        v.                           )    No. 4:05 CV 142 DDN
                                     )
MERCK & CO., INC., et al.,           )
                                     )
              Defendants..           )

### MEMORANDUM AND ORDER STAYING ACTION

On February 16, 2005, the Judicial Panel on Multidistrict
Litigation in *In re Vioxx Products Liability Litigation*, Docket No.
1657, issued its Transfer Order, upon the motion of Merck & Co., Inc.
(Merck), that 148 actions, some of which are pending before this court,
be transferred to the Eastern District of Louisiana for pretrial
proceedings.  In that Transfer Order the Panel acknowledged that there
are approximately 300 potentially related actions pending in many
districts.   The Panel stated that these actions will be treated as
potential tag-along actions. A review of the allegations in this action
indicate that the above-styled action is a tag-along action, likely to
be transferred as part of the *Vioxx Liability Litigation* .

Regarding pending matters, the Panel stated that the pendency of
a motion to remand is not a sufficient basis to avoid inclusion in the
transfer; such motions "can be presented to and decided by the
transferee judge." *See In Re Vioxx Products Liability Litigation,* No.
1657, at 2 (MDL February 16, 2005).

Currently pending in this action are (1) the Consent Motion for
Extension of Time (Doc. 17), (2) motion of plaintiffs to remand (Doc.
15), (3) motion of defendant Merck to stay all proceedings (Doc. 13),
and (4) motion of Merck to sever plaintiffs (Doc. 7).  Although this
action was not specifically included in Schedule A of the Transfer
Order, this action is a potential tag-along action subject to the
authority of the Judicial Panel on Multidistrict Litigation and subject
to consolidation and transfer.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L.
(2001).  Therefore, the pending motion to remand must be deferred to the

transferee court for ruling after transfer.  The motion to stay will be
sustained.

Therefore,

**IT IS HEREBY ORDERED** that the Consent Motion for Extension of Time
(Doc. 17) is sustained, in that defendant Merck shall file its
Opposition to plaintiffs' motion to remand not later than March 22,
2005;

**IT IS FURTHER ORDERED** that the motion for remand (Doc. 15) and to
sever plaintiffs (Doc. 7) are deferred to the transferee court following
transfer; and

**IT IS FURTHER ORDERED** that the motion of defendant Merck to stay
all proceedings (Doc. 13), pending transfer to the transferee court, is
sustained.


_David D. Noce_

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**


Signed this day, February 22, 2005.

- 2 -

# EXHIBIT B



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1657*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE VIOXX PRODUCTS LIABILITY LITIGATION*

### *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A. Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1] Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western District of Louisiana. Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois. Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district. AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district. Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas.

---

\* Judge Motz took no part in the decision of this matter.

[1] Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (1), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2). These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed. Accordingly, inclusion of the actions in Section 1407 proceedings is moot.

One other action – *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, S.D. New York, C.A. No. 1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session.

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

The three arguments in opposition to Section 1407 centralization can be summarized as follows: plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings, because motions to remand their actions to state court are pending; plaintiffs in some Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or that discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v. Merck & Co., Inc., et al.*, E.D. New York, C.A. No. 1:01-3441, against Pharmacia Corp., Pfizer Inc., and G.D. Searle & Co. relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

### MDL-1657 -- In re Vioxx Products Liability Litigation

#### Middle District of Alabama

*Paul Turner, Sr. v. Merck & Co., Inc.*, C.A. No. 1:04-999
*Danny M. Wilson v. Merck & Co., Inc.*, C.A. No. 2:03-844

#### Northern District of Alabama

*Carolyn O. Hensley, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-906
*William Cook v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2710
*Sharon Scott Jones v. Merck & Co., Inc.*, C.A. No. 5:04-3079

#### Southern District of Alabama

*Carolyn Younge, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:03-125

#### Eastern District of Arkansas

*Linda Sue Otts v. Merck & Co., Inc.*, C.A. No. 5:04-57

#### Western District of Arkansas

*Bobby Brown, et al. v. Merck & Co., et al.*, C.A. No. 4:04-4140
*Arthur Fulton, etc. v. Merck & Co., Inc.*, C.A. No. 6:03-6107

#### Central District of California

*Charles Ashman v. Merck & Co., Inc.*, C.A. No. 2:04-8225
*Janet Briggs v. Merck & Co., Inc.*, C.A. No. 2:04-9275

#### Northern District of California

*Kathy Tokes v. Merck & Co., Inc.*, C.A. No. 3:04-4435
*Patricia A. Taylor v. Merck & Co., Inc.*, C.A. No. 3:04-4510
*Jeffrey Brass v. Merck & Co., Inc.*, C.A. No. 3:04-4521

#### Middle District of Florida

*Frances Dunleavey, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-539

- A2 -

**MDL-1657 Schedule A (Continued)**

### Northern District of Florida

*Benjamin Burt, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-388

### Southern District of Florida

*Ellen B. Gerber, et al. v. Merck & Co., Inc.*, C.A. No. 0:04-61429
*Josefa Abraham, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-22631
*Sidney Schneider v. Merck & Co., Inc., et al.*, C.A. No. 1:04-22632
*Clara Fontanilles v. Merck & Co., Inc.*, C.A. No. 1:04-22799
*Stanley Silber, et al. v. Merck & Co., Inc.*, C.A. No. 9:04-80983

### Northern District of Georgia

*Richard Zellmer v. Merck & Co., Inc., et al.*, C.A. No. 1:03-2530
*Edna Strickland v. Merck & Co., Inc.*, C.A. No. 1:04-3231

### Northern District of Illinois

*Linda Grant, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-6407
*Constance Oswald v. Merck & Co., Inc.*, C.A. No. 1:04-6741
*Anita Ivory v. Merck & Co., Inc.*, C.A. No. 1:04-7218

### Southern District of Illinois

*Roberta Walson, etc. v. Merck & Co., Inc.*, C.A. No. 3:04-27
*John Ellis v. Merck & Co., Inc., et al.*, C.A. No. 3:04-792
*Bilbrey v. Merck & Co., Inc.*, C.A. No. 3:04-836

### Southern District of Indiana

*Estate of Lowell D. Morrison v. Merck & Co., Inc.*, C.A. No. 1:03-1535
*Kimberly Van Jelgerhuis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-1651

### District of Kansas

*Vicky Hunter v. Merck & Co., Inc.*, C.A. No. 2:04-2518
*Betty S. Smith v. Merck & Co., Inc.*, C.A. No. 6:04-1355

- A3 -

**MDL-1657 Schedule A (Continued)**

### Eastern District of Kentucky

*Daniel K. Williams v. Merck & Co., Inc.*, C.A. No. 2:04-235
*Richard J. Getty, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-452

### Eastern District of Louisiana

*Salvadore Christina, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-2726
*Angelis Alexander v. Merck & Co., Inc.*, C.A. No. 2:04-2845
*Leonce Davis v. Merck & Co., Inc.*, C.A. No. 2:04-2937
*Mary V. Gagola v. Merck & Co., Inc.*, C.A. No. 2:04-3053
*Christine L. Parr v. Merck & Co., Inc.*, C.A. No. 2:04-3054
*Clifton Adam Savage, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-3055
*Delores Thomas Robertson v. Merck & Co., Inc.*, C.A. No. 2:04-3056
*Howard Mark Falick v. Merck & Co., Inc.*, C.A. No. 2:04-3060
*Warren L. Gottsegen, M.D. v. Merck & Co., Inc.*, C.A. No. 2:04-3065

### Middle District of Louisiana

*Michael Wayne Russell v. Merck & Co., Inc.*, C.A. No. 3:04-712
*Linda Kay Hudson v. Merck & Co., Inc.*, C.A. No. 3:04-776
*Jesse Wilkinson v. Merck & Co., Inc.*, C.A. No. 3:04-800
*Wilson Brown v. Merck & Co., Inc.*, C.A. No. 3:04-801
*Dorothy Bracken v. Merck & Co., Inc.*, C.A. No. 3:04-802
*James Edward Benoit v. Merck & Co., Inc.*, C.A. No. 3:04-803
*Clarence Chiszle v. Merck & Co., Inc.*, C.A. No. 3:04-804

### Western District of Louisiana

*Anthony J. Mallet, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2304
*Calvin Warren, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2110
*Vicki White v. Merck & Co., Inc.*, C.A. No. 3:04-2126
*Norma Merrit, et al. v. Merck & Co., Inc.*, C.A. No. 5:03-1401
*Herchial Wright, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2268
*Leroy Bates, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2269
*Vaughn McKnight v. Merck & Co., Inc.*, C.A. No. 5:04-2270
*Josephine Harper v. Merck & Co., Inc.*, C.A. No. 5:04-2271
*Lendell Burns, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2272
*Leona Sadler v. Merck & Co., Inc.*, C.A. No. 5:04-2273
*William Tice, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2274
*Maynard Butler, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2275
*Marion Evans, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2276
*Donna Lavergne v. Merck & Co., Inc.*, C.A. No. 6:04-2174

- A4 -

## MDL-1657 Schedule A (Continued)

### District of Maryland

*Lindsey Edler, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-3612
*Melvin Biles v. Merck & Co., Inc.*, C.A. No. 1:04-975
*David Morris, Jr. v. Merck & Co., Inc.*, C.A. No. 8:04-3024
*Daniel Martin Jeffers, et al. v. Merck & Co., Inc.*, C.A. No. 8:04-3604

### District of Massachusetts

*Frank R. Saia v. Merck & Co., Inc.*, C.A. No. 1:04-12166

### District of Minnesota

*Carolyn Y. Glover v. Merck & Co., Inc.*, C.A. No. 0:03-5166
*Lowell Burris, Jr. v. Merck & Co., Inc.*, C.A. No. 0:04-4375
*Shirley Homister v. Merck & Co., Inc.*, C.A. No. 0:04-4754

### Northern District of Mississippi

*Frances Shannon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-105

### Southern District of Mississippi

*Leona McFarland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-247
*Bettye J. Magee, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-249
*Jerry Melton v. Merck & Co., Inc., et al.*, C.A. No. 2:04-372
*Janet Sue Morgan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-435
*Brenda Price, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-866

### Eastern District of Missouri

*Deyonne E. Whitmore v. Merck & Co., Inc.*, C.A. No. 4:03-1354
*Janice Perkins v. Merck & Co., Inc.*, C.A. No. 4:04-1446
*Jurhee Bench v. Merck & Co., Inc.*, C.A. No. 4:04-1447

### Western District of Missouri

*Caroline Nevels v. Merck & Co., Inc., et al.*, C.A. No. 4:04-952
*Russell Young, etc. v. Merck & Co.*, C.A. No. 6:04-5117

- A5 -

**MDL-1657 Schedule A (Continued)**

<u>District of New Jersey</u>

*Patrick Besaw v. Merck & Co., Inc.*, C.A. No. 3:04-5178
*Brenda Aguero, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-5341

<u>Eastern District of New York</u>

*Dominick Cain, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:01-3441
*William Hanson v. Merck & Co., Inc.*, C.A. No. 1:04-2949
*Jerome Covington v. Merck & Co., Inc.*, C.A. No. 1:04-4439
*Alan Mell v. Merck & Co., Inc.*, C.A. No. 1:04-4606
*Lorraine Fialo v. Merck & Co., Inc.*, C.A. No. 1:04-4686
*Lawrence Wright, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4485
*William Fontanetta, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4486

<u>Southern District of New York</u>

*Laney C. Davis v. Merck & Co., Inc.*, C.A. No. 1:04-8082
*Elizabeth Aiken v. Merck & Co., Inc.*, C.A. No. 1:04-8085
*Walter McNaughton v. Merck & Co. Inc.*, C.A. No. 1:04-8297
*Carmen M. Pagan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-8959
*Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-9248
*Anna Quick v. Merck & Co., Inc.*, C.A. No. 7:04-8169

<u>Northern District of Ohio</u>

*Marjory Knoll v. Merck & Co., Inc.*, C.A. No. 1:04-2209
*Danford K. Jones, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2217
*Meadows, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2229 9
*Wanda Moldovan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2245
*Janet Dauterman, et al. v. Merck & Co., Inc.*, C.A. No. 3:03-7623

<u>Western District of Oklahoma</u>

*Paul E. House v. Merck & Co., Inc.*, C.A. No. 5:04-1235

<u>Eastern District of Pennsylvania</u>

*Henry Smith, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4713
*Michelle Donovan v. Merck & Co., Inc.*, C.A. No. 2:04-4882
*Gwendolyn L. Carr v. Merck & Co., Inc.*, C.A. No. 2:04-4900
*Fred S. Engle v. Merck & Co., Inc.*, C.A. No. 2:04-5077
*Merrick Sirota, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-5130

- A6 -

**MDL-1657 Schedule A (Continued)**

### District of Puerto Rico

*Rafael Gonzalez-Arias, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2263

### District of South Carolina

*Bridget Elaine Michaud, etc. v. Merck & Co., Inc.*, C.A. No. 4:03-3083

### Eastern District of Texas

*Arthur Clifford Hall, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-684
*Brenda Lewis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-685
*Billie Painton, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-686
*Lovincy Richard, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-703
*Bill Jolley, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-376
*Marian Williamson, etc. v. Merck & Co., Inc.*, C.A. No. 2:04-406
*Deborah Daley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 6:03-509

### Northern District of Texas

*Dellas Staples, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-180
*Michael R. Leonard v. Merck & Co., Inc.*, C.A. No. 3:04-2157
*Jack A. Register, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-2259

### Southern District of Texas

*Heirs of the Estate of Pablo Flores v. Merck & Co., Inc., et al.*, C.A. No. 2:03-362
*Audona Sandoval v. Merck & Co., Inc.*, C.A. No. 2:04-544
*Jeffrey L. Denny, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-526
*Kimberly D. Stubblefield, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:02-3139
*John P. Eberhardt v. Merck & Co., Inc.*, C.A. No. 4:03-1380
*Myrtle Louise Bell, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3448
*Thomas Joseph Pikul, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3656
*Opalene Stringer, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3657
*Reginald K. Fears v. Merck & Co., Inc.*, C.A. No. 4:04-4187
*Peggy J. Balch v. Merck & Co., Inc.*, C.A. No. 4:04-4201
*John R. Stout v. Merck & Co., Inc.*, C.A. No. 4:04-4205
*Charles C. Gilmore v. Merck & Co., Inc.*, C.A. No. 4:04-4206
*Johnny White v. Merck & Co., Inc.*, C.A. No. 4:04-4207
*Donna Hale v. Merck & Co., Inc.*, C.A. No. 4:04-4208
*Bernadette Young v. Merck & Co., Inc.*, C.A. No. 4:04-4209
*William B. Gregory, Jr. v. Merck & Co., Inc.*, C.A. No. 4:04-4327

- A7 -

**MDL-1657 Schedule A (Continued)**

<u>Southern District of Texas</u> (Continued)

*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:03-134
*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:04-153
*Olga Sanchez v. Merck & Co., Inc., et al.*, C.A. No. 7:04-352
*Maria Emma Hinojosa v. Merck & Co., Inc.*, C.A. No. 7:04-373

<u>Western District of Texas</u>

*Joe Hopson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-485
*Larry Lee Bauman, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-707
*Carolyn Reed, etc. v. Minor, et al.*, C.A. No. 1:04-731

<u>District of Utah</u>

*Della Jo Salt, et al. v. Merck & Co., Inc.*, C.A. No. 2:01-794

<u>District of Vermont</u>

*Sara Cheeseman v. Merck & Co., Inc.*, C.A. No. 1:04-261

<u>Western District of Virginia</u>

*Catherine Wheatley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:04-20

# EXHIBIT C



# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

BETTYE J. MAGEE, ET AL.                                    **PLAINTIFFS**

V.                                          CIVIL ACTION NO. 2:03cv249SRo

MERCK & CO., INC., ET AL.                                  **DEFENDANTS**

---

## ORDER STAYING ALL PROCEEDINGS

---

This matter came before the court on the Defendants' Motion for Stay of Proceedings. By this Motion, the Defendants request that the court stay all proceedings, including consideration of the Motion to Remand, pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on their Motion for Transfer and Multidistrict Coordination under 28 U.S.C. § 1407.

It is well settled that the pendency of a motion before the JPML does not affect the jurisdiction of the transferor court. *See* J.P.M.L. R. 1.5.[1] Therefore, although a motion to transfer under 28 U.S.C. § 1407 is

---

[1]Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provides, in relevant part:

131

pending before the JPML, this court retains jurisdiction over the case and may decide whether to remand it to state court or to stay proceedings pending a decision by the JPML. *See, e.g., State of Rio de Janeiro of the Federated Republic of Brazil v. Philip Morris, Inc.,* 239 F.3d 714, 715 (5ᵗʰ Cir. 2001). It is likewise true that the court to which the JPML transfers an action "certainly has the power to determine the question of remand." *Lee v. Ford Motor Co.,* No. Civ. A. 02-2957, 2002 WL 31760252 (E.D. La. Nov. 8, 2002); *see also, In re WorldCom, Inc. Securities Litigation,* Nos. 02 Civ. 3288(DLC), 02 Civ. 8981(DLC), 2003 WL 716243 (S.D.N.Y. Mar. 3, 2003) (transferee court denying motion to remand). Thus, it is clear that a district court judge may either wait for a transfer order without ruling on a remand motion or rule on the motion prior to the transfer. *Moore v. Wyeth-Ayerst Laboratories,* 236 F. Supp. 2d 509, 511 (D. Md. 2002), citing *In re Asbestos Products Liability Litigation,* 170 F. Supp. 2d 1348, 1349 n. 1 (Jud. Pan. Mult. Lit. 2001). Although some courts have adopted the position that remand motions should be considered prior to the JPML's

---

The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

2

determination on transfer, the "better reasoned view is that a court may stay proceedings even where subject matter jurisdiction is uncertain." *Board of Trustees v. WorldCom, Inc.*, 244 F. Supp. 2d 900 (N.D. Ill. 2002).

Due to unique circumstances, the court now finds itself inundated with hundreds of motions to remand.  A large percentage of these cases are quasi-class actions involving hundreds, even thousands, of plaintiffs and hundreds of millions of dollars in asserted claims.  Many diverse, often complicated, factual and legal scenarios are presented.  The gravity of the ruling of this court is magnified by the fact that the decision to remand is not subject to appeal.  *See* 28 U.S.C. § 1447(d). These motions deserve careful, studied, time-consuming consideration. In this arena, the court has often found itself struggling to craft an approach to remand-related discovery that is fair and reasonable to all. *See, e.g., Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (holding that district court, in considering fraudulent joinder claims, may consider "summary judgment-type" evidence, such as affidavits and deposition testimony); *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (same); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.),

*cert. denied,* 498 U.S. 317 (1990) (same). Always in this effort, there is the potential that such remand-related discovery will be duplicative of the discovery that the MDL Panel is designed to simplify.

The power of this court to "stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). The court finds that Plaintiff will not be unduly prejudiced if proceedings in this court, including consideration of the Motion to Remand, are stayed pending a decision by the JPML as to the transferability of this case. The court additionally finds that staying all proceedings in this case will serve the interests of judicial economy. Therefore, the court will exercise its discretion and stay all proceedings in this case pending a decision by the JPML.

IT IS, THEREFORE, ORDERED that the Defendants' Motion for Stay of Proceedings [Doc. 128-1] is hereby granted. All proceedings in this case are hereby stayed until the Judicial Panel on Multidistrict Litigation makes its final determination as to whether this case will be transferred

4

for coordinated pretrial proceedings.

IT IS FURTHER ORDERED that the parties are to inform the court of the decision rendered by the Judicial Panel on Multidistrict Litigation within five days of their receipt of that decision.

IT IS SO ORDERED, this the 3 day of November, 2004.

_____
UNITED STATES MAGISTRATE JUDGE

5