IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA ISNER, Executrix of ESTATE OF JEFFREY ISNER, M.D.,<br><br>              Plaintiff,<br><br>      v.<br><br>MERCK & CO., INC. and KIMBERLY HENDRICKS,<br><br>              Defendants. | CIVIL ACTION No. 05-10328-DPW |

**DEFENDANT MERCK & CO., INC.'S SURREPLY MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO THE PLAINTIFF'S MOTION TO REMAND**

Pursuant to the Court's scheduling order of April 7, 2005, Merck respectfully submits this surreply in further support of its opposition to the Plaintiff's motion to remand this case to state court.

As the accompanying Second Affidavit of Kimberly Bahry explains, Ms. Hendricks did promote VIOXX® during her tenure as a Merck sales representative. Second Bahry Affidavit ¶ 4. Merck submits this Affidavit to correct the record and explain the error to the Court.

However, notwithstanding this error, Merck contends that this case is still inappropriate for remand. The nondiverse defendant Ms. Hendricks is fraudulently joined because the initial Complaint simply failed to state any specific allegation against Ms. Hendricks. The Plaintiff continues to argue that any factual allegation that names Ms. Hendricks is a "specific" allegation against her. This argument is pure casuistry: the fact is that a full review of the Complaint affords the reader no better idea of Ms. Hendricks's alleged tortious conduct than he had before reading it. What is more, nothing in the Complaint describes the conduct that Dr. Isner's former administrative assistant Ms. Neely attributes to Ms. Hendricks in her affidavit, which the

1

Plaintiff submitted last week.  If the Plaintiff had this information available to her at the time she filed her Complaint, she should have included it.  As written, however, the Complaint scrupulously avoids providing any specifics about Ms. Hendricks and how her conduct gives rise to the Plaintiff's cause of action against her.

All that the Plaintiff contends is that VIOXX® was provided to Dr. Isner "through" Ms. Hendricks.  Complaint ¶ 14.  The Complaint does not anywhere describe Ms. Hendricks's conduct; she is nothing but a passive conduit for the drug.  The law is clear: when a Complaint fails on its face to make specific allegations against a nondiverse defendant, that defendant is fraudulently joined and cannot serve as the basis for remand to state court.  *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001).  The Plaintiff may not, once her named defendant is impugned as fraudulently joined, amend her complaint or submit supplemental affidavits to salvage the Complaint.  *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 284 & nn.34, 35 (S.D.N.Y. 2001).  The problem is not with the Plaintiff's claim against Ms. Hendricks — the record before the Court shows that Ms. Hendricks may indeed have supplied samples of VIOXX® to Dr. Isner.  The Plaintiff's problem is her deficient Complaint.  Ms. Hendricks is fraudulently joined, and the Plaintiff's motion to remand should be denied.

For the above stated reasons, Merck respectfully requests that the Court deny the Plaintiff's motion to remand this case to Middlesex Superior Court.

MERCK & CO., INC.
By its attorneys:

/s/ *Bradley E. Abruzzi*
James J. Dillon (BBO# 124660)
Bradley E. Abruzzi (BBO# 651516)

|  | FOLEY HOAG LLP |
|---|---|
|  | 155 Seaport Boulevard |
|  | Boston, MA  02110-2600 |
|  | (617) 832-1000 |
| Dated: April 25, 2005 |  |

## CERTIFICATE OF SERVICE

      I certify that on April 25, 2005 I e-filed the foregoing DEFENDANT MERCK & CO., INC.'S SURREPLY IN SUPPORT OF ITS OPPOSITION TO THE PLAINTIFF'S MOTION TO REMAND, causing a true digital copy of the same to be served simultaneously upon:

Joseph L. Doherty, Jr.
Joseph L. Doherty, Jr. & Associates
225 Franklin Street
Boston, MA  02110
**Counsel for Plaintiff Linda Isner, Executrix of the Estate of Jeffrey Isner, M.D.**

                                             /s/ *Bradley E. Abruzzi*