UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LINDA ISNER,** as Executrix of the **ESTATE OF JEFFREY ISNER**, **M.D.,**     Plaintiff, <br><br> v. <br><br> **MERCK & CO., INC.** and **KIMBERLY HENDRICKS**,     Defendants. | ) ) ) ) ) ) CIVIL ACTION NO. 05-10328-DPW ) ) ) ) ) ) |

## SURREPLY BRIEF OF THE PLAINTIFF, LINDA ISNER, IN SUPPORT OF HER OPPOSITION TO THE DEFENDANT'S MOTION TO STAY PROCEEDINGS

### I.   Introduction

With the filing of this Surreply Brief on behalf of the Plaintiff, (in opposition to the Defendant Merck's Motion to Stay), the Plaintiff's Motion to Remand, as well as the Defendant's Motion to Stay, are now fully briefed and ready for hearing, (or for resolution without hearing, if the Court determines that the Motion to Remand can be allowed based upon the written submissions of the parties).[1]

The initial removal of this action, from Middlesex County Superior Court in Massachusetts, was predicated exclusively upon Merck's unsupported contention that the non-diverse co-Defendant, Kimberly Hendricks, was "fraudulently joined" as a defendant. That contention was based upon Merck's claim, in its Notice of Removal, that

---

[1] On April 25, 2005, the Defendant, Merck, filed its Reply Brief (with the assent of Plaintiff's counsel) to the Plaintiff's Opposition to Merck's Motion to Stay proceedings in this action. On that date, Merck also filed its Surreply Brief in support of its Opposition to the Plaintiff's Motion to Remand. Merck's Surreply Brief was accompanied by a new affidavit from a Merck employee named Kimberly Bahry, contradicting her prior affidavit and acknowledging that the non-diverse co-defendant, Kimberly Hendricks, *did* make sales calls relating to the drug Vioxx, in accordance with the Plaintiff's allegations in this matter.

the Plaintiff cannot "connect any conduct of Ms. Hendricks to the decedent's consumption of Vioxx". Merck reasserted its contention that Ms. Hendricks had no contact with Dr. Isner relating to Vioxx in its Opposition to the Plaintiff's Motion to Remand, in the first Affidavit of Kimberly Bahry, in its Motion to Stay and in its Memorandum in Support of its Motion to Stay.

However, Merck has now admitted that this contention was simply not true. In its Surreply Brief to the Plaintiff's Motion to Remand, Merck retracted its earlier contention and admitted that the non-diverse co-Defendant, Kimberly Hendricks, did, in fact, record calls upon Health Care Professionals relating to the drug Vioxx. Moreover, Merck acknowledged that "Ms. Hendricks may indeed have supplied samples of Vioxx to Dr. Isner". (Surreply Brief of the Defendant Merck, at page 2).

In view of Ms. Bahry's second affidavit, repudiating the claims she made in her first affidavit, as well as Merck's corresponding withdrawal, in its Surreply Brief, of its previously asserted contention, (concerning Kimberly Hendricks' purported lack of involvement in providing Vioxx to Dr. Isner), the Plaintiff submits that no legitimate basis ever existed for Merck to have removed this action from state court. Consequently, the Motion to Stay must be denied and that the Motion to Remand must be allowed.

Merck's prior written submissions to this Court, (claiming, incorrectly, that Kimberly Hendricks was "never" involved with the promotion or distribution of Vioxx), were untrue and were subject to the provisions of Fed. R. Civ. P. 11. Ms. Bahry's admissions in her second affidavit, allegedly "correcting", but clearly repudiating, her first affidavit, demonstrate that if Merck had simply taken the time to review its own records, (prior to its precipitous removal of this action from state court), it would have

recognized that it had no valid legal basis for claiming fraudulent joinder and that it had no basis for removing this action in the first place.

The MDL Panel is scheduled to hear and/or decide the issue of transfer to the Vioxx MDL on May 26, 2005. The Plaintiff respectfully submits that there is no legitimate reason to stay this matter at this time and further submits that any attempts by Merck to delay the resolution of the Plaintiff's Motion to Remand by this Court are entirely unwarranted. Merck's retraction of the central factual issue, upon which it had based the removal of this action from state court, unquestionably warrants the immediate remand of this action to the Middlesex Superior Court in Massachusetts.

**II.     Argument**

The Plaintiff, Linda Isner, submits that substantive portions of the second affidavit of Ms. Bahry are subject to being stricken for the same reasons that her first affidavit should be stricken. As set forth in Plaintiff's Reply Brief, relating to Plaintiff's Motion to Remand, neither of Ms Bahry's affidavits state that they are based upon her personal knowledge, neither affidavit is signed under penalties of perjury and neither affidavit attaches any of the documents or data upon which the affidavit is based. Nevertheless, with the clear acknowledgement by Merck that the co-defendant, Kimberly Hendricks, *did* make sales calls concerning Vioxx, the entire substantive basis for Merck's opposition to the Plaintiff's Motion to Remand has disintegrated. As Merck itself admitted in its Surreply Memorandum, based upon Ms. Bahry "correcting" her earlier affidavit:

> ….the record before the Court shows that Ms. Hendricks may indeed have supplied samples of Vioxx to Dr. Isner.

Despite this admission, Merck still attempts to oppose the Plaintiff's Motion to Remand, based entirely upon an overly technical argument that the language of the Plaintiff's Complaint is deficient as to the claims against Ms. Hendricks. The Plaintiff submits that Merck's sole remaining argument, involving an analysis of the language of the claims against Ms. Hendricks in the Complaint, is clearly insufficient to meet the Defendant's heavy burden of establishing fraudulent joinder. Based upon the "notice pleading" requirements of Mass. R. Civ. P. 8, there is simply no way for Merck to establish that the Plaintiff's claims against the non-diverse defendant, Kimberly Hendricks, are fraudulent or invalid as a matter of law.

Merck's admission, at page 2 of its Surreply Memorandum, that "the problem is ***not*** with the Plaintiff's claim against Ms. Hendricks", (emphasis supplied), demonstrates, unquestionably, that the Plaintiff's Motion to Remand does not involve any issues that could conceivably be common to any other actions in the Vioxx MDL. All of the arguments asserted by Merck, in support of its initial Notice of Removal and its Opposition to the Plaintiff's Motion to Remand, have been reduced to the sole question of whether the case-specific language of the Plaintiff's Complaint, is sufficient to meet the liberally construed requirements of notice pleading.[2] Resolution of that limited

---

[2] As the Plaintiff noted in her Reply Brief concerning the Motion to Remand, Merck's original Notice of Removal completely overlooked and ignored the allegations presented exclusively against Ms. Hendricks in paragraphs 7, 9, 14, 25, 26, 27 and 28 of the Complaint, (and the allegations against Hendricks and Merck jointly, in paragraphs 10, 13, 15, 18, 30, 31, 32, 33 and 35), contending that only paragraph 3 of the Complaint presented allegations against Ms. Hendricks. In its Opposition to the Motion to Remand, Merck expanded its reading of the Complaint, slightly, contending that "(t)he only claims specific to Ms. Hendricks" appear in paragraphs 6, 9 and 14 of the Complaint". However, Merck still refuses to acknowledge the fact that paragraphs 7, 10, 13, 15, 18, 25, 26, 27, 28, 30, 31, 32, 33 and 35 of the Complaint also present allegations against Ms. Hendricks.

question, which pertains entirely to the facts and the pleadings in this case, cannot possibly have any influence upon other Vioxx Claims within the MDL. It is a simple, straight-forward, issue that can and should be decided by this Court.

### III.     Conclusion

The Defendant, Merck, removed this action from Middlesex Superior Court, in Massachusetts, based upon the invalid contention that there was no connection between any conduct of non-diverse co-defendant, Kimberly Hendricks, and Dr. Isner's consumption of Vioxx, and that Ms. Hendricks was, therefore, fraudulently joined as a defendant. Merck has now not only abandoned that argument, but has conceded that "on the record before the Court" Ms. Hendricks "may indeed have supplied Vioxx" to the Plaintiff's decedent.

The only remaining contention asserted by Merck in support of its claim of fraudulent joinder is its suggestion that the language describing the allegations against Ms. Hendricks in the Complaint is technically insufficient. The Plaintiff disputes that contention. The language of the Complaint clearly complies with the requirements of Rule 8 of both the Massachusetts and Federal Rules of Civil Procedure.[3] The allegations against Ms. Hendricks include statements that she negligently marketed, promoted and distributed Vioxx, prior to October 31, 2001, that she misrepresented that Vioxx was

---

[3] Rule 8(e) states:
**(e) Pleading to be Concise and Direct; Consistency.**
  (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.
  Rule 8(f) states:
**(f) Construction of Pleadings.** All pleadings shall be so construed as to do substantial justice.

safe, and did not pose any cardiovascular risks, when she knew, or should have known, that Vioxx was unreasonably dangerous and/or defective and that she provided Vioxx to Dr. Isner for approximately two years prior to his death. Those allegations alone would be sufficient to defeat a Motion to Dismiss under Rule 12(b)(6). However, regardless of the merits of the parties' positions concerning this basic question, it is obviously a preliminary jurisdictional question, specific to this case, that can and should be decided by this Court, prior to a decision by the MDL Panel on the issue of transfer. The Plaintiff should not be required to incur the further unnecessary expense and delay that will arise if this case is transferred to the MDL Court for resolution of this distinct jurisdictional issue.

The MDL Panel has advised counsel that it intends to consider and decide the issue of transfer to the Vioxx MDL on May 26, 2005. Consequently, the Plaintiff respectfully asks that this Court:

1. Deny Merck's Motion to Stay; and, either

2. Allow the Plaintiff's Motion to Remand upon the written submissions, prior to May 26, 2005; or

3. Schedule a hearing upon the Motion to Remand, sufficiently in advance of May 26, 2005, to allow this Court time to hear and decide the Motion to Remand prior to any action by the MDL Panel on May 26, 2005.

                        Respectfully submitted,

                        **PLAINTIFF, LINDA ISNER, AS EXECUTRIX OF THE ESTATE OF JEFFREY ISNER, M.D.**

                        By her attorney,

                        **/S/ Joseph L. Doherty, Jr.**
                        Joseph L. Doherty, Jr.
                        BB0 No. 127280
                        JOSEPH L. DOHERTY, JR. AND ASSOCIATES
                        225 Franklin Street, 26th Floor
                        Boston, Massachusetts 02110

DATED: May 11, 2005


### Certificate of Service

I certify that on May 11, 2005, I e-filed the foregoing ASSENTED TO MOTION OF THE PLAINTIFF, LINDA ISNER, FOR LEAVE TO FILE SURREPLY BRIEF and the foregoing SURREPLY BRIEF OF THE PLAINTIFF, causing a true copy of the same to be served simultaneously by email upon:

James J. Dillon, Esq.
Bradley E. Abruzzi, Esq.
Foley Hoag
155 Seaport Blvd.
Boston, MA 02210

                        **S/ Joseph L. Doherty, Jr.**
                        Joseph L. Doherty, Jr.
                        BB0 No. 127280
                        JOSEPH L. DOHERTY, JR. AND ASSOCIATES
                        225 Franklin Street, 26th Floor
                        Boston, Massachusetts 02110
                        (617) 217-2837