BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| In Re VIOXX® Products Liability Litigation | MDL Docket No. 1657 |

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| *Alvarez v. Merck & Co., Inc.* | CV 6:05-171 (M.D. Fl.) |
| *Brown v. Merck & Co., Inc.* | CV 1:05-1092 (N.D. Ill.) |
| *Carvajal v. Merck & Co., Inc.* | CV 8:05-276 (M.D. Fl.) |
| *Childers v. Merck & Co., Inc.* | CV 6:05-222 (M.D. Fl.) |
| *Diaz v. Merck & Co., Inc.* | CV 6:05-239 (M.D. Fl.) |
| *Hale v. Merck & Co., Inc.* | CV 4:05-300 (E.D. Mo.) |
| *Harris v. Merck & Co., Inc.* | CV 4:05-301 (E.D. Mo.) |
| *Hernandez v. Merck & Co., Inc.* | CV 6:05-221 (M.D. Fl.) |
| *Isner v. Merck & Co., Inc.* | CV 1:05-10328 (D. Mass.) |
| *Jones v. Merck & Co., Inc.* | CV 4:05-303 (E.D. Mo.) |
| *Jurado v. Merck & Co., Inc.* | CV 8:05-224 (M.D. Fl.) |
| *King v. Merck & Co., Inc.* | CV 2:05-165 (M.D. Ala.) |
| *Washburn v. Merck & Co., Inc.* | CV 5:05-47 (E.D. Ky.) |
| *Wolz v. Merck & Co., Inc.* | CV 4:05-307 (E.D. Mo.) |

**DEFENDANT MERCK & CO., INC.'S CONSOLIDATED RESPONSE TO
PLAINTIFFS' MOTIONS TO VACATE CONDITIONAL TRANSFER ORDER NO. 2**

Defendant Merck & Co., Inc. ("Merck") submits this Consolidated Response to

Plaintiffs' Motions to Vacate Conditional Transfer Order No. 2 ("CTO-2") and for the reasons

set forth herein respectfully requests that the Panel proceed with transferring the 14 actions contained within CTO-2 that have been the subject of Plaintiffs' motions to vacate Multidistrict Litigation No. 1657 (hereinafter, "MDL-1657") forthwith. Because Plaintiffs' arguments as to why their cases should not be transferred to Judge Fallon's court for pretrial proceedings under CTO-2 are by and large identical to those already addressed by Merck in its consolidated response to plaintiffs' motions to vacate Conditional Transfer Order No. 1 ("CTO-1") dated April 25, 2005 ("Merck's Response to CTO-1 Oppositions"), Merck expressly incorporates its prior response.

## PRELIMINARY STATEMENT

Plaintiffs in 14 of the cases originally listed on CTO-2 have made six separate motions to vacate the order transferring their cases to Judge Eldon E. Fallon in the Eastern District of Louisiana for coordinated pretrial proceedings pursuant to the MDL statute (28 U.S.C. § 1407).[1] With the exception of the arguments made by the Plaintiff in *Washburn*, these arguments are wholly repetitive of those made by plaintiffs who opposed CTO-1. Merck, having already fully briefed in Merck's Response to CTO-1 Oppositions: 1) whether the cases to be transferred involve "one or more common questions of fact" and 2) whether pending, undecided remand motions should bar transfer, will not repeat its arguments as to each issue in this response, but instead expressly incorporates its prior response as to these issues herein.

With respect to the argument made by Plaintiff in *Washburn* – that Plaintiff and her lawyer do not have the resources to engage in litigation in Louisiana, and that principles of

---

[1] Plaintiffs have filed six motions to vacate CTO-2 encompassing 14 actions. Four of the motions cover one action each, and one motion covers 14 actions. Plaintiffs in *Hale, Harris, Jones,* and *Wolz* in the Eastern District of Missouri have made one motion covering their actions, and these actions will hereinafter be referred to as "the Missouri actions." Plaintiffs in *Alvarez, Hernandez, Childers, Diaz, Jurado,* and *Carvajal* in the Middle District of Florida have likewise filed one motion, and these actions will hereinafter be referred to as "the Florida actions."

2

*forum non conveniens* counsel against transfer – Plaintiff is wrong as a factual matter that the matter would proceed to trial in the Eastern District of Louisiana. Regardless, counsel's desire not to litigate in another forum is not a sufficient basis to avoid transfer. The principle of *forum non conveniens* does not apply in the MDL context.

## RESPONSE TO SPECIFIC AVERMENTS

Pursuant to Rule 7.1(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L."), Merck hereby respectfully submits the following responses to the averments contained in the motions to vacate the order transferring the Missouri actions, *Brown (N.D. Ill.)* and *King (M.D. Ala.)* to MDL-1657.[2]

A. *Missouri Actions*

1. Merck denies the allegations set forth in paragraph 1, except admits that the actions were originally filed in Missouri state courts.

2. Merck denies the allegations set forth in paragraph 2, except admits that the actions were removed to federal district court.

3. Merck admits the allegation set forth in paragraph 3 that remand motions are pending in the Missouri actions which have not yet been ruled on by the transferor court.

4. Merck denies the allegations set forth in paragraph 4.

5. Merck denies the allegations set forth in paragraph 5.

6. Merck denies the allegations set forth in paragraph 6 and respectfully refers the Panel to the complaints in Hale, Harris, and Jones for their actual language and full text.

7. Merck denies the allegations set forth in paragraph 7, except admits that the *Mcquay*, *Brame*, and *Karwoski* cases were remanded to their respective state courts.

8. Merck denies the allegations set forth in paragraph 8.

---

[2] Merck notes that out of the six motions to vacate filed, only three - the Missouri actions, *Brown* and *King* - comply with R.P.J.P.M.L 7.1, which states in relevant part, "averments in any motion seeking action by the Panel shall be made in numbered paragraphs." None of the other three motions contain averments to which Merck is required to respond pursuant to R.P.J.P.M.L 7.1(b).

9. Merck admits that in paragraph 9, Plaintiffs purport to incorporate by reference their consolidated brief in support of their motion to vacate the conditional transfer order, but denies that the arguments contained therein have merit.

B. *Brown (N.D. Ill.)*

1. Merck denies the allegations set forth in paragraph 1, except admits that the action was originally filed in the Circuit Court of Cook County, Illinois, on or about January 14, 2005.

2. Merck denies the allegations set forth in paragraph 2, except admits that the action was removed to federal district court on or about February 23, 2005.

3. Merck denies the allegations set forth in the first sentence of paragraph 3, except admits that Merck removed the case based on, *inter alia*, diversity jurisdiction based on fraudulent joinder. With respect to the second sentence of paragraph 3, Merck admits that Plaintiff has filed the referenced complaint, and directs the Panel to the aforementioned document for its actual language and full text.

4. Merck denies the allegations set forth in paragraph 4.

5. Merck admits the allegation set forth in paragraph 5 that a remand motion is pending in *Brown* which has not yet been ruled on by the transferor court.

6. Merck denies the allegations set forth in paragraph 6.

7. Merck denies the allegations set forth in paragraph 7.

8. Merck denies the allegations set forth in paragraph 8, except admits that the *Smith, McQuay, Brame* and *Karwoski* cases referenced by Plaintiff were remanded to their respective state courts.

9. Merck admits that in paragraph 9, Plaintiff purports to incorporate by reference Plaintiff's brief in support of her motion to vacate the conditional transfer order, but denies that the arguments contained therein have merit.

C. *King (M.D. Ala.)*

1. Merck denies the allegations set forth in paragraph 1.

2. Merck denies each and every allegation set forth in the first sentence of paragraph 2, except admits that Merck removed the case based on, *inter alia*, diversity jurisdiction based on fraudulent joinder. With respect to the second sentence of paragraph 2, Merck denies each and every allegation, except admits that Plaintiff has filed the referenced complaint, and directs the panel to the aforementioned document for its actual language and full text.

3. Merck denies the allegations set forth in paragraph 3.

4. Merck admits the allegation set forth in paragraph 4 that a remand motion is pending in *King*, and has not yet been ruled on by the transferor court.

5. Merck denies the allegations set forth in paragraph 5.

6. Merck admits the allegation in paragraph 6 that transfer pursuant to § 1407 does not merge separate cases into a single action.

7. Merck denies the allegations set forth in paragraph 7.

8. Merck denies the allegations set forth in paragraph 8.

9. Merck denies the allegations set forth in paragraph 9.

10. Merck denies the allegations set forth in paragraph 10.

11. Merck denies the allegations set forth in paragraph 11.

12. Merck denies the allegations set forth in paragraph 12.

13. Merck denies the allegations set forth in paragraph 13.

## ARGUMENT

**A.  The Cases All Share Overlapping Questions of Fact and Would Benefit From Coordinated Treatment Pursuant to The MDL Statute.**

As did plaintiffs in several of the motions to vacate CTO-1, Plaintiff in *King* argues that the conditional transfer order should be vacated because her case allegedly contains certain unique questions of fact and law. Plaintiff in *King* claims that her fraudulent misrepresentation claim is controlled solely by Alabama law and that such claims are not appropriate for multidistrict coordination because "they involve substantially different parties, different transactions, different misrepresentations, different reliances, and different damages, which all predominate over any common issues." (*King* Brief in Support of Motion to Vacate Conditional Transfer Order, at 11.)

5

As described in Merck's Response to CTO-1 Oppositions, the standard for MDL transfer – that the cases involve "one or more common questions of fact" and that "transfer will promote the just and efficient conduct of such actions" (28 U.S.C. § 1407(a)) – is met by the very nature of Plaintiff's allegations in this and the other cases before the Panel. Plaintiffs in many of the cases, including *King*, allege that Merck made misrepresentations with regard to the safety of VIOXX®. Plaintiff alleges that she suffered a stroke as a result of ingesting VIOXX®, and alleges, as do plaintiffs in the vast majority of other cases in MDL-1657, that Merck knew or should have known of the risks of VIOXX® and failed to disclose such risks to her and the public. (*See King* Complaint ¶¶ 8, 11, 12, 34, 35.) Like many of the other cases in MDL-1657, *King* focuses on the "alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers." *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).

B. **Pending Motions to Remand Arguing Lack of Federal Jurisdiction Are Not a Sufficient Basis to Vacate the Conditional Transfer Order.**

Plaintiffs in *Brown, King, Isner*, the Missouri Cases, and the Florida cases, object to transfer based on the fact that there are pending remand motions as to which the transferor courts have not yet ruled.

Plaintiff in *Brown* and in the Missouri cases argue, as did plaintiffs who moved to vacate CTO-1, that as a matter of policy, principles of judicial economy and comity favor having the transferor court decide the motions to remand. As described in Merck's Response to CTO-1 Oppositions, the Panel has rejected this argument numerous times in the past and should do so again here. There is every reason for the transferor courts to wait, as they have here, to

6

allow the transferee court to rule on remand motions that will involve common legal issues after transfer.

Moreover, all Plaintiffs improperly seek to argue the merits of their remand motions in the papers filed with the Panel. Because the Federal Rules of Civil Procedure and the R.P.J.P.M.L. are clear that "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand" (*In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)), Merck does not address the merits of these arguments herein.[3] These issues can and should be decided after the cases are transferred to Judge Fallon's court.

### C. Plaintiff and Counsel's Desire Not to Litigate in a Distant Forum Is Not a Sufficient Basis to Vacate the Conditional Transfer Order.

Plaintiff in *Washburn* does not contend that her case does not meet the standards for 28 U.S.C. § 1407 transfer, but instead argues that neither she nor her counsel have the resources to engage in cross-country litigation and that "Plaintiff and her counsel are . . . not in a position to travel substantial distances." (*Washburn* Brief in Support of Motion to Vacate Conditional Transfer Order, at 5.) This is not a valid basis to vacate a conditional transfer order. *See In re Indus. Wine Contracts Sec. Litig.*, 286 F. Supp. 909, 911-12 (J.P.M.L. 1975) ("Plaintiffs' concern about the possibility of Section 1407 proceedings causing additional expense because of counsel's travel to the transferee district is unwarranted. Since Missouri plaintiffs appear to share virtually identical interests . . . the judicious use of liaison counsel, lead

---

[3] Plaintiffs in the Florida cases contend that Merck is collaterally estopped from opposing remand based on the fraudulent joinder of Merck's professional representatives because the courts in several Florida actions – to which Plaintiffs were not a party – were remanded back to state court, finding that plaintiffs had asserted viable causes of action against the professional representatives. Similarly, Plaintiff in *Brown* argues that because cases in federal district courts in Illinois and elsewhere which were removed by Merck were remanded, it was improper for Merck to remove the case. Contrary to Plaintiffs' assertions, these decisions are no bar to removal, because the cases cited by the plaintiffs involve different facts and legal arguments. In any event, there are many decisions of other courts around the country which have found physicians and pharmacies, where sued as part of an effort to destroy diversity, fraudulently joined.

counsel and steering committees could eliminate the need for Missouri counsel to travel to the transferee district.") Furthermore, Plaintiff misapprehends the implication of transfer to an MDL. Plaintiff's arguments assume that trial would take place in the transferee district. To the contrary, transfer to an MDL is for pretrial purposes only, and cases which are not otherwise terminated are remanded to the transferor district for trial. *See* R.P.J.P.M.L. 7.6(b); *see also In re VIOXX Prods. Liab. Litig.*, MDL No. 1657, Pretrial Order No. 1, 2005 WL 756742, at *1 (E.D. La. Feb. 18, 2005) ("[t]his consolidation, however, does not constitute a determination that the actions should be consolidated for trial . . ."). Plaintiff's arguments concerning *forum non conveniens* analysis are inapplicable to the MDL context.

## CONCLUSION

The Panel has already determined that "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." (February 16, 2005 Transfer Order.) As all of the cases captioned above present certain overlapping questions of law and fact, transfer will promote the just and efficient conduct of these actions and the other coordinated actions. These considerations warrant transfer of the instant actions to MDL-1657 without further delay.

Dated: April 29, 2005

Respectfully submitted,

HUGHES HUBBARD & REED LLP

_____
Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000 (telephone)
(212) 422-4726 (facsimile)
Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I, Cecily C. Williams, hereby certify that on May 2, 2005, I caused to be served a true and correct copy of Defendant Merck & Co., Inc.'s Consolidated Response to Plaintiffs' Motions to Vacate Conditional Transfer Order No. 2 upon the following by United States Mail, First Class postage prepaid:

**ALL COUNSEL PER THE ATTACHED PANEL SERVICE LISTS**

_Cecily C. Williams_
Cecily C. Williams

## SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-1)
## DOCKET-1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

*Amparo Alvarez v. Merck & Co., Inc., et al.*, M.D. Florida, C.A. No. 6:05-171 (Judge Anne C. Conway)
*Gloria Hernandez v. Merck & Co., Inc., et al.*, M.D. Florida, C.A. No. 6:05-221 (Judge Gregory A. Presnell)
*Dallas Childers, et al. v. Merck & Co., Inc., et al.*, M.D. Florida, C.A. No. 6:05-222 (Judge John Antoon, II)
*Maria Diaz, et al. v. Merck & Co., Inc., et al.*, M.D. Florida, C.A. No. 6:05-239 (Judge Patricia C. Fawsett)
*Brenda Jurado v. Merck & Co., Inc., et al.*, M.D. Florida, C.A. No. 8:05-224 (Judge Susan C. Bucklew)
*Felix Carvajal, et al. v. Merck & Co., Inc., et al.*, M.D. Florida, C.A. No. 8:05-276 (Judge Susan C. Bucklew)

Russ M. Herman
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113

Norman C. Kleinberg
Hughes Hubbard & Reed LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

Barbara B. Litten
Steel Hector & Davis
777 Flagler Drive
1900 Phillips Point West
West Palm Beach, FL 33401-6198

Maria D. Tejedor
540 N. Semoran Blvd.
Orlando, FL 32807

Phillip A. Wittmann
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130-3588

## PANEL SERVICE LIST (EXCERPTED FROM CT0-2)
## DOCKET NO. 1657
## IN RE: VIOXX PRODUCTS LIABILITY LITIGATION

*Kathleen Brown, etc. v. Merck & Co., Inc., et al.*, N.D. Illinois, C.A. No. 1:05-1092

| | | |
|---|---|---|
| Russ M. Herman<br>Herman, Herman, Katz & Cotlar, L.L.P.<br>820 O'Keef Avenue<br>New Orleans, LA 70113 | cc: | Honorable Judge James B. Zagel<br>U.S. District Court<br>Northern Division of Illinois,<br>Eastern Division at Chicago<br>219 S. Dearborn Street<br>Room 2503<br>Chicago, Illinois 60604 |

Norma C. Kleinberg
Hughes Hubbard & Reed LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

Eugene Edward Murphy, Jr.
Bryan Cave, LLP
161 North Clark
#4800
Chicago, IL 60601-3206

Edward B. Ruff, III
Pretzel & Stouffer
One South Wacker Drive
Suite 2500
Chicago, IL 60606-4673

Stephen G. Strauss
Bryan Cave, L.L.P.
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750

Andrea H. Kott
Lisa Velez
McBreen, Kopko, McKay & Nora
20 North Wacker Drive
Suite 2520
Chicago, Illinois 60606

Sheri L. Tarr
Clifford Law Offices, P.C.
120 N. LaSalle Street
31st Floor
Chicago, Illinois 60602

## PANEL SERVICE LIST (EXCERPTED FROM CTO-2)
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

*Arthur Hale, et al. v. Merck & Co., Inc., et al.*, E.D. Missouri, C.A. No. 4:05-300
*Marlene Harris, et al. v. Merck & Co., Inc., et al.*, E.D. Missouri, C.A. No. 4:05-301
*Sineria Jones, et al. v. Merck & Co., Inc., et al.*, E.D. Missouri, C.A. No. 4:05-303
*Lois Wolz, et al. v. Merck & Co., Inc., et al.*, E.D. Missouri, C.A. No. 4:05-307

Kevin J. Adrian
Brown & James
1010 Market Street, 20th Floor
St Louis, MO 63101

Russ M. Herman
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113

Norman C. Kleinberg
Hughes Hubbard & Reed LLP
One Battery Park Plaza, 12th Floor
New York, NY 10004-1482

Jeffrey J. Lowe
Jeffrey J. Lowe, PC
8235 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105

Timothy F. McCurdy
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

Stephen H. Rovak
Sonnenschein & Nath, LLP
One Metropolitan Square, Suite 3000
St. Louis, MO 63102

Randy J. Soriano
Bryan Cave, L.L.P.
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750

Stephen G. Strauss
Bryan Cave, L.L.P.
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750

James E. Whaley
Brown & James
1010 Market Street, 20th Floor
St Louis, MO 63101

Phillip A. Wittmann
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130-3588

## PANEL SERVICE LIST (EXCERPTED FROM CTO-2)
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

*Linda Isner, etc. v. Merck & Co., Inc., et al.*, D. Massachusetts, C.A. No. 1:05-10328

Bradley E. Abruzzi
Foley Hoag
155 Seaport Blvd.
Seaport World Trade Center West
Boston, MA 02210-2170

Joseph L. Doherty, Jr.
Joseph L. Doherty, Jr. & Associates
225 Franklin Street
26th Floor
Boston, MA 02110

Russ M. Herman
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113

Norman C. Kleinberg
Hughes Hubbard & Reed LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

Phillip A. Wittmann
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130-3588

PANEL SERVICE LIST (EXCERPTED FROM CTO-2)
DOCKET NO. 1657
IN RE VIOXX PRODUCTS LIABILITY LITIGATION

*Yolanda King v. Merck & Co., Inc., et al.*, M.D. Alabama, C.A. No. 2:05-165

Charles Avrith
Hughes, Hubbard & Reed, LLP
350 South Grand Avenue
36th Floor
Los Angeles, CA 90071

Andy D. Birchfield, Jr.
Beasley, Allen, Crow, Methvin, Portis & Miles
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160

Russ M. Herman
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113

Norman C. Kleinberg
Hughes Hubbard & Reed LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

F. Chadwick Morriss
Rushton, Stakely, Johnston & Garrett
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270

L. Shane Seaborn
Penn & Seaborn
P.O. Box 688
Clayton, AL 36016

Phillip A. Wittmann
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130-3588

PANEL SERVICE LIST (EXCERPTED FROM CTO-1)
DOCKET NO. 1657
IN RE VIOXX PRODUCTS LIABILITY LITIGATION

*Jacquelyn Washburn, etc. v. Merck & Co., Inc.*, E.D. Kentucky, C.A. No. 5:05-47

Timothy Wayne Allen
501 Darby Creek Road
Suite 58
Lexington, KY 40509-2611

Russ M. Herman
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113

Norman C. Kleinberg
Hughes Hubbard & Reed LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

Phillip A. Wittmann
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130-3588