UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LINDA ISNER,** as Executrix of the **ESTATE OF JEFFREY ISNER**, **M.D.,**     Plaintiff, | ) ) ) ) |
| v. | ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 05-10328-DPW |
| **MERCK & CO., INC.** and **KIMBERLY HENDRICKS**,     Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY
AND REQUEST FOR ORAL ARGUMENT**

**I.   Introduction**

Now comes the Plaintiff, Linda Isner, as Executrix of the Estate of Jeffrey Isner, M.D., (hereinafter, "Isner"), and hereby Opposes the Motion to Stay, filed by the Defendant, Merck & Co., Inc., (hereinafter, "Merck"), on October 6, 2005.[1]  As grounds for this Opposition, the Plaintiff states that staying this action would unfairly prevent this Court from considering the timeliness and validity of the second Notice of Removal by the Defendant, Merck, (which the Plaintiff maintains is both untimely and invalid), would prevent this Court from hearing and deciding the Plaintiff's Motion to Remand, which counsel for the Plaintiff is preparing and will file on or before October 30, 2005, (within the thirty-day period set forth in 28 USC § 1447{c}), and would prevent this Court from

---

[1] Counsel for Merck, Attorney James Dillon, has assented to Plaintiff's request to file this Opposition on October 21, 2005, as it is unclear as to when the 14 day period would expire, in view of the fact that the Defendant's Memorandum in Support of the Motion was not filed/docketed until October 10, 2005.

1

hearing and deciding the Plaintiff's Motion to Amend, to add two additional non-diverse Merck employees as Defendants, which counsel for the Plaintiff is preparing and intends to file at the conclusion of the ten day waiting period after service of the Motion upon those two additional defendants, (as required by Local Rule 15.1 {b}).

The issues that will be raised by the Plaintiff's Motion to Remand, (as discussed below), as well the issues of the timeliness and validity of this second Notice of Removal generally, relate to case specific factual and procedural matters. These issues can properly be addressed and decided expeditiously by this Court. They do not involve broader questions of law and/or fact common to any other cases within the Vioxx MDL pending before the transferee Court in the Eastern District of Louisiana. *In re VIOXX Products Liability Litig.*, MDL-1657.[2] Consequently, these issues can and should be resolved by this Court in the interests of fairness and judicial economy, rather than simply staying this action to await transfer to the Vioxx MDL.

As the United States District Court for the Eastern District of Michigan, Southern Division, stated in *Johnson v. Micron Technology, Inc.,* 354 F. Supp. 2nd 736, 739 (ED Mich. 2005):

> . . . the public interest lies in the most efficient use of judicial resources, ***ensuring*** that litigation is conducted in the ***appropriate forum***, and in federal courts ***determining jurisdiction issues promptly***.

*Id.,* at 741. (Emphasis supplied). Staying this action at this time, rather than deciding the threshold jurisdictional issues concerning the timeliness and validity of the second Notice

---

[2] Examples of situations that might raise questions common to other cases within the Vioxx MDL would be assertions of federal law preemption, removal based upon claimed federal question jurisdiction or the analysis of multiple claims brought by putative class action plaintiffs. None of those issues exists in the present action.

2

of Removal, would be unduly prejudicial, unfair and unnecessarily costly to the Plaintiff. She would be required to sit by and await the MDL Panel's decision to transfer and would then be required to present her Motion to Remand, (and/or her Motion to Amend), before the Vioxx MDL transferee Court, in Louisiana, in order to obtain a resolution of these straight-forward issues directly bearing upon federal subject matter jurisdiction.

The Plaintiff's Motion to Remand will present specific factual and procedural issues unique to this case[3]. Consequently, this Court's inquiry upon the Plaintiff's Motion to Remand will be limited to questions pertaining only to this case, rather than

---

[3] Those issues include, but are not limited to:

1) The fact that the second Notice of Removal was filed well beyond the thirty-day mandatory time limitation set forth in 28 USC § 1446{b}, as Merck received service of the Summons and Complaint on January 26, 2005:

2) The fact that no right to file a second Notice of Removal has ever been triggered in this case by ". . . receipt by the defendant, through service or otherwise, of a copy of **an amended pleading, motion, order <u>or</u> other paper** from which it may first be ascertained that the case is one which is or has become removable", as required under the second paragraph of 28 USC § 1446{b};

3) The fact that the claimed new "evidence", that the non-diverse co-Defendant, apparently purchased a home in Florida, does not constitute sufficient grounds for removal and does not constitute receipt by Merck of an "*other paper*" sufficient to trigger a new right of removal, under the provisions of the second paragraph of 28 USC § 1446{b};

4) The fact that the alleged diverse citizenship of Kimberly Hendricks, a former Merck employee, was never raised by Merck as a ground for its initial Notice of Removal, despite the fact that Merck presumably could have obtained, prior to filing its initial Notice of Removal, the same information it is now attempting to rely upon; and

5) The fact that the second Notice of Removal conspicuously omits any direct statement or reference as to ***when*** Merck, or its counsel, first learned of information to suggest that Kimberly Hendricks may have purchased a home in Florida.

issues common to other cases within the Vioxx MDL.  It is entirely appropriate and reasonable for this Court to decide the Plaintiff's Motion to Remand prior to transfer to the Vioxx MDL.  Staying the action at this point would create substantial hardship, unnecessary expense and delay for the Plaintiff.  Whereas, denying the Motion to Stay, and deciding the Motion to Remand. (and potentially deciding the Motion to Amend), would not create any hardship or prejudice to the Defendant, Merck.

Consequently, the Plaintiff respectfully submits that this Court, in accordance with the proper exercise of its discretion, should deny the Defendant's Motion to Stay, in order to hear and decide the Plaintiff's Motion to Remand and, (if necessary to resolve all threshold jurisdictional questions at this juncture), to hear and decide the Plaintiff's Motion to Amend, to add two additional non-diverse Merck employees as Defendants. As the United States District Court for the Eastern District of Michigan, Southern Division, stated in *Uppal v. Electronic Data Systems*, 316 F. Supp. 2d 531 (E.D. Mich. 2004), the "policy behind statutes conferring removal jurisdiction" establishes that they "are to be ***construed strictly*** because removal jurisdiction encroaches on a state court's jurisdiction, and ***doubts about removal should be resolved in favor of remand to the state courts***." *Id.,* at 536.

## II.     Procedural History

The Plaintiff filed the Complaint in this matter on October 29, 2004, in Middlesex County Superior Court, in Massachusetts, and served the Complaint upon Merck on January 26, 2005.  On January 27, 2005, the Middlesex County Superior Court allowed a Motion to Extend the time for service, as to both defendants, until April 27, 2005.  The

4

Defendant, Merck, removed this action to the United States District Court for the District of Massachusetts on February 18, 2005.  The sole ground raised by Merck in support of removal was its unsupported contention that the non-diverse, co-Defendant, Kimberly Hendricks, had been fraudulently joined as a defendant.  In its initial Notice of Removal, Merck did not raise any suggestion that Kimberly Hendricks was not a resident of Massachusetts.  It did not present any information or contentions whatsoever as to the citizenship of Ms. Hendricks, nor did it ever claim, as a basis for removal, that there was complete diversity between Ms. Hendricks and the Plaintiff.

On March 21, 2005, the Plaintiff filed a timely Motion to Remand this action to state court, based upon lack of jurisdiction, due to incomplete diversity.  During the pendency of this action in this Court prior to remand, (from February 18, 2005 through May 23, 2005), the Plaintiff moved to compel Merck to provide answers to the Plaintiff's interrogatories, (which had been served upon Merck on January 28, 2005, at the time of service of the Complaint).  Those interrogatories requested the current or last know address of Kimberly Hendricks, needed by the Plaintiff to effect service upon Ms. Hendricks.  This Court allowed the Motion to Compel and also extended the time for service upon Ms. Hendricks until May 27, 2005.[4]  Merck thereafter provided two addresses for Ms. Hendricks in Massachusetts, the most current of which was 8 Winter Place, Melrose, Massachusetts, 02176.  On May 23, 2005, this Court allowed the Plaintiff's Motion and entered an Order for Remand, returning the case to the Middlesex Superior Court in Massachusetts.

---

[4] Service upon Ms. Hendricks had been needlessly complicated by the fact that Merck had previously refused to provide the requested information voluntarily and did not disclose, until April 4, 2005, that it was aware Ms. Hendricks had apparently married and had changed her last name to "Needoba".

Based upon the information provided by Merck, the Plaintiff obtained service upon Ms. Hendricks at the Melrose address, through the Middlesex County Sheriff's Office. Although the representative of the Sheriff's Office did not obtain "in-hand" service upon Ms. Hendricks, he or she left the Summons and Complaint at the Melrose address and certified service upon a "last and usual" basis. Thereafter, the Plaintiff filed the Return of Service with the Middlesex Superior Court. On May 27, 2005, the Court accepted the Return of Service upon Ms. Hendricks as being sufficient, and docketed it with the designation "l&u" (last and usual). (See Middlesex Superior Court Docket Sheet, attached hereto as Exhibit "A".

On September 30, 2005, Merck filed a second Notice of Removal, based upon alleged "evidence" that Merck had obtained indicating that Ms. Hendricks and her husband had purchased a home in Florida in April, 2004. The second Notice of Removal does not state when Merck or its counsel actually obtained this supposed new "evidence" or why it could not have been obtained prior to filing their initial Notice of Removal on February 28, 2005.

### III. Argument

#### A. There Are Significant And Compelling Legal Precedents Supporting The Fact That District Courts Should Not Stay Actions Pending MDL Transfer, But Rather Should Decide Jurisdictional Questions Presented By Motions To Remand Prior To MDL Transfer

In a recent decision by the United States District Court for the Eastern District of Michigan, Southern Division, the Court recognized the well established principle that the entry of a Conditional Transfer Order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way

6

limit the pretrial jurisdiction of that court". *Johnson v. Micron Technology, Inc.,* 354 F. Supp. 2nd 736, 739 (ED Mich. 2005). Based upon a detailed review of decisions from other jurisdictions addressing the issue of whether, and under what circumstances, matters such as the present action should be stayed, the Court in *Johnson* emphasized that:

> The statute and rules have been interpreted as *discouraging* district courts from staying pending motions in some instances:
>
>> [The court should not] automatically postpone rulings on pending motions, or generally suspend further proceedings. When notified of the filing of a motion for transfer, therefore, matters such as motions to dismiss or to *remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer.* The Panel has sometimes delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions.
>
> Manual for Complex Litigation, § 20.132, at 220-221 (4th Ed.) (emphasis added).

*Id.,* at 739. (Emphasis supplied).

Because the Court in *Johnson* determined that the "issue presented in the remand motion is *unique* to this particular instance and *does not pose a potential for inconsistent rulings*", it denied the Defendant's Motion to Stay, pending transfer to the MDL, and allowed the Plaintiff's Motion to Remand. *Id.,* at 740. (Emphasis supplied).

Similarly, in *State of Sao Paolo v. American Tobacco Company, Inc.,* 2000 U.S. Dist. LEXIS 9617 (E.D. Louisiana, May 26, 2000), (unpublished), the Court noted that there is:

> . . . a *preference* that transferor courts *consider, not stay, pending motions to remand,* to avoid the judicial inefficiency and delay incurred when cases which will ultimately be remanded to state court are centralized for a period before the transferee judge. Such reasoning is consistent with the

>jurisprudence which requires district courts to consider jurisdiction as a threshold issue. See *Copling v. The Container Store, Inc.*, 174 F.3d 590, 595 (5th Cir. 1999).

*Id.,* at pages 5-6. (Emphasis supplied).

In the present action, the Plaintiff submits that there is a reasonable likelihood that she will prevail upon her Motion to Remand. It can be decided by this Court without any ramifications to other cases pending in the MDL, *In re VIOXX Products Liability Litig.*, MDL-1657, in the Eastern District of Louisiana.

In *Hanan v. Ford Motor Company*, 2003 U.S. Dist. LEXIS (N.D. Cal. August 4, 2003) (unpublished), the court noted, succinctly, that, "It is best to resolve ***promptly*** the question of federal subject-matter jurisdiction so that this case may proceed in the appropriate forum without delay". *Id*., at page 12. Moreover, in *Nicholas v. Prudential,* 1997 U.S. Dist. LEXIS (S.D. Ala. April 28, 1997), (unpublished), the court ruled that transfer to an MDL proceeding "unnecessarily burdens the plaintiffs' right to proceed in the forum of their choosing".[5] The Court went on to note that:

>the plaintiffs would nevertheless be forced to pursue their claim in a forum not of their choosing one thousand miles from home. In light of the clearly improper removal of this case, such circumstances are simply intolerable. See Cole, No. CV-96-7171-MRP ("As a matter of simple fairness, [plaintiff] should not be required to go to New Jersey to object to this Court's exercise of jurisdiction over his lawsuit.").

*Id*. At page 15.

In *Anthem v. Bristol Meyers*, 2003 U.S. Dist. LEXIS 15762 (D. New Jersey, March 17, 2003), (unpublished), the Court recognized that:

---

[5] See also, *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, et al.,* 54 F. Supp. 2d 1042, 1047-48 (D.Kan. 1999) ("for purposes of judicial economy, the jurisdictional issue should be resolved immediately")

8

> In exercising its discretion, however, the Court finds that the ***better option*** is to ***decline*** to stay proceedings and to consider the jurisdictional issue now. The issue is fully briefed by the parties and is ripe for determination. All relevant facts that could be presented to the MDL court are before this Court. Deciding the jurisdictional question now ***promotes judicial economy***: if jurisdiction does not exist, then the case need not be transferred to the MDL court at all, and if it does exist then both the parties and the MDL court will be faced with one less contested issue if and when the case eventually is transferred.

The numerous examples of courts granting stays pending MDL transfer, as cited by Merck in its Memorandum in Support of the Motion to Stay, are not controlling upon this Court's determination as to whether it should hear the Plaintiff's pending Motion to Remand. Each case obviously involves the independent exercise of the court's discretion, based upon the circumstances presented in that case. The fact that some courts have deemed it appropriate to stay the proceedings based upon the unique facts presented in each of those actions is not surprising. However, as to the resolution of straight forward jurisdictional questions that do not involve issues requiring resolution by the MDL Court, the District Courts are clearly encouraged to address and decide such questions prior to transfer.

**B. There Are Substantial Valid Grounds Upon Which This Court Should Allow The Plaintiff's Motion To Remand And Return This Action To State Court**

Clearly, Merck's second Notice of Removal was filed well beyond the thirty-day mandatory time limitation set forth in 28 USC § 1446{b}. Merck received service of the Summons and Complaint on January 26, 2005, and filed its initial Notice of Removal on February 18, 2005. The sole ground asserted in the initial Notice of Removal was Merck's unsupported contention that Kimberly Hendricks was fraudulently joined as a defendant. At no time did Merck ever raise the contention that Kimberly Hendricks was

9

not a resident of Massachusetts, (either in its initial Notice of Removal, its Opposition to the Plaintiff's initial Motion to Remand or in any subsequent sur-reply memoranda submitted by Merck). This Court rejected Merck's assertion of fraudulent joinder, allowed the Plaintiff's Motion to Remand and Ordered that the case be returned to Middlesex Superior Court on May 23, 2005.

Merck has now removed this action for a second time upon an alleged ground that is substantively different from its previously asserted contention of fraudulent joinder, suggesting for the first time that there is complete diversity between the Plaintiff and Kimberly Hendricks, and claiming that Ms. Hendricks was not a resident of Massachusetts at the time this action was filed. Obviously, Merck could have investigated the issue of Ms. Hendricks' citizenship and could have raised this supposed "new" ground for removal in its initial Notice of Removal, particularly in view of the fact that Ms. Hendricks was a former employee of Merck and the fact that the Plaintiff had submitted interrogatories to Merck specifically requesting Ms. Hendricks' address, (served contemporaneously with the Complaint upon Merck on January 26, 2005).

However, the limited information recently provided by Merck in support of its second Notice of Removal would not have been sufficient to meet Merck's burden,[6] even

---

[6] As the United States District Court for the Eastern District of North Carolina emphasized in *Korzinski v. Jackson*, 326 F. Supp. 2d 704 (E.D. NC 2004):

> The party seeking removal has the **burden** of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises **significant federalism concerns**, the court must **strictly construe removal jurisdiction**, and **resolve all doubts in favor of remand.** Upon timely motion by plaintiff, remand may be ordered on the basis of **"any defect"** in the removal procedure. *28 U.S.C. § 1447(c)*; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69, 136 L. Ed. 2d 437, 117 S. Ct. 467 (1996).

*Id.*, at 706. (Emphasis supplied).

if it had been provided to the Court prior to February 26, 2005, within the initial thirty-day period after receipt of service by Merck. The three documents now relied upon by Merck, allegedly obtained through an internet search, merely suggest that Ms. Hendricks and her husband purchased a home in Florida in April, 2004. The documents do not establish whether or when Ms. Hendricks actually changed her official residency from Massachusetts to Florida, nor is their any attempt within the present Notice of Removal to explain why this information was not obtained, (or to suggest in any way that it could not have been obtained), within the initial thirty-day period. Consequently, Merck has not offered any justification for its failure to provide this information at the time of its initial Notice of Removal, or to explain its failure to raise diversity of citizenship, (as opposed to fraudulent joinder), as a ground for removal at that time. Most importantly, the second Notice of Removal, and the related submissions by Merck, conspicuously omit any specific reference as to ***when*** Merck and/or its counsel first learned, (or could have learned), that Ms. Hendricks and her husband had purchased a home in Florida.

A Defendant's ability to file a valid and timely second Notice or Removal is strictly limited by the provisions of the second paragraph of 28 USC § 1446{b}.[7] The

---

[7] As recognized by the United States District Court for the District of Colorado:

> The starting point for analysis is that removal statutes are to be "***strictly construed to limit the federal court's authority*** to that expressly provided by Congress and ***to protect the states' judicial powers***." *Scheall*, 930 F. Supp. at 1449 (internal quotation omitted); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 85 L. Ed. 1214, 61 S. Ct. 868 (1941) (removal statutes strictly construed). There is a ***presumption against removal***, *see Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995),* and ***all doubts are resolved in favor of remand***. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

*Cellport v. Peiker*, 335 F. Supp. 1131, 1133 (D. Col. 2004). (Emphasis supplied).

11

right to file a second Notice of Removal can only be triggered by ". . . receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it *may first be ascertained* that the case is one which is or has become removable".  28 USC § 1446{b}.[8]  (Emphasis supplied).

Performing an internet search does not constitute receipt of an "other paper".  The fact that at some unspecified time between February 18, 2005, and September 30, 2005, Merck may have obtained information, through an internet search or from any other source, suggesting that Ms. Hendricks and her husband purchased a house in Florida, simply cannot constitute receipt of an "other paper" by Merck, sufficient to trigger a renewed right of removal.  A right of removal under 28 USC § 1446{b}, beyond the thirty-day statutory period, cannot be created fortuitously every time a defendant performs an internet search or otherwise obtains information that he or she could have obtained within the mandatory thirty-day time period for filing a Notice of Removal.

Case law addressing the second paragraph of 28 USC § 1446{b}, has consistently held that an action that is otherwise non-removable upon the pleadings:

> "cannot be *converted* into a removable one *by evidence of the defendant* . . . but that such conversion can only be accomplished by the *voluntary amendment of his pleadings by the plaintiff*."

---

[8] The second paragraph of 28 USC § 1446{b} states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed *within thirty days after receipt* by the defendant, *through service or otherwise, of a copy of an amended pleading, motion, order or other paper* from which it *may first be ascertained* that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

(Emphasis supplied)

*Self v. General Motors Corporation*, 588 F.2d 655, 659 (9th Cir,1978). (Emphasis supplied).

In *California v. Keating*, 986 F. 2d 346 (9th Cir, 1993), the Ninth Circuit again emphasized:

> Here, this case was transformed into an action "arising under" federal law not by the voluntary action of the plaintiff, but instead by action of a defendant. ***Since a voluntary act by the plaintiff has not rendered the case removable, it must remain in state court.*** Thus, the district court improperly exercised removal jurisdiction over the case."

*Id.,* at 348. (Emphasis supplied). *California v. Keating* dealt with federal question jurisdiction rather than diversity jurisdiction. However, the Court went on to note, "(a)lthough the rule typically arises in diversity cases, we see no reason to *limit* its application to the diversity context". *Id.,* at 348

Furthermore, a second Notice of Removal is governed by the same principles controlling consideration of attempts by a defendant to amend a pending Notice of Removal. *Senter v. Sears*, 712 F. Supp. 179 (S. D. Fla. 1989). A defendant may clarify grounds for removal properly raised within the initial thirty-day period, but may not introduce new substantive grounds after the expiration of that time period. As the Court in *Senter* explained:

> When a defendant moves a federal district court to grant a removal petition, the court must make an initial inquiry whether it has subject matter jurisdiction over the cause. . . . In granting the petition for removal, ***the federal court must make this important initial decision with <u>certainty</u>*** so as not to unduly interfere with the jurisdiction of the state courts which would be the case if defendants could file more than one petition for removal. . . . ***This interest in comity in addition to the narrowness of this court's removal jurisdiction, weighs heavily against the defendant***.

*Id.*, at 180. (Emphasis supplied). (Internal citations omitted).

13

As the United States Supreme Court stated in *Shamrock v. Sheets*, 313 U.S. 100 (1941):

> Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the ***strict construction*** of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they ***scrupulously confine their own jurisdiction to the precise limits which the statute has defined***."

The language of the second paragraph of 28 USC § 1446{b} provides the only vehicle by which a defendant *may* be permitted, under limited circumstances, to file a second Notice of Removal after the initial thirty-day time period has expired. That language must be confined to the "precise limits" of the statute, consistent with the establish policy "to protect the states' judicial powers", with due recognition that there is a "presumption against removal" and that "all doubt" must be "resolved in favor of remand". *Cellport v. Peiker*, 335 F. Supp. 1131, 1133 (D. Col. 2004).

.    No case law construing the language of the second paragraph of 28 USC § 1446{b} has ever established that after-acquired information, obtained and provided unilaterally by the Defendant seeking removal, could ever constitute an "other paper", or otherwise qualify as being sufficient to trigger a new right of removal under 28 USC § 1446{b}. Merck's second Notice of Removal is both invalid and un-timely, and this matter should be remanded to the Middlesex Superior Court in Massachusetts as a matter of law.

**IV.     Conclusion**

For the reasons stated above, the Plaintiff respectfully submits that there is a reasonable likelihood that she will prevail upon her Motion to Remand. It can be decided by this Court without any ramifications to other cases pending in the Vioxx MDL. Consequently, the Plaintiff requests that this Court:

a) Deny the Defendant's Motion to Stay and remand this action to the Middlesex Superior Court, on its own accord, based upon the un-timeliness and the procedural and substantive invalidity of the second Notice of Removal; or

b) Deny the Motion to Stay, permit the Plaintiff to submit her Motion to Remand, on or before October 29, 2005, within the thirty-day period set forth in 28 USC § 1447{c}, (and to submit her Motion to Amend) and hear and decide the Plaintiff's Motions prior to transfer to the Vioxx MDL.

**REQUEST FOR ORAL ARGUMENT**

The Plaintiff, Linda Isner, hereby requests a hearing upon the Motion to Stay and the issues raised in her Opposition.

Respectfully submitted,
LINDA ISNER, Executrix of the ESTATE OF JEFFREY ISNER, M.D.
By her attorney,

**/s/ Joseph L. Doherty, Jr.**
Joseph L. Doherty, Jr. (BBO# 127280)
JOSEPH L. DOHERTY, JR. & ASSOCIATES
225 Franklin Street
Boston, Massachusetts  02210
(617) 217-2837

Exhibit "A"

# Commonwealth of Massachusetts
# MIDDLESEX SUPERIOR COURT
# Case Summary
# Civil Docket

## Isner, Executrix Of The Estate Of Jeffrey Isner, M.D. v Merck &

Details for Docket: MICV2004-04304

## Full Docket Entries

21 Docket Entries for Docket: MICV2004-04304

| Entry Date: | Paper No: | Docket Entry: |
| --- | --- | --- |
| 10/29/2004 | 1 | Complaint & civil action cover sheet filed |
| 10/29/2004 |   | Origin 1, Type B08, Track A. |
| 01/26/2005 | 2 | Plff's Ex-Parte MOTION to extend time for service of process upon the |
| 01/26/2005 | 2 | defts by 90 days until 4/27/05 |
| 01/31/2005 |   | Motion (P#2) ALLOWED (Gaziano, J.) notices mailed February 9, 2005 |
| 02/18/2005 | 3 | Case REMOVED this date to US District Court of Massachusetts by deft |
| 02/18/2005 | 3 | Merck & Co, Inc |
| 02/18/2005 |   | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |
| 05/25/2005 |   | Case reactivated as remanded from US District Court (# 1:05 cv 10328 |
| 05/25/2005 |   | DPW) |
| 05/25/2005 | 4 | ANSWER & Jury Claim: Merck & Co, Inc (Defendant), filed in USDC on |
| 05/25/2005 | 4 | 02/25/05 |
| 05/25/2005 | 5 | Motion of plaintiff to remand action to Middlesex Superior Court; |
| 05/25/2005 | 5 | with supporting memo and deft Merck's opposition to motion, filed in |
| 05/25/2005 | 5 | USDC on 03/21/05 and Allowed on 05/22/05 (Woodlock, J.) |
| 05/25/2005 | 6 | Affidavit of Kimberly Bahry (Merck), filed in USDC on 04/04/05 |
| 05/25/2005 | 6 | ORDER OF REMAND to Middlesex Superior Court; which see (Woodlock, |
| 05/25/2005 | 6 | J.) dated 05/23/05 in USDC |
| 05/25/2005 | 6 | Certified copy of docket entries from US District Court of Mass |
| 05/27/2005 | 7 | SERVICE RETURNED: Kimberly Hendrick (Defendant) 5/23/05 I&u 8 Winter |
| 05/27/2005 | 7 | Place, Melrose, MA 02176 |